1  JANETTE WIPPER (#275264)
    Chief Counsel
2  MELANIE L. PROCTOR (#228971)
    Assistant Chief Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
    AND HOUSING
4  2218 Kausen Drive #100
   Elk Grove, CA 95758
5  Telephone:  (916) 478-7251
   Facsimile:   (888) 382-5293
6
   Attorneys for Plaintiff
7  Department of Fair Employment and Housing
8
9                    **UNITED STATES DISTRICT COURT**
10
11                   **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California, | **Case No. 2:21-at-817** |
| Plaintiff, | **CIVIL RIGHTS COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES, AND INJUNCTIVE RELIEF** |
| vs. | |
| GRIMMWAY ENTERPRISES, INC., d.b.a. GRIMMWAY FARMS, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Department of Fair Employment and Housing ("DFEH"), brings this civil rights enforcement action in its own capacity, against Grimmway Enterprises, Inc. (d.b.a. Grimmway Farms), to redress employment discrimination.

## **INTRODUCTION**

1.      Under federal and California law, all persons are guaranteed a workplace and a professional environment free from discrimination.

2.      Grimmway Enterprises, Inc., doing business as Grimmway Farms ("Grimmway"), is purportedly the largest carrot farmer in the world. Grimmway is one of the largest agricultural employers in Kern County, California, directly employing a workforce of over 2,000 people in addition to a multitude of farm labor contractor employees.

3.      DFEH commenced the investigation giving rise to this complaint in 2017. That year, an aggrieved employee filed a complaint with DFEH against Grimmway Farms, in which he alleged that although Grimmway Farms had accommodated his on-the-job injury for nearly twenty years, he had recently been informed there was no more work available for him. Grimmway swept the employee into a layoff, notwithstanding his continued desire to work.

4.      In 2017, another aggrieved employee requested accommodations following a work injury. He was initially placed in a position sorting carrots. After two months, he was released from work, placed on leave, and eventually terminated.

5.      Grimmway's deficient employment practices are not confined to disability discrimination: In 2017, a farm labor contractor filed a complaint with DFEH against Grimmway Farms, alleging she was terminated after complaining about sexual harassment by a Grimmway supervisor. DFEH's investigation demonstrated that Grimmway delegated its investigative responsibilities to the farm labor contractor, rather than investigating the complaint on its own.

## JURISDICTION

6.      The Court has jurisdiction over this action under 28 U.S.C. § 1331, because DFEH raises claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. As set forth below, the DFEH alleges that Grimmway violated and continues to violate these federal laws, as well as the California Fair Employment and Housing Act ("FEHA"), California Government Code section 12900, *et seq*. The Court has pendant jurisdiction over DFEH's state law claims. (*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).)

## VENUE

7.      Venue is proper under 28 U.S.C. § 1391(b)(1) because Grimmway resides in this judicial district.

## PARTIES

8.      Plaintiff DFEH is the state civil rights department charged with prosecutorial authority to investigate, mediate, and litigate civil rights enforcement actions. Cal. Gov. Code, § 12930 *et seq*. The Department enforces the Fair Employment and Housing Act ("FEHA"), Government Code section 12900 *et seq*. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and may

1  file civil complaints on behalf of itself and persons aggrieved by disability discrimination, among other

2  claims, in state and federal courts.

3       9.    Defendant Grimmway Enterprises, Inc. ("Grimmway") is an "employer" subject to the

4  FEHA, Government Code section 12940 and the ADA, 42 U.S.C. § 12101, *et seq*. Grimmway operates

5  in California, Colorado, Florida, Georgia, Oregon, and Washington states. Grimmway's subsidiaries

6  include Grimmway Farms, Bunny-Luv, Bunny-Luv Organic, Cal-Organic Farms, King Pak Potato Co.,

7  and True Organic Juices. Grimmway is purportedly the largest grower, producer, and shipper of carrots

8  in the world. At all times relevant to this action, Grimmway was headquartered in Bakersfield,

9  California.

10       10.    DFEH charges Grimmway with disability discrimination, failure to engage in the

11  interactive process, failure to accommodate employees with disabilities, and retaliation, all in violation

12  of the ADA, 42 U.S.C. § 12101 *et seq.* and the FEHA, California Government Code § 12940. DFEH

13  further charges Grimmway with sex discrimination under the FEHA, California Government Code §

14  12940. Finally, DFEH charges Grimmway with failure to prevent discrimination, harassment, and

15  retaliation, in violation of California Government Code § 12940, subdivision (k).

16       11.    DFEH files this action pursuant to its authority under California Government Code §

17  12930(h), which authorizes DFEH to bring claims pursuant to the ADA, 42 U.S.C. § 12101 *et seq*.

18  **PROCEDURAL HISTORY**

19       12.    DFEH received multiple complaints against Grimmway, including the following:

20       a.   Employee R.R. filed an administrative complaint (No. 826405-289134) with DFEH on

21       or about July 17, 2017. DFEH properly served the complaint on Grimmway.

22       b.   Employee M.R. filed an administrative complaint (No. 948398-308272) with DFEH on

23       or about November 17, 2017. DFEH properly served the complaint on Grimmway.

24       c.   Employee E.N. filed an administrative complaint (No. 201811-04158707) with DFEH

25       on or about December 14, 2018. DFEH properly served the complaint on Grimmway.

26  Under the FEHA, R.R., M.R., and E.N. are "real parties in interest" in this action. (Cal. Gov. Code §

27  12965(a).) Their names are known to Grimmway through the administrative process.

28       13.    On or about July 17, 2018, DFEH filed and served a Director's Complaint against

-3-

*Dept. Fair Empl. & Hous. v. Grimmway Enterprises, Inc.*
Civil Rights Complaint - 2:21-at-817

Grimmway. The Director's Complaint encompassed the complaints filed by Employees R.R. and M.R., and notified Grimmway that the DFEH was investigating the matters on behalf of a group or class, pursuant to Government Code sections 12940, 12960, 12961, and 12965, subdivision (a). Accordingly, Grimmway was on notice that the complaint would be investigated as a group or class complaint, and treated as a group or class complaint for purposes of conciliation, dispute resolution, and civil action.

14.     Employee E.N.'s complaint was received after the initiation of the Director's Complaint.

15.     Tolling agreements between the parties extended DFEH's deadlines to file a civil complaint on its Director's Complaint and Employee E.N.'s complaint, such that this civil rights complaint is timely filed.

16.     DFEH attempted to resolve this matter without litigation. On or about February 2, 2021, the DFEH and Grimmway participated in a private mediation that encompassed each of the administrative complaints described above. The parties have stipulated that the private mediation was in lieu of a dispute resolution session described in California Government Code section 12965.

17.     The amount of damages sought by this complaint exceeds the minimum jurisdictional limits of this Court.

## GOVERNMENT ENFORCEMENT ACTION ALLEGATIONS

18.     DFEH brings this government enforcement action for group relief on behalf of itself in the public interest and all aggrieved disabled employees (the "Group") pursuant to Government Code sections 12961 and 12965.

19.     DFEH's authority to seek relief on behalf of itself in the public interest and the Group stems from a delegation of the power by the Legislature, authorizing DFEH to initiate a complaint itself, investigate claims, and prosecute such claims under FEHA. (*See, e.g.*, Gov. Code, §§ 12920, 12920.5, 12930, 12961, and 12965.)  Section 12961 expressly authorizes the DFEH Director to file a complaint on behalf of the department seeking relief for a group of persons adversely affected, in a similar manner, by an alleged unlawful practice. "Any complaint so filed may be investigated as a group *or* class complaint, and, if in the judgment of the director circumstances warrant, *shall* be treated as such for purposes of conciliation, dispute resolution, and *civil action.*"  (Gov. Code, §§ 12961 and 12965, subd. (a), italics added.)

*Dept. Fair Empl. & Hous. v. Grimmway Enterprises, Inc.*
Civil Rights Complaint - 2:21-at-817

20.     Pursuant to such statutory authorities, DFEH's Director filed and gave notice to Grimmway that this was a group or class complaint for purposes of investigation, mediation, and civil action.  DFEH investigated and attempted to mediate the group or class complaint with Grimmway and, after a failure to eliminate the unlawful practices through mediation, the DFEH files this civil action seeking to remedy the group or class violations in this Court. (Gov. Code, §§ 12930, subd. (h), 12961, 12965, subd. (a).)

21.     DFEH brings this government enforcement action in its own name pursuant to express statutory authority from the California Legislature.  (Gov. Code, § 12900 et seq.; Cal Const., Art III, § 3.)  The Legislature authorized DFEH to proceed on a group or class basis in a civil action.  (Gov. Code, §§ 12961 and 12965, subd. (a).)

22.     DFEH's government enforcement action seeks to remedy, prevent, and deter the pattern or practice of unlawful discrimination and other violations, disparate impact of discrimination, and continuing violations that Defendants engaged in against aggrieved disabled employees.

23.     DFEH brings this representative enforcement action in its capacity as a state agency and the authority vested in DFEH by FEHA, which does not require class certification under Code of Civil Procedure sections 378 and 382.  (*People v. Pacific Land Res. Co.* 20 Cal.3d 10, 17 ["[a]n action filed by the People seeking injunctive relief and civil penalties is fundamentally a law enforcement action designed to protect the public and not to benefit private parties" and that in such cases the seeking of monetary remedies was "not the primary object of the suit, as it is in most private class actions."] (1977); *Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.*, 941 F. Supp. 2d 1159, 1168-1170 (N.D. Cal. 2013) [holding that DFEH action is not subject to class certification requirements under Rule 23 of Federal Rules of Civil Procedure as "nothing in § 12961 requires that the complaint be filed as a class action."]; *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011) ["class actions are always representative actions, but representative actions are not necessarily class actions."].)  Thus, DFEH is exempt from class action certification.

## FACTUAL ALLEGATIONS

24.     DFEH incorporates and realleges all previous allegations as if fully set forth herein.

///

-5-

**Disability Discrimination Allegations**

25.     Grimmway has engaged and continues to perpetuate discrimination against employees with disabilities, whether temporary or permanent.

26.     Generally, if an employee is injured on the job and qualifies for workers' compensation benefits, but also able to work with accommodation, Grimmway will assign the worker alternative duties. When the employee's worker compensation benefits are exhausted, Grimmway transfers the employee to what it calls "interactive process leave" – which is unpaid. The reasonable accommodations cease, and the employee is terminated after weeks of "interactive process leave."

27.     If an employee is injured off the job and requires accommodations, Grimmway does not accommodate the employee. Instead, Grimmway places the employee on leave. Although Grimmway at times starts the process with protected leave, ultimately, Grimmway places the employee on unpaid "interactive process leave." The employee is not accommodated, and again, is terminated from employment after "interactive process leave."

28.     Grimmway's records reflect little to no effort to find alternative work assignments for employees who can work with accommodation unless those employees are receiving workers' compensation benefits.

29.     For example, real party in interest E.N. suffered a work-related injury in or around 2014. From 2014 to 2017, Grimmway provided E.N. with light duty and modified assignments as a sorter. After E.N. was diagnosed with permanent restrictions, in or around November 2017, Grimmway ceased his reasonable accommodations, and informed E.N. that he could only continue working if he transferred to another location. E.N. was unable to obtain transportation to that location; as a result, he was placed on "interactive process leave," and eventually terminated.

30.     In another example, a Grimmway grader was placed on "interactive process leave" in October 2016. The "interactive process leave" continued for eight months. In July 2017, Grimmway offered the employee a "voluntary retirement," with a separation payment that was of less value than her lost wages.

31.     In a third example, a Grimmway accounts payable clerk sought reasonable accommodations in or about December 2015. Grimmway immediately placed her on "interactive

*Dept. Fair Empl. & Hous. v. Grimmway Enterprises, Inc.*
Civil Rights Complaint - 2:21-at-817

process leave." For two years, the employee actively sought alternative assignments. Grimmway failed to engage in the interactive process, and the employee separated from employment in March 2017.

32.     In yet another example, in 2000, Grimmway hired a woman to work as a sorter and bagger. After years of working for Grimmway, she suffered a repetitive stress injury in hands. In 2014, she reported the pain to her supervisor, and Grimmway referred her to the company doctor. The doctor examined her hands, prescribed medication, referred her for medical imaging, and sent her back to work. In 2017, Grimmway referred her to Dr. Irine Sanchez for further medical imaging, who scheduled her for surgery. After surgery, the employee was returned to work with permanent restrictions. In May 2017, her workers' compensation period having concluded, Grimmway placed her on "interactive process leave" and terminated her employment within several months.

33.     Through its investigation, DFEH reviewed dozens of employee files. Nearly all files reflected the same process: unless an employee was on workers' compensation, Grimmway placed the employee on "interactive process leave," and the employee eventually separated from employment.

34.     In the limited circumstances where Grimmway asked departments whether accommodations were available, the departments generally responded they could not do so, and the employee was placed on "interactive process leave."

35.     In instances where employees provided work status updates, Grimmway rejected the document as insufficient and demanded the employee visit specialists. If the employee did not comply, Grimmway terminated employment. If the employee did comply, Grimmway continued "interactive process leave."

36.     Grimmway's process of sending "interactive process leave" letters does not comply with the ADA or the FEHA. Instead, Grimmway denies employees their rights. Rather than engaging employees so they can continue to work, employees are faced with a choice: unpaid leave, or work without accommodation.

### Failure to Prevent Discrimination and Harassment

37.     In addition to its inherently discriminatory practices set forth above, Grimmway fails to protect its farm labor contractor workforce from discrimination and harassment. When Employee M.R. alleged that a Grimmway supervisor sexually harassed her, Grimmway delegated the investigation to

-7-

*Dept. Fair Empl. & Hous. v. Grimmway Enterprises, Inc.*
Civil Rights Complaint - 2:21-at-817

1  the farm labor contractor. M.R. was thereafter terminated from work.

2      38.    Grimmway made no effort to investigate its own employee. Upon information and

3  belief, DFEH alleges that it is Grimmway's regular practice to decline to investigate complaints by

4  farm labor contractors, even when the allegations are against Grimmway employees.

5
6
7

**FIRST CAUSE OF ACTION**
**Discrimination Because of Disability**
**(42 U.S.C. § 12112; Cal. Gov. Code § 12940(a))**
**(On Behalf of Group)**

8      39.    DFEH incorporates and realleges all previous allegations as if fully set forth herein.

9      40.    The ADA, 42 U.S.C. § 12112, and the FEHA, California Government Code § 12940(a),

10  prohibit private employers from discriminating against persons with disabilities and persons the

11  employer regards as having a disability.

12      41.    Grimmway refused and continues to refuse to provide real parties in interest R.R., E.N.,

13  and other aggrieved persons with disabilities equal opportunities for employment because of their

14  disabilities. Grimmway accommodates people on workers' compensation benefits, but ceases those

15  accommodations when workers' compensation benefits expire, and never provides them to employees

16  with non-industrial injuries. Grimmway's policy of placing people on leave rather than providing

17  available reasonable accommodations does not treat all employees equally.

18      42.    Grimmway's discriminatory acts constitute unlawful discrimination against its

19  employees due to their disability or perceived disability, in violation of 42 U.S.C. § 12112 and/or

20  California Government Code § 12940(a).

21      43.    As a result of Grimmway's unlawful employment practices, R.R., E.N., and other

22  aggrieved persons suffered and continue to suffer economic damages including, but not limited to, loss

23  of income in an amount to be determined at trial.

24      44.    As a result of defendants' unlawful employment practices, R.R., E.N., and other

25  aggrieved persons suffered and continue to suffer emotional distress, including but not limited to,

26  emotional pain, humiliation, embarrassment, belittlement, sadness, and mental anguish, in an amount to

27  be determined at trial.

28

-8-

*Dept. Fair Empl. & Hous. v. Grimmway Enterprises, Inc.*
Civil Rights Complaint - 2:21-at-817

45.     Grimmway engaged in, and by its refusal to comply with the law, demonstrated it will continue to engage in, the pattern or practice of unlawful employment practices and disparate impact of the same described above unless they are enjoined pursuant to the police power granted by Government Code sections 12920 and 12920.5, from failing or refusing to comply with the mandates of the ADA (42 U.S.C. § 12101 *et seq*.) and the FEHA (California Government Code section 12900 *et seq*.).

46.     Unless Grimmway is enjoined from failing or refusing to comply with the mandates of the ADA and the FEHA, real parties in interest and other persons' right to seek or hold employment free of unlawful discrimination will continue to be violated.

47.     Plaintiff DFEH lacks any plain, speedy, adequate remedy at law to prevent such harm, injury, and loss, which is the subject of this complaint and will continue until this Court enjoins the unlawful conduct and grants other affirmative relief as prayed for therein.

### SECOND CAUSE OF ACTION
### Failure to Provide Reasonable Accommodations
**(42 U.S.C. § 12112(b); Cal. Gov. Code § 12940(m))**
**(On Behalf of Group)**

48.     DFEH incorporates and realleges all previous allegations as if fully set forth herein.

49.     The ADA, 42 U.S.C. § 12112(b)(5), and the FEHA, California Government Code § 12940(m), state that it is unlawful for an employer to fail to provide reasonable accommodation to a disabled employee that would allow the employee to perform the employment position the person holds or desires.

50.     Grimmway refused and continues to refuse to provide real parties in interest R.R. and E.N. and other aggrieved employees with reasonable accommodations that would have allowed them to continue working. Instead of providing accommodations or transferring employees to other positions, Grimmway placed employees on leave for months before ultimately terminating their employment.

51.     Grimmway's failure to provide real parties in interest and other aggrieved persons with a reasonable accommodation constitutes a violation of the ADA (42 U.S.C. § 12112) and the FEHA (California Government Code § 12940(m).).

52.     As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer economic damages including, but not limited to, loss of paid leave and loss of income in an amount to be determined at trial.

53.     As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer emotional distress, including but not limited to, emotional pain, humiliation, embarrassment, belittlement, sadness, and mental anguish, in an amount to be determined at trial.

54.     Grimmway engaged in, and by its refusal to comply with the law, demonstrated it will continue to engage in, the pattern or practice of unlawful employment practices and disparate impact of the same described above unless they are enjoined pursuant to the police power granted by Government Code sections 12920 and 12920.5, from failing or refusing to comply with the mandates of the ADA (42 U.S.C. § 12101 *et seq*.) and the FEHA (California Government Code section 12900 *et seq*.).

55.     Unless Grimmway is enjoined from failing or refusing to comply with the mandates of the ADA and the FEHA, real parties in interest and other persons' right to seek or hold employment free of unlawful discrimination will continue to be violated.

56.     Plaintiff DFEH lacks any plain, speedy, adequate remedy at law to prevent such harm, injury, and loss, which is the subject of this complaint and will continue until this Court enjoins the unlawful conduct and grants other affirmative relief as prayed for therein.

## THIRD CAUSE OF ACTION
### Failure to Engage in the Good Faith Interactive Process
**(42 U.S.C. § 12112(b); Cal. Gov. Code § 12940(n))**
**(On Behalf of Group)**

57.     DFEH incorporates and realleges all previous allegations as if fully set forth herein.

58.     The ADA, 42 U.S.C. § 12112(b), and the FEHA, Government Code § 12940(n), require an employer to engage in good faith interactive process to identify reasonable accommodations for an employee's disability.

59.     Grimmway refused and continues to refuse to engage real parties in interest R.R. and E.N. and other aggrieved persons in a timely, good faith interactive process. Instead, Grimmway places

-10-

*Dept. Fair Empl. & Hous. v. Grimmway Enterprises, Inc.*
Civil Rights Complaint - 2:21-at-817

1  employees on leave, most frequently unpaid "interactive process leave," and ultimately terminates

2  employment.

3       60.    Grimmway's failure to engage real parties in interest and other aggrieved persons in a

4  timely, good faith interactive process constitutes a violation of 42 U.S.C. § 12112 and Government

5  Code § 12940(n).

6       61.    As a result of Grimmway's unlawful employment practices, real parties in interest and

7  other aggrieved persons suffered and continue to suffer economic damages including, but not limited

8  to, loss of paid leave and loss of income in an amount to be determined at trial.

9       62.    As a result of Grimmway's unlawful employment practices, real parties in interest and

10  other aggrieved persons suffered and continue to suffer emotional distress, including but not limited to,

11  emotional pain, humiliation, embarrassment, belittlement, sadness, and mental anguish, in an amount to

12  be determined at trial.

13       63.    Grimmway engages in, and by its refusal to comply with the law, demonstrated it will

14  continue to engage in, the pattern or practice of unlawful employment practices and disparate impact

15  of the same described above unless they are enjoined pursuant to the police power granted by

16  Government Code sections 12920 and 12920.5, from failing or refusing to comply with of the ADA

17  (42 U.S.C. § 12101 *et seq*.) and the FEHA (California Government Code section 12900 *et seq*.).

18       64.    Unless Grimmway is enjoined from failing or refusing to comply with the mandates of

19  the ADA and the FEHA, real parties in interest and other persons' right to seek or hold employment

20  free of unlawful discrimination will continue to be violated.

21       65.    Plaintiff DFEH lacks any plain, speedy, adequate remedy at law to prevent such harm,

22  injury, and loss, which is the subject of this complaint and will continue until this Court enjoins the

23  unlawful conduct and grants other affirmative relief as prayed for therein.

24  **FOURTH CAUSE OF ACTION**
             **Unlawful Retaliation**

25  **(42 U.S.C. § 12203(a); Cal. Gov. Code § 12940(h))**

26       66.    DFEH incorporates and realleges all previous allegations as if fully set forth herein.

27

28

67.     The ADA, 42 U.S.C. § 12203(a), and the FEHA, California Government Code § 12940(h), make it unlawful to retaliate against a person for asserting her rights under the ADA and/or the FEHA.

68.     After real parties in interest and other aggrieved persons requested reasonable accommodation, Grimmway retaliated against them by forcing them onto leave, sometimes lasting for months.

69.     Grimmway's conduct towards real parties in interest and other aggrieved persons constitutes a violation of the ADA (42 U.S.C. § 12203(a)) and the FEHA (Cal. Government Code § 12940(h)).

70.     As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer economic damages including, but not limited to, loss of paid leave and loss of income in an amount to be determined at trial.

71.     As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer emotional distress, including but not limited to, emotional pain, humiliation, embarrassment, belittlement, sadness, and mental anguish, in an amount to be determined at trial.

72.     Grimmway engaged in, and by its refusal to comply with the law, demonstrated it will continue to engage in, the pattern or practice of unlawful employment practices and disparate impact of the same described above unless it is enjoined pursuant to the police power granted by Government Code sections 12920 and 12920.5, from failing or refusing to comply with the mandates of the ADA (42 U.S.C. § 12101 *et seq.*) and the FEHA (California Government Code section 12900 *et seq.*).

73.     Unless Grimmway are enjoined from failing or refusing to comply with the mandates of the ADA and the FEHA, real parties in interest and other persons' right to seek or hold employment free of unlawful discrimination will continue to be violated.

74.     Plaintiff DFEH lacks any plain, speedy, adequate remedy at law to prevent such harm, injury, and loss, which is the subject of this complaint and will continue until this Court enjoins the unlawful conduct and grants other affirmative relief as prayed for therein.

### FIFTH CAUSE OF ACTION
### Unlawful Interference with Rights
### (42 U.S.C. § 12203(b))
### (On behalf of the Group)

75.     DFEH incorporates and realleges all previous allegations as if fully set forth herein.

76.     The ADA, 42 U.S.C. § 12203(b) makes it unlawful to interfere with person for asserting her rights under the ADA.

77.     After real parties in interest R.R., E.N., and other aggrieved persons requested reasonable accommodation, Grimmway interfered with their exercise of rights by forcing them onto leave, sometimes lasting for months. Alternatively, Grimmway unreasonably demanded the employees seek specialists' opinions.

78.     As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer economic damages including, but not limited to, loss of paid leave and loss of income in an amount to be determined at trial.

79.     As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer emotional distress, including but not limited to, emotional pain, humiliation, embarrassment, belittlement, sadness, and mental anguish, in an amount to be determined at trial.

80.     Grimmway engaged in, and by its refusal to comply with the law, demonstrated it will continue to engage in, the pattern or practice of unlawful employment practices and disparate impact of the same described above unless it is enjoined pursuant to the police power granted by Government Code sections 12920 and 12920.5, from failing or refusing to comply with the mandates of the ADA (42 U.S.C. § 12101 *et seq.*).

81.     Unless Grimmway is enjoined from failing or refusing to comply with the mandates of the ADA, real parties in interest and other persons' right to seek or hold employment free of unlawful discrimination will continue to be violated.

82.     Plaintiff DFEH lacks any plain, speedy, adequate remedy at law to prevent such harm, injury, and loss, which is the subject of this complaint and will continue until this Court enjoins the unlawful conduct and grants other affirmative relief as prayed for therein.

-13-

### SIXTH CAUSE OF ACTION
### CAUSE OF ACTION
**Failure to Take All Reasonable Steps to Prevent Discrimination, Harassment, and Retaliation**
(Gov. Code, § 12930, subd. (f); Gov. Code, § 12940, subd. (k))
**(On behalf of the Group)**

83. DFEH incorporates and realleges all previous allegations as if fully set forth herein.

84. California Government Code § 12940(k), provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Grimmway's conduct, as described above, constitutes a failure to take all reasonable steps necessary to prevent discrimination and harassment in violation of Government Code § 12940(k).

85. Grimmway failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

86. Grimmway's practice of failing to accommodate employees with disabilities or perceived disabilities demonstrates Grimmway's failure to take all reasonable steps necessary to prevent disability discrimination.

87. In addition, Grimmway failed to prevent discrimination and harassment by its supervisor against a farm laborer on account of her sex because Grimmway did not promptly investigate the allegations against its own supervisor. Instead, Grimmway unlawfully delegated the investigation to the farm labor contractor, in violation of California Business and Professions Code §§ 7520-7539.

88. As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer economic damages including, but not limited to, loss of paid leave and loss of income in an amount to be determined at trial.

89. As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer emotional distress, including but not limited to, emotional pain, humiliation, embarrassment, belittlement, sadness, and mental anguish, in an amount to be determined at trial.

90. Grimmway engaged in, and by its refusal to comply with the law, demonstrated it will continue to engage in, the pattern or practice of unlawful employment practices and disparate impact of the same described above unless it is enjoined pursuant to the police power granted by Government

-14-

*Dept. Fair Empl. & Hous. v. Grimmway Enterprises, Inc.*
Civil Rights Complaint - 2:21-at-817

1  Code sections 12920 and 12920.5, from failing or refusing to comply with the mandates of the ADA

2  (42 U.S.C. § 12101 *et seq.*) and the FEHA (California Government Code section 12900 *et seq.*).

3       91.    Unless Grimmway are enjoined from failing or refusing to comply with the mandates of

4  the ADA and the FEHA, real parties in interest and other persons' right to seek or hold employment

5  free of unlawful discrimination will continue to be violated.

6       92.    Plaintiff DFEH lacks any plain, speedy, adequate remedy at law to prevent such harm,

7  injury, and loss, which is the subject of this complaint and will continue until this Court enjoins the

8  unlawful conduct and grants other affirmative relief as prayed for therein.

9
10  

**SEVENTH CAUSE OF ACTION**
**Failure to Take All Reasonable Steps to Prevent Discrimination, Harassment, and Retaliation**
**(Gov. Code, § 12930, subd. (f); Gov. Code, § 12940, subd. (k))**
**(On behalf of DFEH)**

11

12       93.    DFEH incorporates and realleges all previous allegations as if fully set forth herein.

13       94.    California Government Code § 12940(k), provides that it is an unlawful employment

14  practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and

15  harassment from occurring. Grimmway's conduct, as described above, constitutes a failure to take all

16  reasonable steps necessary to prevent discrimination and harassment in violation of Government Code

17  § 12940(k).

18       95.    Grimmway failed to take all reasonable steps necessary to prevent discrimination and

19  harassment from occurring.

20       96.    Grimmway's practice of failing to accommodate employees with disabilities or

21  perceived disabilities demonstrates Grimmway's failure to take all reasonable steps necessary to

22  prevent disability discrimination.

23       97.    In addition, Grimmway failed to prevent discrimination and harassment by its supervisor

24  against a farm laborer on account of her sex because Grimmway did not promptly investigate the

25  allegations against its own supervisor. Instead, Grimmway unlawfully delegated the investigation to the

26  farm labor contractor, in violation of California Business and Professions Code §§ 7520-7539.

27

28

-15-

*Dept. Fair Empl. & Hous. v. Grimmway Enterprises, Inc.*
Civil Rights Complaint - 2:21-at-817

98.     As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer economic damages including, but not limited to, loss of paid leave and loss of income in an amount to be determined at trial.

99.     As a result of Grimmway's unlawful employment practices, real parties in interest and other aggrieved persons suffered and continue to suffer emotional distress, including but not limited to, emotional pain, humiliation, embarrassment, belittlement, sadness, and mental anguish, in an amount to be determined at trial.

100.     Grimmway engaged in, and by its refusal to comply with the law, demonstrated it will continue to engage in, the pattern or practice of unlawful employment practices and disparate impact of the same described above unless it is enjoined pursuant to the police power granted by Government Code sections 12920 and 12920.5, from failing or refusing to comply with the mandates of the ADA (42 U.S.C. § 12101 *et seq*.), and the FEHA (California Government Code section 12900 *et seq*.).

101.     Unless Grimmway are enjoined from failing or refusing to comply with the mandates of the ADA and the FEHA, real parties in interest and other persons' right to seek or hold employment free of unlawful discrimination will continue to be violated.

102.     Plaintiff DFEH lacks any plain, speedy, adequate remedy at law to prevent such harm, injury, and loss, which is the subject of this complaint and will continue until this Court enjoins the unlawful conduct and grants other affirmative relief as prayed for therein.

## **JURY TRIAL DEMANDED**

103. The Department demands trial of all issues by jury.

## **PRAYER FOR RELIEF**

### **All Causes of Action**

**WHEREFORE**, the Department prays that this Court issue judgment in favor of DFEH and order defendants to do the following:

1.     A declaratory judgment that the practices complained of in this complaint are unlawful and violate the ADA, 42 U.S.C. § 12103 et seq.; Fair Employment and Housing Act, Government Code section 12940, subdivisions (a) and/or (k);

2.     To cease and desist from harassing other employees and other persons because of sex, or

1   any other protected basis;

2          3.       To pay to current and former employees (including farm labor contractors)

3   compensatory damages for emotional distress, mental anguish, pain and suffering, and other emotional

4   injury resulting from Grimmway's unlawful conduct, according to proof, with interest at the applicable

5   legal rate;

6          4.       To pay real parties in interest and aggrieved employees punitive damages according to

7   proof;

8          5.       To adopt written policies and procedures consistent with the prohibitions against

9   discrimination and/or harassment in employment set forth in the ADA and the FEHA, and to train all

10   managers, supervisors, and rank and file employees, regarding such policies and procedures;

11          6.       Pay costs, including reasonable attorney fees, to DFEH as provided by statute; and

12          7.       For such other relief as the Court deems just and proper.

13   Dated:  August 30, 2021               DEPARTMENT OF FAIR EMPLOYMENT

14                                    AND HOUSING

15

16                    By:

17                                  MELANIE L. PROCTOR

                                       Assistant Chief Counsel

18                                  Attorneys for Department of Fair Employment

                                       and Housing

19

20

21

22

23

24

25

26

27

28