UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT, an agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC., d.b.a. GRIMMWAY FARMS,<br><br>Defendant. | No. 2:21-cv-01552 DAD AC<br><br>ORDER |

This case is before the court a motion for a protective order brought by plaintiff. ECF No. 43. The discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The motion was taken under submission on the papers. ECF No. 44. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## I.    Relevant Background

Plaintiff, the Civil Rights Department ("CRD"),[1] is the state department charged with prosecutorial authority to investigate, mediate, and litigate civil rights enforcement actions. ECF No. 1 at 1-2. Defendant Grimmway Enterprises, Inc. is a carrot farming organization employing over 2,000 people, in addition to farm labor contractor employes, in Kern County, California. Id.

---

[1] Plaintiff was referred to in prior filings as the Department of Fair Employment and Housing. ECF No. 43-3 at 2.

at 1. CRD commenced the investigation giving rise to this case in 2017, after an aggrieved employee filed a complaint with CRD alleging that although Grimmway had accommodated his on-the-job injury for nearly twenty years, he had recently been informed there was no more work available for him and was included in a layoff. Id. at 2. Plaintiff also contends Grimmway engaged in other unfair employment practices, including disability discrimination and retaliation for sexual harassment complaints. Id. Plaintiff filed the complaint in this case on August 30, 2021, alleging multiple violations of the Americans with Disabilities Act and California's Fair Employment and Housing Act, as well as other state law claims. Id. at 8-16. The current deadline for fact discovery completion is February 2, 2024. ECF No. 42.

The parties have been engaging in discovery. On October 5, 2023, Grimmway sent CRD a list of proposed deposition topics in accordance with Federal Rule of Civil Procedure 30(b)(6). ECF No. 43-3 at 3. On October 11, 2023, CRD sent Grimmway a meet and confer letter which asserted that the Rule 30(b)(6) deposition would be improper for various reasons, including because it would require the deposition of CRD attorneys on topics which the CRD contends includes information protected by the attorney-client privilege and the work product doctrine. Id. Following meet and confer efforts, Grimmway removed one of the proposed topics and, on October 13, 2023, served (1) a Notice of Rule 30(b)(6) Deposition of Plaintiff Civil Rights Department (set for November 1, 2023); (2) a Notice of Deposition of Plaintiff Civil Rights Department's Administrator II, Selena Wong, who verified CRD's responses to Grimmway's first set of Interrogatories; and (3) a Notice of Deposition of Plaintiff Civil Rights Department's District Administrator, Patrice Doehrn, who verified CRD's first amended responses to Grimmway's first set of Interrogatories. Id. at 4.

The parties engaged in further meet and confer efforts, but were unable to reach an agreement regarding whether CRD is required to produce a 30(b)(6) deponent and whether the depositions of Wong and Doehm were proper under the circumstances. Id. Grimmway offered to conduct the depositions of Ms. Wong and Ms. Doehm via Zoom rather than in person. Id. On October 30, 2023, Grimmway shared a draft of a Joint Statement and a recent Magistrate Judge decision in the Eastern District, U.S. Equal Employment Opportunity Commission v. Sunshine

Raisin Corp., No. 1:21-cv-01424-JLT-HBK, 2023 WL 5596004 (E.D. Cal. Aug. 29, 2023), and asked CRD to reconsider its position. October 31, 2023, Grimmway re-noticed the CRD's 30(b)(6) deposition, changing the 30(b)(6) topics again from the October 13, 2023 version, and setting a date of November 20, 2023 for the amended 30(b)(6) Deposition. Id. at 5. On November 15, 2023, the CRD unequivocally informed Grimmway that it would not be producing any individual(s) to testify on behalf of the CRD at the Rule 30(b)(6) deposition on November 20, 2023, given the CRD's present Motion for Protection from deposition. Id.

## II.    Motion for Protective Order

Plaintiff seeks an order of protection from defendant's noticed 30(b)(6) deposition of plaintiff, the Civil Rights Division, and two individual administrators (Doehm and Wong) who verified interrogatories on behalf of CRD. ECF No. 42-3 at 2. The parties filed the required joint statement. ECF No. 43-3.

A. <u>Standard on Motion for Protective Order</u>

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will

1  result" if the protective order is not granted.  In re Roman Catholic Archbishop of Portland, 661

2  F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122,

3  1130 (9th Cir. 2003)).  As discussed above, the scope of discovery in federal cases is governed by

4  Federal Rule of Civil Procedure 26.

    B.  Dispute as to Noticed 30(b)(6) Deposition

6      Plaintiff argues that it should not be compelled to participate in a 30(b)(6) deposition for

7  multiple reasons, each addressed individually below.

        a.  The 30(b)(6) Topics are Not Cumulative and Duplicative

9      Plaintiff argues that the proposed deposition topics are largely duplicative.  The proposed

10  topics, available at Exhibit A in the joint statement, are indeed correlated with requests for

11  production and interrogatories.  Compare Ex. E ROG Nos. 1 – 5, 7, 10, 12, 22 – 23 and Ex. D

12  RFPD Nos. 1 – 3, 24, 31, 39 – 41, 50, 57, to Exhibit A, Topics 1-16.  Each of these 30(b)(6)

13  topics duplicate the interrogatories and requests for production which seek "factual information

14  and documents" to "support or rebut" plaintiff's claims in the complaint. Grimmway's 30(b)(6)

15  topics 16 – 31 concern CRD's damages allegations and evidence that supports CRD's emotional

16  distress allegations.  Compare Ex. A at pp. 5-8, to RFPD Nos. 25 – 30 and 51 – 55.  Grimmway's

17  30(b)(6) topics 17, 18, 23, 24, 32 and 33 seek the identity of individuals who may have claims or

18  damages. Compare Ex. A at pp. 5-8 to ROG Nos. 3, 8, 9, 11, 13, 19, 20, 23 and the Initial

19  Disclosures at Ex. E.  Grimmway's 30(b)(6) Notice topic 34 seeks information related to the

20  administrative complaints that it received from the real parties in interest in this matter.  Compare

21  Ex. A at p. 8 to RFPD Nos. 4 – 6, 7 – 12, 23 – 28 at Ex. D.  Finally, deposition topic 35 seeks

22  communications or contacts between CRD and any current or former employees of Grimmway,

23  which is a repetition of the information sought in ROG No. 21 and RFPD 59, 60 – 62. Compare

24  Ex. A at p. 8 with Ex. D, E.  Grimmway argues that the proposed deposition is not cumulative or

25  duplicative because the responses provided in written discovery were limited and full of

26  objections, and that to prepare for trial Grimmway must be able to explore the questions in more

27  detail via a 30(b)(6) deposition.  This, also, appears true, per the Amended Responses at Exhibit

28  H to the joint statement.

The court agrees with defendant that the 30(b)(6) deposition is not duplicative such that it is unduly burdensome or wasteful. The mere fact that the interrogatories and requests for production seek similar information to the questions posed in the 30(b)(6) deposition is not enough to warrant a protective order preventing the deposition at the outset. Though "various courts have ruled differently on whether a Rule 30(b)(6) deposition notice with language similar to that in [interrogatories and requests for production] should be allowed to proceed," the undersigned agrees with defendant that in this case, the questions and responses are not so fully duplicative that a 30(b)(6) deposition would be entirely redundant. U.S. E.E.O.C. v. Sunshine Raisin Corporation, 1:21-cv-1424-FLT-HBK (E.D. Cal. 2023) at ECF No. 63 at 5 (partially reversed on reconsideration at ECF No. 73) (quoting U.S. E.E.O.C. v. Source One Staffing, Inc., 2013 WL 25033, at *7 (N.D. Ill. Jan. 2, 2013)). The court does not opine as to any objections that may be raised at the deposition; this ruling is limited to the conclusion that the deposition itself is not so duplicative or cumulative as to warrant a protective order preventing it.

    b. The Information is Not More Readily Available From Other Sources

Plaintiff argues that a protective order is warranted because several of the topics Grimmway seeks to explore in the deposition are more appropriately directed at experts or individual witnesses with personal knowledge. For example, plaintiff argues topics seeking factual information supporting CRD's damages claims are more appropriately sought from a damages expert. ECF No. 43-3 at 9. Further, plaintiff contends Grimmway has not noticed depositions for any of the individual group members CRD has identified in its interrogatory responses and amendments, or any of the individuals CRD identified in its Initial Disclosures as having relevant information. Id. The court is not persuaded by the conclusory arguments presented by plaintiff. Plaintiff provides no convincing rationale is to why it is more practicable to seek the information at issue from a non-parties than from a party deponent, and the court finds none.

    c. Plaintiff's Employment Practices are Irrelevant

Plaintiff argues that Grimmway's 30(b)(6) Topics 36 -37 seek testimony from CRD on irrelevant information regarding CRD's internal policies and procedures for providing a good

5

faith interactive process and preventing discrimination, harassment, and/or retaliation. The questions at issue read as follows:

> 36. The CRD's policies and procedures during the period of time encompassed by the CRD's COMPLAINT for engaging in a good faith interactive process and/or providing reasonable accommodation to disabled employees of the CRD.
>
> 37. The factual information and documents that relate to the steps taken by the CRD during the time period encompassed by the COMPLAINT to prevent discrimination, harassment, and/or retaliation from occurring at the CRD.

ECF No. 43-3 at 40.

This precise issue was addressed in the Sunshine Raisin case mentioned above, in an order by the district judge partially reversing the magistrate judge's ruling. District Judge Jennifer Thurston found that deposition topics regarding an investigative agency's own employment practices were not appropriate where there are also more convenient, less burdensome, and less expensive alternative means to obtain this discovery; here, plaintiff contends the information is publicly available on the websites that set forth the State of California's employment policies.[2] ECF No. 43-3 at 10; Sunshine Raisin, ECF No. 73 at 6. Additionally, Judge Thurston found that situational differences between government and private employees make the information sought irrelevant and disproportionate to the needs of the case. Sunshine Raisin, ECF No. 73 at 6-7. Finally, insofar as Grimmway argues that the information is relevant to its defenses because it modeled its own practices on CRD's, it would have modeled such practices on publicly available information. These 30(b)(6) topics are not reasonably calculated to lead to relevant, admissible evidence and the motion for a protective order is granted as to these topics.

   d. Involvement of an Attorney Deponent is Not Prohibitive

Plaintiff contends that because its investigation was conducted by CRD attorneys and staff acting under their direction, CRD attorneys are the only individuals with the knowledge necessary to act as a 30(b)(6) deponent, and they are subject to the higher burden applicable to an attempt to depose a party's counsel. ECF No. 43-3 at 12. Grimmway argues it is not expressly seeking

---

[2] See e.g., https://www.calhr.ca.gov/.

1  depose an attorney, and if plaintiff chooses to designate an attorney, the simple fact that a

2  deponent is an attorney does not shield them from a deposition. Id. at 21.

3  "Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prohibit

4  the taking of attorney depositions. However, courts have recognized the deposition of an

5  opposing party's counsel can have a negative impact on the litigation process and these

6  depositions are therefore discouraged." Stevens v. Corelogic, Inc., No. 14-cv-1158 BAS (JLB),

7  2015 WL 8492501, at *1 (S.D. Cal. Dec. 10, 2015). Generally, courts allow for the deposition of

8  an opposing party's attorney where the party seeking to take the deposition can show "(1) No

9  other means exist to obtain the information than to depose opposing counsel; (2) The information

10  sought is relevant and nonprivileged; and (3) The information is crucial to the preparation of the

11  case." Id., citing Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). Here, the

12  court finds that the burden is met. Plaintiff asserts that every person with knowledge sufficient to

13  be a 30(b)(6) deponent will be an attorney, such that no other options exist but to depose counsel.

14  The 30(b)(6) topics are sufficiently calculated to elicit relevant and non-privileged information,

15  but to the extent a response contains privileged information, that objection can and should be

16  made during the deposition. The court declines to prohibit the 30(b)(6) deposition in its entirety

17  simply because in-house counsel are, per plaintiff, the only potential deponents.

18     C.  Dispute as to Depositions of Wong and Doehm

19  In addition to the 30(b)(6) designee, Grimmway seeks to depose CRD District

20  Administrators Selena Wong and Patrice Doehm. ECF No. 43-3 at 30. Ms. Doehrn signed the

21  Verification of Plaintiffs' Amended Responses to Defendant's Interrogatories, Set One (Exhibit

22  "I" to the joint statement), and Ms. Wong signed the Verification of Plaintiff Department of Fair

23  Employment and Housing's Responses to Defendant's Interrogatories, Set One (Exhibit "G" to

24  the joint statement). The only rationale provided by Grimmway with respect to the need to

25  depose Ms. Doehm and Ms. Wong is that they attested to the truth of the facts in the interrogatory

26  responses. Id. at 30-31. Grimmway does not explain how the depositions of Doehm and Wong

27  are calculated to lead to any information that differs from that which could be obtained for the

28  30(b)(6) deposition, or gleaned from the interrogatories themselves. There is no apparent

7

relevance to the attestation itself.  The court concludes that these depositions would be entirely duplicative, and the burden on plaintiff outweighs any potential benefit to Grimmway.  Accordingly, the motion for a protective order is granted on this point.

### III.  Conclusion

For the reasons explained above, the motion for a protective order (ECF No. 43) is GRANTED as to the 30(b)(6) proposed topics 36-37 and as to the depositions of Selena Wong and Patrice Doehm.  The motion is otherwise DENIED.

IT IS SO ORDERED.

DATED: December 7, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE