UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC.,<br><br>Defendant. | No. 2:21-cv-01552-DAD-AC<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S DECEMBER 7, 2023 DISCOVERY ORDER<br><br>(Doc. No. 47) |

This matter is before the court on plaintiff's request for reconsideration of the assigned magistrate judge's discovery order dated December 7, 2023 (Doc. No. 45), in which the magistrate judge denied in part plaintiff's motion for a protective order (Doc. No. 43). (Doc. No. 47.) On December 28, 2023, defendant filed an opposition to the pending request for reconsideration. (Doc. No. 48.)[1] For the reasons explained below, plaintiff's request for reconsideration will be denied.

---

[1] On January 8, 2024, plaintiff filed an unauthorized reply brief in support of the pending request for reconsideration. (Doc. No. 51.) On January 11, 2024, defendant filed a response for the purpose of objecting to plaintiff's unauthorized filing and to request that the court decline to consider plaintiff's unauthorized reply brief. (Doc. No. 53.) Defendant's objection is well taken. The Local Rules provide for the filing of a request for reconsideration and an opposition thereto, not additional replies and responses. L.R. 303. Accordingly, the court will disregard plaintiff's unauthorized reply brief. The court notes, however, that in its reply, plaintiff largely reiterates the same arguments it presented in its request for reconsideration, and thus, the court's resolution of the pending request would not be different even if the court considered the reply brief.

1

**BACKGROUND**

Plaintiff Civil Rights Department ("CRD"), formerly known as the Department of Fair Employment and Housing, "is the [California] state civil rights department charged with prosecutorial authority to investigate, mediate, and litigate civil rights enforcement actions." (Doc. No. 1 at ¶ 8.) On August 30, 2021, plaintiff filed this action "to redress employment discrimination" by defendant Grimmway Enterprises, Inc. ("GEI"), a large agricultural employer in Kern County, California, that "is purportedly the largest carrot farmer in the world." (*Id.* at ¶ 2.) Plaintiff alleges in its complaint that it began its investigation into defendant's employment practices in 2017 after receiving several administrative complaints from aggrieved employees of defendant regarding lay-offs, denial of accommodations related to work injuries, and terminations, including the termination of a contractor who complained of sexual harassment by a supervisor. (*Id.* at ¶¶ 3–4.) Plaintiff brings the following claims under the Americans with Disabilities Act and California state law: (1) disability discrimination; (2) failure to provide reasonable accommodation; (3) failure to engage in the interactive process; (4) retaliation; (5) unlawful interference with rights; and (6) failure to take all reasonable steps to prevent discrimination, harassment, and retaliation. (*Id.* at 8–14.)

The parties sought and obtained protective orders to govern discovery in this case and have been engaging in discovery. (*See* Doc. Nos. 26–29.) Relevant here, on October 5, 2023, defendant noticed the deposition of plaintiff CRD and provided a list of deposition topics pursuant to Federal Rule of Civil Procedure 30(b)(6).[2] (Doc. No. 43-3 at 3.) In meet and confer correspondence, plaintiff asserted that the only individuals at CRD with sufficient knowledge to serve as a 30(b)(6) deponent are the CRD attorneys who are litigating this case, and thus, a

---

[2] At the time defendant noticed plaintiff's 30(b)(6) deposition, the scheduling order as modified provided for close of fact discovery on February 2, 2024. (Doc. No. 42.) In the months that followed, the parties twice stipulated to request further extensions of time to complete fact discovery, which the court granted. (Doc. Nos. 50, 55.) Most recently, plaintiff sought to modify the scheduling order to extend the deadline for fact discovery but only for limited purposes pertaining to depositions that have already been noticed but not yet completed, and to provide time for the court to rule on plaintiff's pending request for reconsideration. (Doc. No. 59.) The court granted plaintiff's request and set a deadline of May 17, 2024 for fact discovery but only as to those limited purposes. (Doc. No. 61.)

2

30(b)(6) deposition of CRD "would be improper" and "would require deposition of CRD attorneys on topics which the CRD contends includes information protected by the attorney-client privilege and the work product doctrine." (*Id.*)  Following two rounds of meet and confer efforts, which included defendant serving amended deposition notices on plaintiff and updating the list of deposition topics, on October 31, 2023, defendant re-noticed plaintiff's 30(b)(6) deposition to be taken on November 20, 2023 and provided an updated list of 37 topics for examination. (*Id.* at 5, 35–40.)  On November 15, 2023, plaintiff unequivocally informed defendant that it would not be producing any individuals to testify on behalf of CRD at the 30(b)(6) deposition. (*Id.* at 5.)

Two days later, on November 17, 2023, plaintiff filed a motion for a protective order, specifically seeking an order of protection from defendant's noticed 30(b)(6) deposition of plaintiff, and the parties filed their joint statement regarding their discovery dispute as required.[3] (Doc. Nos. 43, 43-3.)  As stated in its motion, plaintiff "contends that the depositions as noticed are not warranted," "the information [defendant] seeks is duplicative, irrelevant, privileged, or can be obtained via less burdensome means, and thus these depositions are unduly oppressive and harassing," and defendant "cannot meet the heightened burden required for deposing a party attorney." (Doc. No. 43-3 at 3.)  In the motion, plaintiff argues that it should not be compelled to participate in a 30(b)(6) deposition for the following reasons:  (1) the topics for examination are cumulative and duplicative of defendant's interrogatories and request for production of documents; (2) the information sought in the 30(b)(6) deposition can be obtained from other sources and the topics for examination "are more appropriately directed at experts or witnesses with personal knowledge"; (3) topics 36 and 37 seek information about CRD's own employment policies which are irrelevant; and (4) each topic of examination "necessarily involves the testimony of one or more attorneys assigned to the case," and defendant has not met the heightened burden for deposing CRD attorneys. (Doc. No. 43-3 at 6–14.)

---

[3] Plaintiff's motion for a protective order also sought protection with regard to notices of deposition that defendant served on two individual administrators of CRD who verified interrogatories on behalf of CRD, but the magistrate judge granted plaintiff's motion with regard to those two individuals (*see* Doc. No. 45 at 8), and plaintiff does not request for reconsideration of that aspect of the magistrate judge's ruling.

3

On December 7, 2023, the magistrate judge issued an order addressing each of plaintiff's arguments and granting plaintiff's motion for a protective order with regard to the 30(b)(6) deposition of CRD, but only as to topics 36 and 37, which the court found to be "not reasonably calculated to lead to relevant, admissible evidence." (Doc. No. 45 at 8.) The magistrate judge otherwise denied plaintiff's motion as to the 30(b)(6) deposition, thereby rejecting plaintiff's arguments that topics 1–35 were cumulative and duplicative and sought information that could be more appropriately obtained from other sources. (*Id.*) The magistrate judge further "decline[d] to prohibit the 30(b)(6) deposition in its entirety simply because in-house counsel are, per plaintiff, the only potential deponents." (*Id.* at 7.)

On December 21, 2023, plaintiff filed the pending request for reconsideration of the portion of the magistrate judge's December 7, 2023 order that denied its motion for a protective order as to the 30(b)(6) deposition. (Doc. No. 47.) As noted above, on December 28, 2023, defendant filed an opposition to the pending request for reconsideration. (Doc. No. 48.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of

procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

Pursuant to Local Rule 303(c):

> A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."

L.R. 303(c). The Local Rules further provide that "the standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

**DISCUSSION**

In its request for reconsideration, plaintiff argues that magistrate judge's December 7, 2023 order "allowing for a 30(b)(6) deposition of CRD's attorney is clearly erroneous and contrary to the law because: (1) the order failed to consider and analyze whether [defendant] had met the higher burden required to depose an attorney; and (2) the order applied an incorrect standard when assessing whether the deposition would be duplicative and cumulative." (Doc. No. 47 at 6.) The undersigned will address each of the alleged errors in turn.

**A. Whether the Magistrate Judge Erred in Finding that Defendant Met its Burden to Take a 30(b)(6) Deposition of Plaintiff**

The gravamen of plaintiff's position is that there are "heightened" requirements that a party must satisfy in order to depose the other party's attorneys, and the magistrate judge did not sufficiently analyze whether defendant had met those requirements. (Doc. No. 47 at 8–9.) In support of this position, plaintiff cites to the Eighth Circuit's decision in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1325 (8th Cir. 1986), in which the plaintiff had noticed the

deposition of an attorney who was employed in the defendant's litigation department and was assigned to that particular case as defendant's supervising in-house counsel. The court in *Shelton* did "not hold that opposing trial counsel is absolutely immune from being deposed," but rather "recognize[d] that circumstances may arise in which the court should order the taking of opposing counsel's deposition." *Id.* at 1327. According to the Eighth Circuit's decision in *Shelton*, "those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* (internal citation omitted).

In the December 7, 2023 order, the magistrate judge cited to a district court decision that in turn cited to *Shelton*, for the proposition that "*generally*, courts allow for the deposition of the opposing party's attorney where the party seeking to take the deposition can show: 'No other means exist to obtain the information than to depose opposing counsel; (2) The information sought is relevant and nonprivileged; and (3) The information is crucial to the preparation of the case.'" (Doc. No. 45 at 7) (quoting *Stevens v. Corelogic, Inc.*, No. 14-cv-1158-BAS-JLB, 2015 WL 8492501, at *1 (S.D. Cal. Dec. 10, 2015) (citing *Shelton*, 805 F.2d at 1327)) (emphasis added). The magistrate judge did not rigorously adhere to the *Shelton* framework as heightened requirements—as plaintiff argues should have been done—but the magistrate judge did consider those factors and found that defendant met its burden for several reasons. First, based on plaintiff's own assertions, the only individuals with knowledge sufficient to serve as a 30(b)(6) deponent are CRD's attorneys, so no other options exist to obtain the information from plaintiff other than to depose plaintiff's counsel. (Doc. No. 45 at 7.) Second, the examination topics listed (other than topics 36 and 37) "are sufficiently calculated to elicit relevant non-privileged information." (Id.) Further, the magistrate judge explained that "to the extent a response contains privileged information, that objection can and should be made during the deposition." (*Id.*)

The undersigned is not persuaded by plaintiff's argument that the magistrate judge erred in reaching this conclusion, and in particular, erred by not making explicit factual findings with regard to each so-called "requirement" under *Shelton*. As defendant emphasizes in its opposition

to the pending request, courts in this district are not bound by the Eighth Circuit's decision in *Shelton*, which has not been adopted by the Ninth Circuit. (Doc. No. 48 at 14–17.) Indeed, "the Ninth Circuit has not addressed *Shelton*; nor does it appear that California district courts uniformly apply *Shelton* in every situation in which an attorney is subpoenaed for a deposition." *Zetz v. Bos. Sci. Corp.*, No. 1:19-cv-00451-AWI-SAB, 2022 WL 605356, at *6 (E.D. Cal. Mar. 1, 2022). Some courts in this circuit and other circuits have applied the *Shelton* framework, whereas others have rejected it as wrongly decided or applied a more flexible version of the framework. *See In re Allergan, Inc*, No. 14-cv-02004-DOC-KES, 2016 WL 5922717, at *3 (C.D. Cal. Sept. 23, 2016) (noting that "the Ninth Circuit has never adopted the *Shelton* framework, although several district courts in this circuit have applied *Shelton* at various times," and "[e]ven so, *Shelton* is not universally accepted"); *see also Dewey v. Bechthold*, No. 18-cv-1739-JPS, 2019 WL 5429373, at *6 (E.D. Wis. Oct. 23, 2019) ("Many district courts in this circuit apply a flexible version of the test set forth by the Eighth Circuit in *Shelton*. . . . Other courts in this circuit, however, have either criticized or roundly rejected *Shelton* as being too narrow or, simply, wrongly decided. . . . Without a clear directive from the Seventh Circuit, the Court will consider the factors set forth in *Shelton* as instructive to its analysis, but will not apply them as rigorous criteria.").

Moreover, defendant did not notice the deposition of opposing counsel. Rather, defendant noticed the deposition of a party—plaintiff CRD—pursuant to Rule 30(b)(6). This fact alone distinguishes this case from those cited by plaintiff in which a party noticed the deposition of opposing counsel. (*See* Doc. Nos. 43-3 at 12–13; 47 at 9) (citing *Riverbank Holding Co., LLC v. New Hampshire Ins. Co.*, No. 2:11-cv-02681-WBS, 2012 WL 4748047, at *2 (E.D. Cal. Oct. 3, 2012) ("[D]efendant served a subpoena and deposition notice on plaintiff's counsel—Greve, Clifford, Wengel & Paras, LLP—seeking testimony on its representation of Riverbank in the underlying litigation.")).

Further, the fact that plaintiff CRD is a governmental agency does not insulate it from discovery obligations. Indeed, this proposition is supported by two decisions that plaintiff cited in its motion for a protective order in which the plaintiff was a federal agency, the Equal

7

Employment Opportunity Commission ("the EEOC"), and the defendant noticed a 30(b)(6) deposition of the EEOC. *See Equal Emp. Opportunity Comm'n v. Star Transp., Inc.*, No. 13-cv-1240, 2014 WL 12734743, at *2 (C.D. Ill. May 22, 2014) ("The EEOC, as the party plaintiff in this action, is subject to the same discovery rules as any other party."); *U.S. E.E.O.C. v. Source One Staffing, Inc.*, No. 11-cv-06754, 2013 WL 25033, at *4 (N.D. Ill. Jan. 2, 2013) ("As a threshold matter, a Rule 30(b)(6) deposition of the EEOC is not intrinsically improper. The EEOC, like other litigants, is subject to a Rule 30(b)(6) deposition."). Neither of those decisions treated the deposition notices as the defendant seeking to depose "opposing counsel," and neither court applied (or even mentioned) the *Shelton* framework in those decisions. This is true even though the court in *Source One Staffing* acknowledged that "[a]ny Rule 30(b)(6) deponent would be an EEOC attorney or an EEOC investigator prepared by an attorney with case theories and strategies inextricably intertwined in that preparation." 2013 WL 25033 at *7.

For the reasons explained above, the undersigned is not left with a "firm conviction that a mistake has been committed" by the magistrate judge in finding that defendant met its burden to take a 30(b)(6) deposition of plaintiff as to the examination topics 1–35. *See Concrete Pipe & Prod. of Cal., Inc.*, 508 U.S. at 623.

**B.     Whether the Magistrate Judge Erred in Finding that the Deposition Topics are Cumulative and Duplicative**

In its request for reconsideration, plaintiff also argues that the magistrate judge applied an incorrect legal standard in determining that the 30(b)(6) deposition topics were not cumulative and duplicative. (Doc. No. 47 at 19.)

Rule 26 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Although the December 7, 2023 discovery order does not refer or quote this particular subsection of Rule 26, the order does state that "the scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26." (Doc. No. 45 at

4.) Plaintiff nevertheless contends that the magistrate judge did not apply the standard set forth in subsection Rule 26(b)(2)(C)(i) merely because the magistrate judge stated that the court "agree[d] with defendant that the 30(b)(6) deposition is not duplicative such that it is unduly burdensome or wasteful." (Doc. No. 47 at 19) (quoting Doc. No. 45 at 5).

When considered in context with the surrounding analysis, the undersigned does not view this single sentence as indicative of the application of an incorrect legal standard. Whether the deposition would be "unduly burdensome" or "wasteful" is a relevant question in considering whether the discovery sought is *unreasonably* cumulative or duplicative, or can be obtained with less expense. Moreover, the magistrate judge explained that although the deposition topics "correlated with requests for production and interrogatories," defendant showed that plaintiff's responses to those written discovery requests (including its supplemental responses) "were limited and full of objections," such that defendant would need to explore the questions in more detail in a 30(b)(6) deposition in order to prepare for trial. (Doc. No. 45 at 4.) In addition, the magistrate judge found that the questions and responses to written discovery "are not so fully duplicative that a 30(b)(6) deposition would be entirely redundant." (*Id.* at 5.) Further, the magistrate judge clarified that this conclusion does not preclude "any objections that may be raised at the deposition," and rather, the "ruling is limited to the conclusion that the deposition itself is not so duplicative or cumulative as to warrant a protective order preventing it." (*Id.*)

Thus, the undersigned is not persuaded by plaintiff's argument that the magistrate judge erred with regard to this portion of the December 7, 2023 order either.

For these reasons, the court will deny plaintiff's request for reconsideration of the magistrate judge's December 7, 2023 order denying plaintiff's motion for a protective order as to the 30(b)(6) deposition of plaintiff.

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's request for reconsideration of the magistrate judge's order dated December 7, 2023 (Doc. No. 47) is denied; and

/////

2. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: __**March 29, 2024**__   /s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE