UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT, an agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC., d.b.a. GRIMMWAY FARMS,<br><br>Defendant. | No. 2:21-cv-01552 DAD AC<br><br>REVISED ORDER |

This matter is before the court on plaintiff's request for clarification of the court's prior order at ECF No. 74. ECF No. 77. The request for clarification is GRANTED and the court issues this revised order to address the two discovery motions at ECF No. 56 and ECF No. 57, both of which are brought to plaintiff. The matters were taken under submission and heard on the papers. ECF No. 73. The motion at ECF No. 56 (briefed at ECF No. 71) is GRANTED as set forth below. The motion at ECF No. 57 (briefed at ECF No. 70) is DENIED.

**I.     Introduction**

The Civil Rights Department ("CRD") is a state agency charged with, among other things, investigating and prosecuting alleged violations of California's anti-discrimination laws, including the Fair Employment and Housing Act ("FEHA"). CRD alleges that it also has authority to investigate and prosecute alleged violations of the Americans with Disabilities

1

("ADA") in California. See Cal. Gov't Code § 12930 *et seq*. On August 30, 2021, the CRD filed a civil rights complaint on behalf of "itself in the public interest and all aggrieved disabled employees" for alleged violations of the Fair Employment and Housing Act (FEHA) and the Americans with Disabilities Act (ADA) stemming from Grimmway's alleged failure to engage in the interactive process and provide reasonable accommodation to disabled employees. ECF No. 1. CRD's Complaint seeks remedies for all aggrieved employees, including farm labor contractor employees. Id. at ¶¶ 2, 25; Prayer for Relief ¶ 3. Grimmway's Answer ("Answer") asserts forty-four Affirmative Defenses. ECF No. 4.

## II.     Applicable Law

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden

of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. V. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

### III.     Plaintiff's First Motion (ECF No. 56)

The parties have engaged in meet and confer efforts and have been unable to come to an agreement on two issues: (1) whether Grimmway must further amend its response to plaintiff's RFP No. 5 (Set 1) to include records of disability accommodation requests for employees of farm labor contractors; and (2) whether Grimmway must provide CRD with the additional employee pay records, as well as the other information requested in RFP No. 82 (Set 6), for the last three years. ECF No. 71 at 2.

A. <u>Farm Contractor Discovery</u>

The heart of the issue with respect to the first dispute is whether documents related to farm labor contractors are relevant and proportional for the purposes of discovery. The request for production and response at issue read as follows:

CRD REQUEST FOR PRODUCTION, SET 1, NO. 5

> All DOCUMENTSconcerning DISABILITY ACCOMMODATION requests submitted between [January 1, 2017], and the present. (DOCUMENT or DOCUMENTS are used in the broadest possible sense and are defined to be synonymous in meaning and equal in scope to the usage of these terms in Fed. R. Civ. P. 34(a)(1)(A) and California Evidence Code section 250 and specifically includes but is not limited to, correspondence, memoranda, records, electronically storied information, data, data sheets, databases, folders, reports, evaluations, work papers, summaries, opinions, journals, calendars, diaries, statistical records, checks, notes, transcriptions, telegrams, teletypes, telex messages, telefaxes, recordings of telephone calls, conferences, minutes and notes of transcriptions of all meetings and other communications of any type, microfiche, microfilms, dictobelts, tapes or other records, logs and any other information that is stored or carried electronically, by means of computer equipment or otherwise, and that can be retrieved in printed, graphic, or audio form, including, but not limited to, information stored in the memory of a computer, data stored on removable magnetic or optical media (for example, magnetic tape, floppy disks, removable cartridge disks, and optical disks), electronic media, including email, electronic mail, databases, and computer files, computer data, and/or computer

printouts. A draft or non-identical copy is a separate DOCUMENT within the meaning of this term; the terms "DOCUMENTS" also includes copies containing any information in addition to or in any way different from that contained in or on the original and ALL attachments, enclosures, or DOCUMENTS affixed or referred to in any DOCUMENTS identified in response to any of the following requests for production.

DISABILITY ACCOMMODATION means any modification or adjustment, temporary or permanent, to a job or the work environment that enables an EMPLOYEE with a disability to perform their essential job functions or causes the EMPLOYEE with a disability to be reassigned, temporarily or permanently, to another position. EMPLOYEE(S) includes any and all PERSONS who received wages or a salary for work or services performed for YOU, during the RELEVANT TIME PERIOD in California. RELEVANT TIME PERIOD means the time period from January 1, 2011, through the date of YOUR final production and response to these requests, except as otherwise indicated.)

GRIMMWAY AMENDED RESPONSE TO RFP, SET 1, NO. 5:

Objection. This request fails to describe with reasonable particularity each item or category of items to be inspected as required by Federal Rule of Civil Procedure 34(b)(1). This request is vague, ambiguous, overbroad and unduly burdensome, particularly with respect to scope and time period. This request is also vague, ambiguous, and overbroad with respect to the term "DISABILITY ACCOMMODATION requests," rendering a response unduly burdensome. This request calls for production of documents outside the scope of discovery permitted under Federal Rule of Civil Procedure 26(b); this request is neither relevant to the claim or defense of any party, admissible or reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this action. Additionally, the DFEH has already received from Responding Party all or some of the documents identified in this request. Therefore, it would be unduly burdensome, expensive, and oppressive to require Responding Party to produce these documents which are already in DFEH's possession and fully accessible to DFEH. All or some of the documents identified in this request may be obtained from some other source that is more convenient, less burdensome, and less expensive, privacy rights of third parties who have not received notice of the requests and who have not had the opportunity to object to the disclosure of their personal information.

Subject to and without waiving these objections, Grimmway responds as follows: Subject to the Protective Order in this action, Grimmway previously produced documents in its possession, custody or control that are responsive to this request, including those documents with Bates Nos. GEI00001410-GEI00096677, GEI00096837-GEI00097111, GEI00099734-GEI00099739, GEI00100821-GEI00100849, and GEI00100874-GEI00104176. Additionally, in accordance with the agreement between Grimmway and DFEH, following their meet and confer efforts, Grimmway will, subject to the Protective Order in this action, produce or permit the

>> inspection of all (1) the medical leave of absence files of the individuals whose IP files were reproduced on April 18, 2019 to the extent that such files have not already been produced; (2) the IP files between February 2019 and the present to the extent such files have not already been produced; and (3) the medical leave of absence files of the individuals whose IP files are produced for the time period between February 2019 and the present to the extent such files have not already been produced. Moreover, discovery has not been concluded and is ongoing, and thus, Grimmway reserves the right to amend or revise this response accordingly.

Plaintiff argues that the identify of employees who sought accommodations from defendant, including contract workers, and related disability accommodations are relevant because the plain text of its complaint seeks relief on behalf of all of Grimmway's "current and former employees, (including farm labor contractors)[.]" ECF No. 1 at 17. Grimmway argues that the complaint only relates to contractors with respect to its sexual harassment allegations, but allegations that it discriminated against employees by placing them on an "interactive process leave" and then terminating them apply only to direct employees. Grimmway contends it has made clear that it only places direct hires or direct employees on such leave, and farm labor contractors are not impacted. ECF No. 71 at 16. Grimmway also argues that the parties previously agreed on the scope of RFP No. 5. Id. A letter dated July 6, 2022, memorializes this discussion. ECF No. 69 at 12-18,

The court is not persuaded by Grimmway's argument. As to any side agreement between the parties, Grimmway fails to identify any agreement specific to the RFP at issue and contractor documents, and the court finds none. Even if it did identify such an agreement, the court will not enforce side agreements between the parties that are not signed stipulations. Grimmway's argument that the contractors were not direct employees and thus not impacted by the accommodation-related claims fails because it turns on a question of fact: whether Grimmway exerted direction and control over workers seeking accommodation, and to what extent Grimmway and contractors shared responsibly for processing requests for accommodation by workers. Grimmway asks the court to reach a conclusion on the fact of the employee-employer relationship and deny discovery on that basis. The court declines to do so. The motion to compel on this point is GRANTED and defendant is ORDERED to search for and produce all documents

concerning disability accommodation requests from contract workers submitted between January 1, 2017, and the present.

A. <u>Pay Discovery</u>

The second dispute centers on the issue of pay-related discovery. Plaintiff argues defendant has provided incomplete responses to ins Request for Production 82. The request and response read, in relevant part, as follows:

> CRD'S REQUEST FOR PRODUCTION, SET 6, NO. 82
>
> All DOCUMENTS showing the following additional data fields and values for each listed employees sufficient to reflect GEI00288268:
>
> (1) hours worked, or average hours worked per pay period;
>
> (2) classification as described in Grimmway's employee handbook at GEI00166378 (full-time, parttime, seasonal, or temporary);
>
> (3) exemption status (exempt or non-exempt);
>
> (4) overtime pay, or average overtime pay per pay period;
>
> (5) tenure of employment at GRIMMWAY;
>
> (6) seniority date;
>
> (7) Grimmway's retirement contribution to said listed employee, or Grimmway's average retirement contributions for each listed employee or pay period.

GRIMMWAY'S RESPONSE TO REQUEST FOR PRODUCTION, SET 6, NO. 82:

> Objection. This request fails to describe with reasonable particularity each item or category of items to be inspected as required by Fed. R. Civ. P. 34(b)(1). (See Regan-Touhy v. Walgreen Co., 526 F.3d 641, 649-650 (10th Cir. 2008). In the context of this litigation, this request is ambiguous, vague, overbroad, oppressive, cumulative and unduly burdensome, particularly with respect to its scope and time period. This request is ambiguous, vague, and overbroad as phrased, rendering a response unduly burdensome. This request seeks personal confidential information subject to the privacy rights of third parties who have not received notice of the requests and have not had the opportunity to object to the disclosure of their personal information. In addition, this request calls for the production of documents outside the scope of discovery permitted under Fed. R. Civ. P. 26(b), and this request is neither relevant to the claim or defense of any party, admissible or reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of this case. This request is also unduly cumulative, duplicative, harassing, and unduly burdensome; this request has, in substance, been previously propounded. <u>See</u> Request Nos. 7 and 11 set forth in

>> Plaintiff's Request for Production of Documents or Electronically Stored Information, Set One, to Defendant Grimmway Enterprises, Inc.
>
> Subject to and without waiving these objections, Grimmway responds as follows: Grimmway previously produced non-privileged documents in its possession custody or control that are responsive to this request. Additionally, discovery has not been concluded and is ongoing, and as such, Grimmway reserves the right to amend or revise this response accordingly.

Plaintiff contends that Grimmway has produced some non-privileged documents responsive to this request, but has not produced any documents responsive to subparts 1 (hours worked, or average hours worked per pay period), 4 (overtime pay, or average overtime pay per pay period) or 7 (Grimmway's retirement contribution to said listed employee, or Grimmway's average retirement contributions for each listed employee or pay period).  ECF No. 71 at 21. Most recently, during the meet and confer process, plaintiff attempted to address Grimmway's argument that production would be unduly burdensome by limiting the scope of the request to the last three years of employment for each employee at issue.  ECF No. 71 at 5.

Grimmway argues that the RFP "requires Grimmway to sift through thousands of documents and information, including emails, personnel files, benefits file, I-9 files, medical files, IP files, investigation files, and miscellaneous files, in order to try to ascertain and collect each of the above-referenced data, pages, reports, emails, communications, notes, papers, databases, printouts, and files, among other things, that may be responsive to this request, which would take months to complete."  It further contends that it has already produced documents, specifically "the pay information of its employees who were referred to its Interactive Process Department and who are identified on the spreadsheet bearing Bates No. GEI00288268, including their dates of employment, their recent hourly pay rate, and their recent annual pay rate[,]" which provide sufficient data for damages calculations.  ECF No. 71 at 25.

It is true that this RFP, if construed in the broadest possible sense, could be unduly burdensome.  However, plaintiff has clarified that "CRD is seeking only pay records during the relevant time period for those employees that have already been identified by name and by Grimmway employee number as potential group [members], and only going back three years.

1   CRD is not asking Grimmway to collate or compile data into a summary; CRD is seeking

2   documents sufficient to show hours, overtime pay, and retirement contributions which are narrow

3   categories of compensation relevant to the calculation of damages and not captured by the hourly

4   rate." ECF No. 71 at 22.  This request, as modified, is not unduly burdensome in proportion to

5   the plaintiff's need for the information.  The court agrees with plaintiff that "Grimmway has not

6   and cannot explain why it would be unduly burdensome to produce records it is required by law

7   to have in its possession." ECF No. 71 at 22.  Accordingly, the motion is granted on this point.

### IV.   Plaintiff's Second Motion (ECF No. 57)

9       The dispute at issue in this motion centers on Grimmway's duty to supplement its

10  discovery responses, and whether and to what extent the duty continues once the discovery

11  deadline passes.  ECF No. 70 at 24.  The parties identify multiple discovery requests that ask or

12  documents though the "present."  For example, the request at CRD's Set 1, No. 5, which reads

13  "All DOCUMENTS concerning DISABILITY ACCOMMODATION requests submitted

14  between January 1, 2011, and the present." ECF No. 70 at 7.  Other requests at issue are those

15  that seek documents based on those disclosures through the "present," such as Set 1, No. 7, which

16  reads "For each individual who filed who filed the DISABILITY ACCOMMODATION requests

17  produced in response to Request Number 5, all data in the following categories of YOUR Human

18  Resources Information System," with a list of various information categories such as pay history

19  and work locations.  Id. at 8.

20      CRD asks the court to issue an order "requiring Grimmway to (1) within thirty (30) days,

21  supplement its responses and production related to CRD's discovery requests discussed herein

22  that seek discovery through the present; (2) within sixty (60) days, review the remainder of its

23  discovery responses to determine if supplementation is needed, and to supplement if so; (3)

24  require Grimmway to review and supplement its discovery and related production every ninety

25  (90) days thereafter, up to sixty (60) days before trial; and (4) amend its responses consistent with

26  their obligations under Fed. R. Civ. P. 26(g) and 34(b)(2)(B)." ECF No. 70 at 23.

27      According to Grimmway, it has already agreed to supplement and update its responsive

28  disclosures and so the motion is moot to the extent is merely seeks supplementation of documents

created through March of 2024; Grimmway argues that "the focus of the CRD's motion is not the production of information *correcting or completing previous* disclosures, but, rather, the production of wholly *new* information that, by definition, is wholly *unrelated* to Grimmway's prior disclosures, as information concerning wholly new accommodations cases would have no bearing on the information concerning the accommodation cases previously disclosed." Id. at 17-18, 19 (emphasis original). Grimmway argues that supplemental production concerning the specific requests has been resolved and as moot, and that this motion improperly aims to obtain "a mandatory injunction requiring Grimmway to provide new employee accommodation information at pre-set intervals in the future." CRD contends that the duty to supplement goes farther, requiring Grimmway to continually produce new documents as they are created, "up to and beyond the discovery cut-off date that evidence or relate to its allegedly ongoing unlawful disability accommodation practices." ECF No. 70 at 15.

      The court agrees with Grimmway. CRD is correct that "the duty to supplement continues even after the discovery period has closed." L.A. Terminals, Inc. v. United Nat'l Ins. Co., 340 F.R.D. 390, 396 (C.D. Cal. 2022) (internal citations omitted). However, "[t]he duty to supplement under Rule 26(e)(1) is directed to documents generated during the relevant time frame previously not produced but subsequently discovered. To say that the duty to supplement covers documents generated after that date would render meaningless any delineated time period for production. Consequently, despite [Plaintiffs'] reference to Rule 26(e)(1), nothing in that rule imposes a never ending obligation to produce documents continuously as they are created." Dong Ah Tire & Rubber Co. v. Glasforms, Inc., 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008). "Indeed, endless rolling production would undermine the mandate of Federal Rule of Civil Procedure 1 to apply the rules 'to secure the just, speedy, and inexpensive determination of every action,' and Rule 26(b)(2)(C)(iii) to ensure that discovery is proportionate to the needs of the case." Our Children's Earth v. Leland Stanford Junior Univ., No. 13-CV-00402-EDL, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015). Plaintiff's position is untenable and would result in a never-ending discovery process; Grimmway has agreed to supplement with respect to documents

////

created within the responsive timeframe, and the court will not order rolling production of newly created documents. The motion is DENIED.

### V. Conclusion

For the reasons explained above, it is hereby ORDERED that the motion to compel at ECF No. 57 is DENIED. The motion to compel at ECF Nos. 56 is GRANTED, and defendant is ordered to:

a. search for and produce all documents concerning disability accommodation requests from contract workers submitted between January 1, 2017, and the present;

b. search for and produce documents sufficient to show hours and rates of pay over a three-year period for those employees who have already been identified by name and by Grimmway employee number as potential group members, including overtime and retirement contributions; and

c. amend its responses to Request for Production of Documents Set One, No. 5, and Request for Production of Documents Set Six, No. 82 to certify search efforts and log responsive documents, if any.

IT IS SO ORDERED.

DATED: July 8, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE