1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CIVIL RIGHTS DEPARTMENT, an                No.  2:21-cv-01552 DAD AC
     agency of the State of California,
12
                  Plaintiff,
13
            v.                                  ORDER
14
     GRIMMWAY ENTERPRISES, INC.,
15   d.b.a. GRIMMWAY FARMS,

16                Defendant.

17
_____

18         This matter is before the court on the parties' joint statement regarding discovery

19   disagreement, ECF No. 79, which the court construes as a motion to compel brought by

20   defendant.  See ECF Nos. 76, 68 (minute orders permitting limited discovery motions beyond the

21   discovery deadline to be filed no later than July 1, 2024.  For the reasons set forth below, the

22   motion to is DENIED.

23                        **I.      Introduction**

24         The Civil Rights Department ("CRD") is a state agency charged with, among other things,

25   investigating and prosecuting alleged violations of California's anti-discrimination laws,

26   including the Fair Employment and Housing Act ("FEHA").  CRD alleges that it also has

27   authority to investigate and prosecute alleged violations of the Americans with Disabilities

28   ("ADA") in California.  See Cal. Gov't Code § 12930 *et seq*.  On August 30, 2021, the CRD filed

                                            1

1   a civil rights complaint on behalf of "itself in the public interest and all aggrieved disabled

2   employees" for alleged violations of the Fair Employment and Housing Act (FEHA) and the

3   Americans with Disabilities Act (ADA) stemming from Grimmway's alleged failure to engage in

4   the interactive process and provide reasonable accommodation to disabled employees.  ECF No.

5   1.  CRD's Complaint seeks remedies for all aggrieved employees.  Id. at ¶¶ 2, 25; Prayer for

6   Relief ¶ 3.  Grimmway's Answer ("Answer") asserts forty-four Affirmative Defenses.  ECF No.

7   4.

## II.     Applicable Law

9         The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure

10   26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as
> follows: Parties may obtain discovery regarding any nonprivileged
> matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of
> the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources,
> the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely
> benefit. Information within this scope of discovery need not be
> admissible in evidence to be discoverable.

17   Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or

18   less probable than it would be without the evidence; and (b) the fact is of consequence in

19   determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has

20   been construed broadly to encompass any matter that bears on, or that reasonably could lead to

21   other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc.

22   v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in

23   2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26,

24   relevance alone will not justify discovery; discovery must also be proportional to the needs of the

25   case.

26         A party seeking to compel discovery has the initial burden to establish that its request is

27   proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden

28   of showing why discovery was denied; they must clarify and support their objections.

Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. V. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

### III.     Motion

The joint statement seeks a ruling on the adequacy of plaintiff's responses to certain requests for admission (RFAs) and corresponding interrogatories.  ECF No. 79 at 2.  The disputed topics fall into three categories.   Each topic is addressed separately below.

### IV.     Discussion

A. Pre-Dispute Resolution Related Discovery

The first category concerns requests for admission and interrogatories which ask CRD to admit that the pre-suit dispute resolution (as set forth in California Government Code § 12965) did not "include or involve" certain unlawful employment practices that CRD asserts in this action (RFAs 3-9 and Interrogatories 3-9).  ECF No. 79 at 2.  Examples of these RFAs and interrogatories are as follows:

REQUEST FOR ADMISSION NO. 3:

> Plaintiff Civil Rights Department's Supplemental Responses to Defendant's Interrogatories, Set One, that was served on or around January 12, 2024, that GEI engaged in a pattern or practice of "[a]llowing supervisors to determine whether an employee could be accommodated on a permanent basis without including the employees in that determination," admit that the MANDATORY DISPUTE RESOLUTION did not include or involve said alleged pattern or practice. (For purposes of this set of Requests for Admission, the term "MANDATORY DISPUTE RESOLUTION" means and refers to the mandatory dispute resolution that YOU and GEI engaged in prior to the filing of the ACTION, as required by California Government Code Section 12965, and as set forth in Paragraph 16 of YOUR COMPLAINT.)

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

> CRD incorporates the Preliminary Statement as though fully set forth herein. CRD objects that this request is vague as to the phrase "include or involve." CRD further objects to this request because it seeks information that is not relevant or material to the subject of this action, and not reasonably calculated to lead to the discovery of admissible evidence as pre-suit conciliation is not required by California Government Code Section 12965. See Cal. Gov't Code,

1
2
3
4
5
6
7
8

§ 12965, subd. (a)(1) ("the director in the director's discretion may bring a civil action" after conciliation and mediation fail, "or in advance thereof if circumstances warrant."); Dep't. Fair Empl. & Hous. v. Law Schl. Admission Council, Inc., 896 F.Supp.2d 849, 864 (N.D. Cal. 2012) (both "the California Court of Appeal and the Fair Employment and Housing Commission have confirmed that conciliation under FEHA is not a condition precedent to filing suit."); see also Dep't of Fair Employment and Housing v. Cisco Systems, Inc. (2022) 82 Cal.App.5th 93, 101, 104 (the Legislature "gave [CRD] broad powers to investigate employment discrimination complaints and bring civil actions against violators when necessary"); Motors Ins. Corp. v. Div. of Fair Employment Practices, 118 Cal.App.3d 209, 224 (1981) (CRD can file a written accusation "even if it has not obtained optimum results from … its efforts at conciliation")

9

INTERROGATORY NO. 3:

10
11
12

If CRD's response to Request for Admission No. 3 set forth in Requests for Admission to Plaintiff Civil Rights Department, Set One, propounded by GEI on May 10, 2024, was not an unqualified admission, state all facts upon which CRD bases said response.

13

RESPONSE TO INTERROGATORY NO. 3:

14
15
16

CRD incorporates the Preliminary Statement as though fully set forth herein. CRD did not respond to Request for Admission No. 3 based on the objections set forth in its response, which are incorporated as though fully set forth herein. Accordingly, there is no further response to this interrogatory.

17      Grimmway argues that CRD should be compelled to respond to discovery seeking

18  information about the pre-litigation mediation process because California Government Code

19  Section 12965 requires, as a precondition to suit, that the parties engage in the "mandatory

20  dispute resolution process" and it is Grimmway's "position that CRD has failed to comply with

21  this express pre-requisite because the parties' prior conciliation and mediation efforts did not

22  involve the unlawful employment practices that CRD only recently disclosed to [Grimmway] in

23  this action."  ECF No. 79 at 14.  CRD, in response, contends Grimmway "has not met its

24  preliminary burden under Fed. R. Civ. P. 26(b) of showing why communications made during a

25  private pre-suit mediation are relevant to any claim or defense of [Grimmway]."  Id. at 21.  CRD

26  contends this is the case because (1) "[Grimmway] waived any compliance argument with respect

27  to California Government Code section 12965, subdivision (a) by singing a stipulation that the

28  mediation satisfied any statutory 'pre-suit conciliation provisions'" and (2) [Grimmway's] claim

1  that pre-suit mediation is mandatory is incorrect as a matter of law, as state and federal courts

2  have recognized."

3          Without reaching the issues of privilege or waiver, the court finds that the motion to

4  compel must be denied as to this category of discovery on relevance grounds; the topics covered

5  in pre-suit conciliation efforts are not relevant to the claims or defenses in this case because pre-

6  suit conciliation is not an absolute pre-requisite to suit.  The Fair Employment and Housing Act

7  directs CRD, prior to filing a civil action, to "require all parties to participate in mandatory

8  dispute resolution in the department's internal dispute resolution division . . . in an effort to

9  resolve the dispute without litigation."  Cal. Gov't Code, § 12965(a)(2).  However, this is not an

10  absolute condition precedent to CRD's authority to file a civil action, as expressed by the plain

11  language of the statute and supporting case law.  California Government Code Section

12  12965(a)(1) plainly states that "[i]n the case of failure to eliminate an unlawful practice under this

13  part through conference, conciliation, mediation, or persuasion, *or in advance thereof if*

14  *circumstances warrant*, the director in the director's *discretion* may bring a civil action in the

15  name of the department."  Id. (emphasis added).

16          The court notes that section 12963.7, the subsection of the statute entitled "Elimination of

17  unlawful employment practice by conference, conciliation and persuasion; confidentiality;

18  disclosure as misdemeanor," requires the agency, upon determining that an administrative

19  complaint is valid, to "immediately *endeavor* to eliminate the unlawful ... practice complained of

20  by conference, conciliation, and persuasion."  Cal. Gov't Code § 12963.7 (emphasis added).

21  Courts have evaluated this language and found that "[t]he use of the permissive word endeavor in

22  § 12963.7, on its face, undercuts any reading of this section that would impose conciliation as a

23  necessary prerequisite."  Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council Inc.,

24  896 F. Supp. 2d 849, 864 (N.D. Cal. 2012) ("[T]he California Court of Appeal and Housing

25  Commission have confirmed that conciliation under FEHA is not a condition precedent to filing

26  suit); see also Motors Ins. Corp. v. Div. of Fair Employment Practices, 118 Cal.App.3d 209, 224

27  (1981) (DFEH is able "to file an accusation within the statutorily prescribed time even if it has

28  not obtained optimum results from its investigation or its efforts at conciliation").

Based on the foregoing, defendant has not met its initial burden to demonstrate that this discovery is relevant to the claims or defenses at issue in this case.  Thus, the motion to compel is denied on this point.

B.  Discovery Regarding Whether Employees are "Interested in Returning to Work"

The second issue presented in the joint statement is whether CRD is required to provide a further response to RFA 13 and related Interrogatory 13, which ask CRD whether certain listed employees were "interested in returning to work" during the time period at issue.  The discovery requests read as follows.

REQUEST FOR ADMISSION NO. 13:

> Admit that the following individuals who were employed by GEI during the TIME PERIOD and who were referred to GEI's Employee Relations Supervisor, Rocio Ramirez, but were not interested in returning to work with GEI during the TIME PERIOD, are not members of the GROUP on whose behalf YOU seek relief in this ACTION: (017344), . . . [list of employee numbers]

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

> CRD incorporates the Preliminary Statement as though fully set forth herein. CRD objects that this request is vague as to the undefined phrase "not interested in returning to work," and the phrase cannot be defined for the purposes of CRD's response because the phrase is intrinsically and incurably subjective as well as speculative. CRD further objects that this request is vague as to the word "relief." CRD is seeking both monetary and injunctive relief in this litigation, on behalf of itself and all aggrieved group members. For the purposes of responding to this Request for Admission No. 13, however, and without waiving its right to pursue injunctive relief on its own behalf and on behalf of all group members, CRD defines "relief" as monetary damages only. CRD further objects because the request is compound and conjunctive; it is not set forth simply and directly so as to permit a simple admission or denial. Although the request seeks an admission regarding an ultimate issue (i.e., whether certain individuals are members of a group on whose behalf CRD seeks relief), the request contains embedded factual predicates – the individuals having been i) employed by Grimmway; ii) during the time period; iii) and who were referred to Rocio Ramirez, iv) but were "not interested in returning to work." As such, the request is objectionable because the ultimate factual issue cannot be admitted or denied without also assuming the truth and accuracy of each embedded factual predicate incorporated within the request. The compound nature of the request also results in Grimmway having exceeded the number of requests agreed upon by the Parties and ordered by the Court.

////

6

CRD also objects on the grounds of privacy to the extent that the request seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and/or common law rights to personal privacy and confidentiality, including the right to privacy under the California Constitution and the penumbral right to privacy under the U.S. Constitution and any other state or federal law. CRD further objects to the request because it seeks information protected by the attorney-client privilege, attorney work product doctrine, the common interest doctrine, and/or because it seeks the impressions, conclusions, opinions, legal research or theories of attorneys. CRD objects that this request seeks information protected by deliberative process, official information, informant privileges, as well the plain language of the statutory mandate to hold confidential information obtained by CRD in the regular performance of its duties. CRD further objects to this request because it seeks information in the possession of, known to, or otherwise equally available to Defendant (i.e., the employees' "interactive process leave of absence" files.)

Subject to and without waiving the foregoing objections, definitions, and limitations, and based on CRD's present knowledge and information which does not include the review or analysis of documents still to be produced by Defendant and/or experts, the CRD responds as follows: Upon reasonable inquiry and the information known or readily available to CRD at the time of this response, CRD has insufficient information to admit or deny this request for the reasons set forth in the corresponding Interrogatory, Set 3, No. 13.

INTERROGATORY NO. 13:

If CRD's response to Request for Admission No. 13 set forth in Requests for Admission to Plaintiff Civil Rights Department, Set One, propounded by GEI on May 10, 2024, was not an unqualified admission, state all facts upon which CRD bases said response.

RESPONSE TO INTERROGATORY NO. 13:

CRD incorporates the Preliminary Statement as though fully set forth herein. CRD also incorporates its objections to Response to Request for Admission No. 13, as though fully set forth herein. CRD further objects to this interrogatory as overbroad and unduly burdensome insofar as it seeks "all facts" upon which CRD based its response. Without waiving the foregoing objections, and limiting its response to the material facts supporting its Request for Admission Response(s), CRD answers as follows:

CRD has insufficient information to admit or deny this request because the information known or readily available to CRD in the IP files is inconclusive as to whether or not an individual employee was "interested in returning to work." CRD is not a witness in this litigation and cannot testify as to the subjective mental state of Grimmway employees throughout the interactive process with Rocio Ramirez. Indeed, the real-parties-in-interest Ruben Ramirez (763731) and Emiliano Navarro Rosales (777233) (both included in Grimmway's list of employees presumptively "not interested" in

> returning to work) voluntarily resigned from their employment with
> Grimmway during the interactive process but in fact were interested
> in returning to work.

Grimmway posits that CRD's contention that it does not have sufficient information to admit or deny the RFA is "evasive and noncompliant," and that the term "interested in returning to work" is not ambiguous.  ECF No. 79 at 18.  Grimmway asks the court to compel an admission from CRD with respect to "employees for whom CRD has no reasonable basis to conclude an interest in returning to work."  Id.  The court agrees with CRD that it responded appropriately; even if CRD has "no reasonable basis" to conclude that an individual *was* interested in returning to work, CRD still could not be certain of any individual's subjective intent *not* to return to work unless it had contemporaneous information, such as a note in a text message or document, that an induvial was affirmatively not interested in returning to work.  CRD explains that it reviewed the relevant "documents and information contained in the Interactive Process (IP) files that [Grimmway] produced in connection with each individual, CRD was unable to agree with the premise that these individuals were not interested in returning to work with [Grimmway.]"  ECF No. 79 at 24.  CRD offered to revise its answer if Grimmway could provide an objective definition of "interested in returning to work," which Grimmway did not do.  Id. at 24.

CRD's response complies with the Rules and is adequate; CRD cannot be required to speculate as to individual subjective mindsets – mindsets which may vary and change even over a limited time period.  The motion to compel is denied on this point.

C.  Discovery Regarding Number of People Affected by Policy

The final substantive topic at issue in the joint statement centers on RFA 16 and Interrogatory 16.  The RFA asks CRD to admit that a particular policy or practice "affected" fewer than 20 employees.  The discovery at issue read as follows.

REQUEST FOR ADMISSION NO. 16:

> With respect to the allegation in YOUR Supplemental Response to
> Interrogatory No. 2 set forth in Plaintiff Civil Rights Department's
> Supplemental Responses to Defendant's Interrogatories, Set One,
> that was served on or around January 12, 2024, that GEI engaged in
> a pattern or practice of "[r]equiring individuals with disability to
> compete for open positions, rather than having a policy or practice of
> giving individuals with disabilities preference in hiring for vacant

positions that would accommodate the employee, effectively denying them accommodation when they were not hired," admit that such alleged pattern or practice affected less than 20 employees of GEI during the TIME PERIOD.

RESPONSE TO REQUEST FOR ADMISSION NO. 16:

CRD incorporates the Preliminary Statement as though fully set forth herein. CRD objects to this request because it seeks information that is not relevant or material to the subject of this action and is not reasonably calculated to lead to the discovery of admissible evidence. CRD also objects that this request is vague as to the phrase "affected." For the purposes of responding to this Request for Admission No. 16, CRD defines "affected" to mean "damaged" in the sense of monetary damages. CRD also objects on the grounds of privacy to the extent that the request seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and/or common law rights to personal privacy and confidentiality, including the right to privacy under the California Constitution and the penumbral right to privacy under the U.S. Constitution and any other state or federal law. CRD further objects to the request because it seeks information protected by the attorney-client privilege, attorney work product doctrine, the common interest doctrine, and/or because it seeks the impressions, conclusions, opinions, legal research or theories of attorneys. CRD objects that this request seeks information protected by deliberative process, official information, informant privileges, as well the plain language of the statutory mandate to hold confidential information obtained by CRD in the regular performance of its duties.

Subject to and without waiving the foregoing objections, definitions, and limitations, and based on CRD's present knowledge and information which does not include the review or analysis of documents still to be produced by Defendant and/or experts, the CRD responds as follows: Upon reasonable inquiry and the information known or readily available to CRD at the time of this response, CRD has insufficient information to admit or deny this request for the reasons set forth in the corresponding Interrogatory, Set 3, No. 16.

INTERROGATORY NO. 16:

If CRD's response to Request for Admission No. 16 set forth in Requests for Admission to Plaintiff Civil Rights Department, Set One, propounded by GEI on May 10, 2024, was not an unqualified admission, state all facts upon which CRD bases said response.

RESPONSE TO INTERROGATORY NO. 16:

CRD incorporates the Preliminary Statement as though fully set forth herein. CRD also incorporates its objections to Response to Request for Admission No. 16, as though fully set forth herein. CRD further objects to this interrogatory as overbroad and unduly burdensome insofar as it seeks "all facts" upon which CRD based its response. Without waiving the foregoing objections, and limiting its response

to the material facts supporting its Request for Admission Response(s), CRD answers as follows:

Per Fed. R. Civ. P. 33(d), CRD directs Grimmway to every IP file produced to CRD that: (1) contains documentation mentioning reassignment or transfer to an alternative position during the interactive process (e.g., lists of vacant jobs sent to an employee, position descriptions in the IP file other than descriptions of the employee's "usual and customary" position, notes/emails/letters that mention an alternative position) and (2) contains evidence that this employee was not given preference for reassignment or transfer to an alternative position during the interactive process. Upon reasonable inquiry and the information known or readily available to CRD at the time of this response, CRD has insufficient information to admit or deny that there are less than 20 employees who meet this criteria. Employee Relations Supervisor Rocio Ramirez testified that employees in Grimmway's so called interactive process do not receive preference in hiring but rather have priority to "interview" for open positions. Rocio Ramirez Dep. 70:11-71:18. Production Manager Kari Sanchez testified that that an open position would be awarded by seniority if a qualified disabled employee as well as other qualified applicants had applied for an open position. Kari Sanchez Dep. 78:2-79:5. Medical leave management specialist Keisha Butler testified that she believed employees in Grimmway's interactive process "bid" for open positions. Keisha Butler Dep. 215:5-217:19. The IP files of Ruben Ramirez (GEI00011335-11464), [REDACTED] (GEI00002163- 2187), and (GEI00392425-392495) are examples of files that contain evidence that alternative positions were identified as potential reasonable accommodations but that the employee was required to interview for the position rather than given preference in hiring. There are approximately 105 additional files that contain evidence that alternative positions were identified as potential accommodations, but the files are inconclusive as to whether the individual was or would have been required to interview or otherwise compete for the open position.

Grimmway argues that CRD is, or reasonably should be, in a position to identify at this stage the number of employees that it contends the alleged unlawful practice applied to, and that it is not enough to state "that certain ill-defined files could reflect this practice." ECF No. 79 at 19. The court agrees with CRD that it did answer the question: it identified 105 employee files that contained some evidence that the employee may have been impacted by the unlawful practice, and it offered to provide a list of the files. ECF No. 79. This is responsive on its face, and the court finds no cause to compel any further response beyond what CRD has already offered. The motion is denied on this point.

////

////

1    D.  Objections Regarding CRD's Preliminary Statement

2         Grimmway argues CRD improperly incorporated lengthy preliminary statements into its

3    discovery responses.  ECF No. 79 at 20.  CRD has agreed to remove those preliminary statements

4    and add individual objections as appropriate.  ECF No. 79 at 26.  The court finds the issue moot.

5                              **V.      Conclusion**

6         For the reasons explained above, it is hereby ORDERED that the motion to compel at

7    ECF No. 79 is DENIED.

8         IT IS SO ORDERED.

9    DATED: July 11, 2024.

10

11    _____
      ALLISON CLAIRE
12    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28