UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT, an agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC., d.b.a. GRIMMWAY FARMS,<br><br>Defendant. | No. 2:21-cv-01552 DAD AC<br><br>ORDER |

This matter is before the court on the parties' joint statement at ECF No. 80, which the court construes as a motion to compel brought by defendant. See ECF Nos. 76, 68 (minute orders permitting limited discovery motions beyond the discovery deadline to be filed no later than July 1, 2024). For the reasons set forth below, the motion to compel at ECF No. 80 is DENIED.

**I. Introduction**

The Civil Rights Department ("CRD") is a state agency charged with, among other things, investigating and prosecuting alleged violations of California's anti-discrimination laws, including the Fair Employment and Housing Act ("FEHA"). CRD asserts that it also has authority to investigate and prosecute alleged violations of the Americans with Disabilities ("ADA") in California. See Cal. Gov't Code § 12930 et seq. On August 30, 2021, the CRD filed a civil rights complaint on behalf of "itself in the public interest and all aggrieved disabled

1

employees" for alleged violations of the Fair Employment and Housing Act (FEHA) and the Americans with Disabilities Act (ADA) stemming from Grimmway's alleged failure to engage in the interactive process and provide reasonable accommodation to disabled employees. ECF No. 1. CRD's Complaint seeks remedies for all aggrieved employees. Id. at ¶¶ 2, 25; Prayer for Relief ¶ 3. Grimmway's Answer ("Answer") asserts forty-four Affirmative Defenses. ECF No. 4.

## II.   Applicable Law

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections,

2

without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. V. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

### III.     Motion

The joint statement filed by the parties seeks a court ruling on the adequacy of plaintiff's responses to several interrogatories propounded by defendant.  ECF No. 80 at 20.  The disputed topics fall into two categories.  Each is addressed independently below.

### IV.     Discussion

A.  Interrogatory No. 22

Grimmway challenges the sufficiency of CRD's response to Interrogatory 22, which asks CRD to state the reasons why each person it contends is part of the "group" upon whose behalf CRD seeks relief, is included in the group.  ECF No. 80 at 15.  The interrogatory and response read as follows.

INTERROGATORY 22:

> With respect to each PERSON who CRD contends is a member of the "Group" that is referenced in Paragraph 18 of the COMPLAINT, state each and every reason that CRD included each such PERSON in said "Group" that is referenced in Paragraph 18 of the CRD's COMPLAINT. (For purposes of this set of Interrogatories, the terms "PERSON" and "PERSONS" mean and include a natural person, limited liability company, corporation, association, organization, partnership, business, firm, trust, or public entity. The term "COMPLAINT" means and refers to the Civil Rights Complaint for Compensatory and Punitive Damages, and Injunctive Relief, filed by CRD on or around August 30, 2021 against GEI in the present action that is pending in the United States District Court for the Eastern District of California, Case No. 2:21-cv-01552-DAD-AC.)

RESPONSE TO INTERROGATORY 22:

> CRD incorporates the Preliminary Statement as though fully set forth herein. CRD objects to this Interrogatory on the grounds of privacy to the extent that the request seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and/or common law rights to personal privacy and confidentiality, including the right to privacy under the California Constitution and the penumbral right to privacy under the U.S. Constitution and any other state or federal law.
>
> CRD further objects to the request because it seeks information

   protected by the attorney client privilege, attorney work-product doctrine, the common interest doctrine, and/or because it seeks the impressions, conclusions, opinions, legal research or theories of attorneys. CRD also objects that this request further seeks information protected the official information, deliberative process, and informant's privileges, as well the plain language of the statutory mandate to hold confidential information obtained by CRD in the regular performance of its duties.

   CRD further objects to the extent that the interrogatory requests CRD "state each and every reason . . ." on the ground that discovery is ongoing and CRD may obtain further responsive information in the future, and that responsive information is already in Defendant's possession. CRD further objects to this interrogatory as overbroad and unduly burdensome insofar as it seeks "each and every reason" upon which CRD based its response. CRD further objects that Interrogatory Set 3, No. 22 is unduly burdensome as it is substantially duplicative of Interrogatory Set 1, Nos. 2-13, and 22. CRD's Interrogatory responses are made to the best of Plaintiff's knowledge and information, and CRD reserves the right to supplement its responses. CRD has not fully completed discovery or investigation of the same, including the review of documents still to be produced by Defendant, and has not completed trial preparation. Further discovery or investigation of the same, including the review of documents still to be produced by Defendant, legal research, and analysis of counsel and/or experts may supply additional information, which may substantially alter CRD's responses.

   Without waiving the foregoing objections, CRD answers as follows:

   Paragraph 18 of CRD's COMPLAINT alleges that CRD "brings this government enforcement action for group relief on behalf of itself in the public interest and all aggrieved disabled employees (the 'Group') pursuant to Government Code sections 12961 and 12965." Such "aggrieved disabled employees" are included in the "Group" because Grimmway referred them to and put them through what it characterizes as its "interactive process," thereby subjecting them to its discriminatory patterns and practices based on their disability or perceived disability. CRD hereby incorporates its supplemental responses to Defendant's Interrogatories, Set 1, Nos. 2-13, and 22, served on or around December 1, 2023.

Grimmway argues CRD's response is "plainly evasive" because "[t]he only reasonable reading of CRD's response is that its 'group' includes all employees who were referred to GEI's interactive process department, a characterization which is plainly belied by other of CRD's responses to GEI's discovery which affirmatively admit that certain employees are not part of CRD's 'group' even though they were referred to EI's interactive process department." ECF No. 80 at 15.  CRD counters that its response is not inconsistent with the earlier discovery responses to which Grimmway refers because those earlier interrogatories asked Grimmway to identify

4

1  individuals on whose behalf CRD was seeking "relief," and in crafting those earlier responses
2  CRD "took into consideration that CRD is seeking a variety of relief in its lawsuit, including
3  compensatory damages and affirmative relief [and since] all impacted workers at [Grimmway]
4  are entitled to and stand to benefit from affirmative or injunctive relief, CRD's responses to [the
5  earlier] RFA's define 'relief' as money damages only,'" a definition that Grimmway never
6  challenged.  ECF No. 80 at 21.  Thus, CRD explains, its response to this Interrogatory 22 is
7  necessarily broader than the earlier responses because the "group" includes not only individuals
8  on whose behalf CRD is not seeking monetary "relief," but also individuals who would benefit
9  from injunctive relief.  Grimmway argues that even considering this explanation, the response is
10 still evasive because it is "plainly not a good faith position for CRD to contend that all employees
11 referred to [Grimmway's] interactive process department were subject to an 'unlawful practice'
12 where several employees were, as CRD admits, successfully returned to work" and because CRD
13 did not identify the facts supporting its conclusion that all employees subject to the interactive
14 process were subject to an "unlawful practice."  Id. at 16.

15     In response, CRD asserts that it answered the question asked: each employee that was
16 referred to the "interactive process" during the period at issue is part of the "group," and the
17 reason they are included in the group is because they were referred to the interactive process,
18 which CRD alleges involved discriminatory practices.  ECF No. 80 at 21.  The court agrees with
19 CRD that while Grimmway "substantively disagrees with CRD's response, the disagreement does
20 not change that CRD provided a complete response to GEI's interrogatory."  ECF No. 80.  The
21 response is, on its face, not evasive or circular as Grimmway contends.  Further, this is not a
22 situation in which CRD has information that Grimmway does not have beyond its own attorney-
23 work produced legal theories; the employees that are part of the group are, or were, Grimmway's
24 own employees and Grimmway has access to the employee files.  ECF No. 80 at 20-21.  No
25 further response is necessary, and none will be compelled.
26     B.  Interrogatory Nos. 23-29
27     The second topic of the joint statement involves Interrogatories 23-29, which recite certain
28 unlawful patterns or practices identified by CRD during discovery and ask CRD to identify all

5

employees affected by each pattern or practice identified, along with "all facts" supporting its contentions. ECF No. 80 at 16. Because the substantive arguments presented by the parties are the same for each of these interrogatories, in the interest of space and efficiency, only the question and response to interrogatory No. 23 is reproduced in full below. The remainder of the full interrogatories and responses can be located at ECF No. 80 at 7-14.

INTERROGATORY NO. 23:

> With respect to each and every PERSON whom CRD claims was affected by GEI's pattern or practice of "[r]equiring employees to take unpaid leave when other reasonable accommodations would have allowed the employee to remain on the job or return to work," as alleged in CRD's Supplemental Response to Interrogatory No. 2 set forth in Plaintiff Civil Rights Department's Supplemental Responses to Defendant's Interrogatories, Set One, that was served on or around January 12, 2024, state all the facts that support such claim as to each such PERSON.]

RESPONSE TO INTEROGATORY NO. 23:

> CRD incorporates the Preliminary Statement as though fully set forth herein. CRD objects to this Interrogatory on the grounds of privacy to the extent that the request seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and/or common law rights to personal privacy and confidentiality, including the right to privacy under the California Constitution and the penumbral right to privacy under the U.S. Constitution and any other state or federal law.
>
> CRD further objects to the request because it seeks information protected by the attorney client privilege, attorney work-product doctrine, the common interest doctrine, and/or because it seeks the impressions, conclusions, opinions, legal research or theories of attorneys. CRD also objects that this request further seeks information protected the official information, deliberative process, and informant's privileges, as well the plain language of the statutory mandate to hold confidential information obtained by CRD in the regular performance of its duties.
>
> CRD also objects to this interrogatory's request that CRD "state all the facts . . ." on the ground that discovery is ongoing and CRD may obtain further responsive information in the future, and that responsive information is already in Defendant's possession.
>
> CRD further objects that this interrogatory is vague as to the undefined phrase "affected by." Grimmway's unlawful practice of "[r]equiring employees to take unpaid leave when other reasonable accommodations would have allowed the employee to remain on the job or return to work" applies to and thus "affects" all Grimmway employees who are referred to its so-called interactive process. All

employees subject to an unlawful pattern or practice of discrimination are members of CRD's group for purposes of establishing Grimmway's liability and affirmative relief.

For the purposes of responding to this interrogatory, however, and without waiting its right to pursue affirmative relief on its own behalf and on behalf of all group members, CRD understands "affected by" to mean "damaged by" in the sense of being entitled to monetary damages.

CRD further objects that Interrogatory Set 3, No. 23 is unduly burdensome as it is substantially duplicative of Defendant's Interrogatories, Set 1, Nos. 2-4, 6-8, 10-13, and 16, served on or around December 1, 2023. CRD's Interrogatory responses are made to the best of Plaintiff's knowledge and information, and CRD reserves the right to supplement its responses. CRD has not fully completed discovery or investigation of the same, including the review of documents still to be produced by Defendant, and has not completed trial preparation. Further discovery or investigation of the same, including the review of documents still to be produced by Defendant, legal research, and analysis of counsel and/or experts may supply additional information, which may substantially alter CRD's responses.

Without waiving the foregoing objections, CRD answers as follows: Per Fed. R. Civ. P. 33(d), CRD directs Grimmway to every interactive process file produced to CRD that contains documentation that Grimmway placed the employee on an immediate temporary leave of absence upon referral to the interactive process (see, e.g., letter/email/note from Rocio Ramirez, Personnel Action Form ("PAF") re "interactive process leave"); and either (1) contains evidence that the employee was working in a temporary position, light duty position, "TTJ" or working with other temporary accommodation immediately prior to Grimmway placing them on interactive process leave; or (2) lacks any evidence that Grimmway considered or discussed with the employee any other potential reasonable accommodation other than leave (e.g., modification of duties, transfer or reassignment to an alternative position, assistive technology or services, etc.) before placing the employee on interactive process leave as an accommodation of first resort.

CRD also hereby incorporates its supplemental responses to Defendant's Interrogatories, Set 1, Nos. 2-4, 6-8, 10-13, and 16, served on or around December 1, 2023.

Grimmway asserts that CRD's responses are "plainly evasive" and that the "import of these Interrogatories is plain: [Grimmway] is trying to identify and understand the specific instances of employee treatment upon which CRD bases its contention that [Grimmway] engaged in the purportedly unlawful 'pattern[s] or practice[s],' not merely the identities and circumstances of those employees who might have been "monetarily damaged" by such 'pattern[s] or

7

practice[s]." ECF No. 80 at 17.  Grimmway argues that CRD's responses do not identify any employees or state any facts, but instead improperly refer to Fed. R. Civ P. 33(d), directing Grimmway to vaguely described documents.  Id.  Grimmway contends that the referral to Rule 33(d), which authorizes a responding party to an interrogatory to direct the propounding party to certain documents from which a response may be derived in the event that "the burden of deriving or ascertaining the answer will be substantially the same for either party," is improper because Grimmway is "requesting the bases for *CRD's own theories* based on *its* review of the relevant discovery, which is exclusively within CRD's knowledge."  ECF No. 80 at 19 (emphasis original).

       As a preliminary matter, the court agrees with CRD that to the extent Grimmway is seeking CRD's legal theories in response to these interrogatories, it is improperly seeking protected attorney work product.  Fed. R. Civ. P. 26(b)(3)(B).  CRD further argues, and the court agrees, that it properly invoked Rule 33(d) in response to these interrogatories because CRD refers Grimmway to specific, electronic, searchable files that originated with Grimmway, which Grimmway refers to as its "interactive process files."  ECF No. 80 at 22-23.  See Berster Technologies, LLC v. Christmas, 2:11-CV-1541-KJM, 2011 WL 4710801, 2011 U.S. Dist. LEXIS 114499 (E.D. Cal. Oct. 4, 2011) ("Consideration of the parties' positions convinces the court that Rule 33(d) was not violated. The [14,000] files are in electronic format and … relatively easily searchable and, thus, not unduly burdensome.").  The court agrees with CRD that it is at least as easy – and arguably easier because of Grimmway's presumed familiarity with the documents it originated – for Grimmway to compile the requested information, and Rule 33(d) provides CRD the right to shift the burden here.  Grimmway is not entitled to CRD's legal theories or attorney work product.  The court declines to grant the motion to compel on this point.[1]

---

[1] The court notes that CRD also raised the argument that because it is "prosecuting this group action group action as a pattern-or-practice case, [in] which [the] theory of liability relies on establishment of groupwide patterns and does not turn on – or require – individualized evidence," it would be disproportionate to the needs of the case for the court to compel CRS to answer nuanced individualized liability interrogatories for each alleged group member at this point in the case. ECF No. 80 at 24-25 (citing International Broth. Of Teamsters v. U.S., 431 U.S. 324, 336

C. <u>Objections Regarding CRD's Preliminary Statement</u>

Grimmway argues CRD improperly incorporated lengthy preliminary statements into its discovery responses. ECF No. 80 at 25. CRD has agreed to remove those preliminary statements and add individual objections as appropriate. ECF No. 80 at 5. The court finds the issue moot.

## V. Conclusion

For the reasons explained above, it is hereby ORDERED that the motion to compel at ECF No. 80 is DENIED.

IT IS SO ORDERED.

DATED: July 16, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

(1977)). The court does not reach this argument because it concludes CRD's answers to the interrogatories at issue are facially adequate.