UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT, an agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC., d.b.a. GRIMMWAY FARMS,<br><br>Defendant. | No.  2:21-cv-01552 DAD AC<br><br><br>ORDER |

This matter is before the court on plaintiff's motion to compel expert disclosure.  ECF No. 99.  The parties appeared by counsel for oral argument on December 11, 2024.  ECF No. 110.  The required joint statement was properly submitted and is located at ECF No. 109.  After careful consideration of the documents and the parties' arguments, the motion is DENIED.

**I.     Background**

The Civil Rights Department ("CRD") is a state agency charged with, among other things, investigating and prosecuting alleged violations of California's anti-discrimination laws, including the Fair Employment and Housing Act ("FEHA").  CRD also has authority to investigate and prosecute alleged violations of the Americans with Disabilities Act ("ADA") in California.  See Cal. Gov't Code § 12930 et seq.  On August 30, 2021, the CRD filed a civil rights complaint on behalf of "itself in the public interest and all aggrieved disabled employees"

for alleged violations of the Fair Employment and Housing Act (FEHA) and the Americans with Disabilities Act (ADA) stemming from Grimmway's alleged failure to engage in the interactive process and provide reasonable accommodation to disabled employees.  ECF No. 1.  CRD's Complaint seeks remedies for all aggrieved employees, including farm labor contractor employees.  Id. at ¶¶ 2, 25; Prayer for Relief ¶ 3.  Grimmway's Answer ("Answer") asserts forty-four Affirmative Defenses.  ECF No. 4.

## II.  The Discovery Dispute

Plaintiff seeks compelled disclosure of previously produced employee records as they were organized into discrete employee-specific files by defendant's expert.

On September 12, 2024, Grimmway designated Victoria A. Lipnic as an expert witness and produced her expert report.  ECF No. 109 at 2.  In her report, Ms. Lipnic reaches various opinions based in part on a review and analysis of documents that were provided to her by Grimmway.  Declaration of Jennifer Sperling ¶ 2 (ECF 109-1); Grimmway Ex. A (ECF No. 109-2 at 6).  Specifically, Lipnic references "578 employee files" that were provided to her "as they existed when Grimmway produced them to CRD."  Id.  Plaintiff does not dispute that it has been provided with the same documents that Ms. Lipnic received, in the same format that Lipnic received them from Grimmway, but notes that the documents exceed 36,000 and were not organized into 578 employee files.  Sperling Dec. ¶ 4.

Plaintiff raised the concern with Grimmway that the documents it received were not organized into employee files.  Following meet and confer efforts, on October 18, 2024, Grimmway reproduced to the plaintiff the bates-stamped contents of the 578 employee files, including all of the medical files (consisting of medical leave of absence files and IP files) and the workers' compensation files, for the 578 employees identified by Ms. Lipnic.  Declaration of Jazmine Flores ¶ 6 (ECF No. 109-2).  In addition, Grimmway produced two indexes that listed all of the above referenced documents, including their bates numbers, separated by employee and indicating which file corresponded to which employee.  Flores Dec. ¶ 7.  These indexes enabled the plaintiff to see which documents (including the specific bates numbers) were assigned to each of the 578 employees and what those documents were.  Flores Dec. ¶ 8.  During her deposition on

November 19, 2024, Ms. Lipnic testified that she directed her team to organize the larger set of documents received from Grimmway's counsel into discrete "employee files." This organization was achieved via a computer program ("Python") which was written by a member of Ms. Lipnic's team; she believed that the files were created using employee ID numbers and employee names. Sperling Dec. ¶ 14.

Plaintiff contends that expert production remains incomplete because Grimmway has not produced the actual "employee files" in the format in which Ms. Lipnic ultimately reviewed them. Plaintiff contends "Ms. Lipnic's organization of the large set of raw data into a smaller set of files created an intermediary layer of facts and assumptions – and created new data – that was considered by the expert and should have been disclosed." ECF No. 109 at 6. "Grimmway maintained its position that because it provided the raw data that was provided to Ms. Lipnic, Grimmway has met its Rule 26 obligations with respect to expert disclosure." Id. The dispute is now before the court for resolution.

### III.    Applicable Law

The scope of expert discovery in federal cases is governed by Federal Rule of Civil Procedure 26(a)(2). At subsection B, the Rule requires an expert witness retained or specially employed to provide expert testimony to provide a written report that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Disclosure obligations are "interpreted broadly' to encompass 'any material considered by the expert, from whatever source, that contains factual ingredients' but to exclude the 'theories or

3

mental impressions of counsel.'" Republic of Ecuador v. Mackay, 742 F.3d 860, 869 (9th Cir. 2014) (quoting Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes (2010 amendments)). "Courts have found that the disclosure obligation is not limited to facts or data relied upon by the expert" but also any materials the expert "considered." Wi-Lan USA, Inc. v. Apple Inc., No. 13-cv-798-DMS (BLM), 2014 WL 12160741, at *1, 2014 U.S. Dist. LEXIS 193332 (S.D. Cal. July 17, 2014) (citations omitted). Preparatory materials considered by the expert, even if not ultimately relied upon, must be included in the expert report. Id. An expert report must sufficiently identify the facts and data relied upon by the expert. Alpha GRP, Inc. v. Subaru of Am., Inc., No. 18-cv-2133-MWF-MRWX, 2019 WL 8811864, at *2, 2019 U.S. Dist. LEXIS 231110 (C.D. Cal. Dec. 9, 2019).

### IV.     Analysis

Plaintiff's motion, which amounts to a motion to compel production of defendant's expert witness's organizational system, is denied. It is undisputed that plaintiff has all of the same documents that were made available defendant's expert and upon which the defendant's expert relied and/or which she considered, along with information identifying which documents relate to which employees. Accordingly, plaintiff has the same ability to organize the documents by employee that the expert had. No information relied on by the expert has been withheld. What plaintiff seeks – production of a copy or recreation of the file folders into which the expert witness organized the documents for her own review and referred to as "employee files" – is outside the scope of Rule 26(a)(2)(B).

Plaintiff's cited case law does not support its position. In Alpha GRP, Inc. v. Subaru of America, Inc., supra, the court found that an expert report which did not specifically identify the "facts and data" upon which the expert relied had to be amended to include that information. 2019 U.S. Dist. LEXIS 231110, *5. Here the "facts and data" on which the expert relied are the contents of the documents. Grimmway has supplementally provided the employee names and ID numbers that correlate with the individual documents, which may also constitute "facts and data" considered by the expert. The undersigned finds, however, that the filing system used by Ms.

Lipnic to organize the materials she reviewed does not independently constitute "facts and data" upon which the expert relied and thus falls outside the plain terms of Rule 26(a)(2)(B)(ii).

Nor does the file system itself constitute "preparatory material" of the type required to be disclosed. Plaintiff relies on Wi-Lan USA, Inc. v. Apple, Inc. for the proposition that preparatory materials "considered" by an expert must be disclosed even if they are not actually relied upon, and argues that this logic requires the production of the file folders which the expert used to prepare her report. 2014 U.S. Dist. LEXIS 193332, *7. In Wi-Lan, the court was addressing the issue of unproduced substantive data: specifically, a set of pre-test surveys that the expert "considered" but did not "rely" on in forming his opinion. Id. In this case, the file system cannot reasonably be considered "data" that was considered by the expert. Nor did the sorting of documents into discrete employee files by the expert's staff involve any exercise of discoverable professional judgment predicate to the opinion. Sorting by employee name or number is a purely mechanical, administrative task. An expert's organizational system might constitute discoverable preparatory material if, for example, the sorting was based on a medical expert's own preliminary diagnostic impressions, or a forensic expert's preliminary determination whether or not various items of evidence were suitable for DNA testing. The sorting of documents here involved no exercise of the expert's expertise. The mere fact that an organizational system was created to facilitate expert review does not transform that system into discoverable underlying data or preparatory material.

Based on the representations of the parties and the facts of this case, the undersigned concludes that the file system at issue here is a clerical tool and not the type of substantive information required to be disclosed in or in relation to an expert report. The court is unpersuaded by plaintiff's argument that the organization of documents into employee files created an intermediary layer of facts and assumptions and thus created new discoverable data. The court has not identified any basis upon which it could compel a purely clerical process utilized in expert review to be compelled for production. Grimmway has satisfied its Rule 26 obligations in relation to the Lipnic report by producing to plaintiff the same documents that were provided to its expert, in the same format that they were provided to the expert, and subsequently

providing the bates numbers and corresponding employee information. Accordingly, the motion to compel will be denied.

### V.     Conclusion

For the reasons explained above, it is hereby ORDERED that the motion to compel at ECF No. 99 is DENIED.

DATED: December 12, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE