UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC.,<br><br>Defendant. | No. 2:21-cv-01552-DAD-AC<br><br>ORDER DENYING DEFENDANT'S REQUESTS FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S DISCOVERY ORDERS<br><br>(Doc. Nos. 87, 88) |

This matter is before the court on defendant's requests for reconsideration of the assigned magistrate judge's discovery orders dated July 12, 2024 and July 17, 2024 (Doc. Nos. 82, 83), denying defendant's motions to compel (Doc. Nos. 79, 80). (Doc. Nos. 87, 88.) On August 2, 2024, plaintiff filed oppositions to the pending requests for reconsideration. (Doc. No. 89, 90.) For the reasons explained below, defendant's requests for reconsideration will be denied.

## BACKGROUND

Plaintiff Civil Rights Department ("CRD"), formerly known as the Department of Fair Employment and Housing ("DFEH"), "is the [California] state civil rights department charged with prosecutorial authority to investigate, mediate, and litigate civil rights enforcement actions."

1

1  (Doc. No. 1 at ¶ 8.)  On or about July 17, 2018, plaintiff filed and served an administrative
2  Director's Complaint against defendant Grimmway Enterprises, Inc. ("GEI"), a large agricultural
3  employer in Kern County, California.  (*Id.* at ¶ 2, 13.)  On or about February 2, 2021, the parties
4  participated in a private mediation to attempt "to resolve this matter without litigation."  (*Id.* at
5  ¶ 16.)  On August 30, 2021, after the mediation apparently failed to resolve this matter, plaintiff
6  filed this action "to redress employment discrimination" by defendant.  (*Id.* at ¶ 2.)  Plaintiff
7  alleges, for instance, that although defendant was required to engage each employee with a
8  disability in a timely, good faith interactive process to identify reasonable accommodations,
9  defendant failed to do so and instead frequently placed employees with disabilities on unpaid
10  "interactive process leave" as a tactic to avoid accommodating their disabilities.  (*Id.* at ¶¶ 26–36,
11  58.)  Based upon this and other allegations, plaintiff brings the following claims under the
12  Americans with Disabilities Act and California state law:  (1) disability discrimination; (2) failure
13  to provide reasonable accommodation; (3) failure to engage in the interactive process; (4)
14  retaliation; (5) unlawful interference with rights; and (6) failure to take all reasonable steps to
15  prevent discrimination, harassment, and retaliation.  (*Id.* at 8–14.)

16        1.    <u>Request for Reconsideration Regarding Requests for Admission 3–9 and
17               Interrogatories 3–9</u>

18  On May 10, 2024, defendant propounded on plaintiff its First Set of Requests for
19  Admission and Third Set of Interrogatories, to which plaintiff responded on June 10, 2024.  (Doc.
20  No. 79 at 3.)  Requests for admission 3–9 from defendant's First Set of Requests for Admission
21  asked plaintiff to admit that certain purported unlawful practices had not been discussed as part of
22  the parties' pre-suit conciliation process.  (*Id.*)  Interrogatories 3–9 from defendant's Third Set of
23  Interrogatories requested that plaintiff "state all facts upon which it bases its responses to the
24  corresponding requests for admission."  (*Id.*)  Plaintiff objected on the grounds that "these
25  requests impermissibly seek admissions about [plaintiff's] pre-suit conciliation efforts, which are
26  protected by federal and state mediation privilege and seek irrelevant information as [plaintiff's]
27  pre-suit conciliation efforts are not mandatory."  (*Id.* at 5.)  On July 1, 2024, the parties filed a
28  joint statement regarding a discovery disagreement, detailing the parties' different views

regarding, requests for admission 3–9 and interrogatories 3–9 among other discovery requests. (Doc. No. 79.) On July 12, 2024, the magistrate judge issued an order construing the statement re discovery disagreement (Doc. No. 79) as a motion to compel and denying that motion. (Doc. No. 82.) In denying defendant's motion to compel as to its requests for admission 3–9 and interrogatories 3–9, the magistrate judge concluded as follows:

> Without reaching the issues of privilege or waiver, the court finds that the motion to compel must be denied as to this category of discovery on relevance grounds; the topics covered in pre-suit conciliation efforts are not relevant to the claims or defenses in this case because pre-suit conciliation is not an absolute pre-requisite to suit. The Fair Employment and Housing Act [("FEHA")] directs CRD, prior to filing a civil action, to "require all parties to participate in mandatory dispute resolution in the department's internal dispute resolution division . . . in an effort to resolve the dispute without litigation." Cal. Gov't Code, § 12965(a)(2). However, this is not an absolute condition precedent to CRD's authority to file a civil action, as expressed by the plain language of the statute and supporting case law. California Government Code Section 12965(a)(1) plainly states that "[i]n the case of failure to eliminate an unlawful practice under this part through conference, conciliation, mediation, or persuasion, *or in advance thereof if circumstances warrant*, the director in the director's *discretion* may bring a civil action in the name of the department." *Id.* (emphasis added).
>
> The court notes that section 12963.7, the subsection of the statute entitled "Elimination of unlawful employment practice by conference, conciliation and persuasion; confidentiality; disclosure as misdemeanor," requires the agency, upon determining that an administrative complaint is valid, to "immediately *endeavor* to eliminate the unlawful . . . practice complained of by conference, conciliation, and persuasion." Cal. Gov't Code § 12963.7 (emphasis added). Courts have evaluated this language and found that "[t]he use of the permissive word endeavor in § 12963.7, on its face, undercuts any reading of this section that would impose conciliation as a necessary prerequisite." *Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council Inc.*, 896 F. Supp. 2d 849, 864 (N.D. Cal. 2012) ("[T]he California Court of Appeal and Housing Commission have confirmed that conciliation under FEHA is not a condition precedent to filing suit"); *see also Motors Ins. Corp. v. Div. of Fair Employment Practices*, 118 Cal.App.3d 209, 224 (1981) (DFEH is able "to file an accusation within the statutorily prescribed time even if it has not obtained optimum results from its investigation or its efforts at conciliation").
>
> Based on the foregoing, defendant has not met its initial burden to demonstrate that this discovery is relevant to the claims or defenses at issue in this case. Thus, the motion to compel is denied on this point.

(*Id.* at 5–6.)

On July 26, 2024, defendant filed the pending request for reconsideration of the portion of the magistrate judge's July 12, 2024 order that denied its motion to compel as to requests for admission 3–9 and interrogatories 3–9. (Doc. Nos. 87.) Plaintiff filed its opposition to that motion on August 2, 2024. (Doc. No. 89.)

2. <u>Request for Reconsideration Regarding Responses to Interrogatories 23–29</u>

Interrogatories 23–29 of defendant's Third Set of Interrogatories sought the identities of employees plaintiff contends were affected by certain unlawful patterns or practices, as well as all facts in support of such contentions. (Doc. No. 90 at 3.) For instance, defendant's interrogatory 23 referred to the pattern or practice of "[r]equiring employees to take unpaid leave when other reasonable accommodations would have allowed the employee to remain on the job or return to work." (Doc. No. 83 at 6.) Plaintiff objected to these interrogatories but also answered them by invoking Federal Rule of Civil Procedure 33(d) and directing defendant to the approximately 600 "interactive process" business records that originated with defendant. (Doc. No. 88 at 10.) On July 1, 2024, the parties filed a joint statement regarding a discovery disagreement, detailing the parties' different views regarding interrogatories 23–29 among others. (Doc. No. 80.) On July 17, 2024, the magistrate judge issued an order construing the statement re discovery disagreement (Doc. No. 80) as a motion to compel and denying this motion to compel as well. (Doc. No. 83.) In denying defendant's motion to compel as to interrogatories 23–29, the magistrate judge explained as follows:

> As a preliminary matter, the court agrees with CRD that to the extent Grimmway is seeking CRD's legal theories in response to these interrogatories, it is improperly seeking protected attorney work product. Fed. R. Civ. P. 26(b)(3)(B). CRD further argues, and the court agrees, that it properly invoked Rule 33(d) in response to these interrogatories because CRD refers Grimmway to specific, electronic, searchable files that originated with Grimmway, which Grimmway refers to as its "interactive process files." ECF No. 80 at 22-23. *See Berster Technologies, LLC v. Christmas*, 2:11-CV-1541-KJM, 2011 WL 4710801, 2011 U.S. Dist. LEXIS 114499 (E.D. Cal. Oct. 4, 2011) ("Consideration of the parties' positions convinces the court that Rule 33(d) was not violated. The [14,000] files are in electronic format and . . . relatively easily searchable and, thus, not unduly burdensome."). The court agrees with CRD that it is at least as easy – and arguably easier because of Grimmway's presumed familiarity with the documents it originated – for Grimmway to compile the requested information, and Rule 33(d) provides CRD the

> right to shift the burden here. Grimmway is not entitled to CRD's legal theories or attorney work product. The court declines to grant the motion to compel on this point.

(*Id.* at 8.)

On July 26, 2024, defendant filed the pending request for reconsideration of the portion of the magistrate judge's July 17, 2024 order denying its motion to compel as to interrogatories 23–29. (Doc. No. 88.) As noted above, on August 2, 2024, plaintiff filed its opposition to the pending request for reconsideration. (Doc. No. 90.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are generally non-dispositive pretrial motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Thus, the orders of a magistrate judge addressing discovery motions are generally subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Int'l., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Est. of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

5

Pursuant to Local Rule 303(c):

> A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."

L.R. 303(c). The Local Rules further provide that "the standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

## DISCUSSION

**A.   Request for Reconsideration Regarding Defendant's Requests for Admission 3–9 and Interrogatories 3–9**

In defendant's request for reconsideration of the magistrate judge's July 12, 2024 discovery order denying its motion to compel, defendant argues that the decision exceeded the powers of a magistrate judge to adjudicate non-dispositive pretrial matters and was contrary to law. (Doc. No. 87 at 6–11.)

    1.   <u>Whether the Magistrate Judge's Order Was Dispositive</u>

Defendant argues that the magistrate judge's decision exceeded the powers of a magistrate judge because the decision was dispositive with respect to one of defendant's affirmative defenses. The affirmative defense at issue states that "DFEH [now CRD] has failed to fulfill all of the conditions precedent to bringing the present action including, but not limited to, the DFEH's failure to comply with the notice and conciliation requirements set forth in the FEHA before filing suit." (Doc. No. 4 at 11–12.) The magistrate judge reasoned that defendant's requested discovery was not relevant because "pre-suit conciliation is not an absolute pre-requisite to suit." (Doc. No. 82 at 5.) Defendant argues this reasoning dispensed with defendant's affirmative defense regarding conciliation as a condition precedent to suit, effectively barring defendant from conducting any discovery as to that affirmative defense. Plaintiff responds by arguing that the magistrate judge's decision did not dispense with defendant's

/////

6

1  affirmative defense because defendant has access to alternative sources for any evidence that
2  might support this affirmative defense. (Doc. No. 89 at 6 & n.4.)

3        "To determine whether a motion is dispositive," the Ninth Circuit "has adopted a
4  functional approach that looks to the effect of the motion, in order to determine whether it is
5  properly characterized as dispositive or non-dispositive of a claim or defense of a party." *CPC*
6  *Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022) (citation omitted) (cleaned
7  up). "A decision that effectively denies the ultimate relief sought by a party or disposes of any
8  claims or defenses is dispositive." *Id.* "Discovery orders are ordinarily considered non-
9  dispositive because they do not have the effect of dismissing a cause of action, a claim or a
10 defense, affect the issuance of an injunction, or have some other conclusive consequence." *Twin*
11 *Star Int'l Inc. v. Whalen Furniture Mfg., Inc.*, No. 11-cv-01984-AJB-WVG, 2013 WL 3455762,
12 at *1 (S.D. Cal. July 9, 2013); *see also U.S. Sec. & Exch. Comm'n v. Talbot*, No. 04-cv-04556-
13 MMM-PLA, 2005 WL 8154566, at *2 (C.D. Cal. June 27, 2005) ("Matters concerning discovery
14 generally are considered 'nondispositive' of the litigation."). Of course, the order of a magistrate
15 judge addressing a dispositive issue is treated as non-binding recommendation and is reviewed *de*
16 *novo* by the assigned district judge. *CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 807.

17       Here, the effect of the magistrate judge's discovery order denying its motion to compel is
18 that defendant is precluded from conducting certain discovery as to its affirmative defense of pre-
19 suit conciliation as a condition precedent to suit. Indeed, the reasoning of the order denying
20 defendant's motion to compel would appear to effectively bar all such discovery as irrelevant.
21 Employing the functional approach, barring a defendant from conducting discovery as to an
22 affirmative defense because that defense is without merit constitutes a dispositive order. *Cf.*
23 *Sundby v. Marquee Funding Grp., Inc.*, No. 19-cv-00390-GPC-AHG, 2020 WL 4195071, at *9
24 n.4 (S.D. Cal. July 21, 2020) ("The Court finds that the Magistrate Judge did not err in assuming
25 *arguendo* the defense of unclean hands can apply in the context of TILA and thus considering the
26 subject exhibits' relevance to that defense. . . . [D]eciding whether an affirmative defense is
27 permitted under TILA requires entering a dispositive order, and thus the Magistrate Judge lacked
28 the authority to decide the question."); *Martinez v. Univ. of San Diego*, No. 3:20-cv-01946-RBM-

7

1   VET, 2024 WL 479970, at *5 (S.D. Cal. Feb. 7, 2024) ("Under either an implied contract or

2   unjust enrichment theory, Plaintiffs' claim cannot succeed if they cannot prove damages. . . . And

3   in light of the magistrate judge's May 23, 2023 Order striking Dr. Macartney's April 2023

4   Report, Defendant argues Plaintiffs' claims must fail due to an inability to prove damages. . . .

5   Therefore, the Court reviews Plaintiffs' objections to the magistrate judge's May 23, 2023 Order

6   *de novo*.").

7   Because the magistrate judge's order was dispositive, the court will treat the order as it

8   would a finding and recommendation and will review that order *de novo*. *CPC Pat. Techs. Pty*

9   *Ltd.*, 34 F.4th at 807.

10       2.    <u>Whether Pre-Suit Conciliation is a Condition Precedent to Suit</u>

11   "Under Rule 72(b), a party may make 'specific written objections' to the magistrate

12   judge's recommended disposition." *Jones v. PGA TOUR, Inc.*, 668 F. Supp. 3d 907, 916 (N.D.

13   Cal. 2023) (quoting Fed. R. Civ. P. 72(b)(2)), *appeal dismissed,* No. 23-15530, 2023 WL

14   4405094 (9th Cir. June 22, 2023).[1] "The district judge must determine de novo any part of the

15   magistrate judge's disposition that has been properly objected to." *Id.* (quoting Fed. R. Civ. P.

16   72(b)(3). "Only objections that reference specific portions of the report and recommendation will

17   trigger *de novo* review—general or conclusory objections do not suffice." *Id.* (quoting *Ali v.*

18   *Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017), *aff'd*, 772 F. App'x 580 (9th Cir. 2019)).

19   "The district judge may accept, reject, or modify the recommended disposition; receive further

20   evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ.

21   P. 72(b)(3)).

22   Here, defendant objects to the magistrate judge's finding that pre-suit conciliation is not

23   an absolute pre-requisite to plaintiff bringing this suit. Defendant argues "it is well-established

24   that before the CRD may file [a] civil lawsuit, it must require all parties to participate in

25   mandatory dispute resolution as to the allegations in the administrative complaint that it deemed

26   meritorious." (Doc. No. 87 at 8.) To support this contention, defendant cites California

27

28   [1] Citation to unpublished Ninth Circuit opinions throughout this opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Government Code § 12965(a)(2) ["mandatory dispute resolution statutory provision"]: "Prior to filing a civil action, the department shall require all parties to participate in mandatory dispute resolution in the department's internal dispute resolution division free of charge to the parties in an effort to resolve the dispute without litigation." Defendant also cites California Code of Regulations, Title 2 § 10031(b) ["mandatory dispute resolution regulation"]: "A civil action may be filed, if at all, only after the department has required mandatory dispute resolution."

Defendant does not, however, highlight the key statutory provision, California Government Code § 12965(a)(1) ["'if circumstances warrant' statutory provision"] which provides: "In the case of failure to eliminate an unlawful practice under this part through conference, conciliation, mediation, or persuasion, or in advance thereof if circumstances warrant, the director in the director's discretion may bring a civil action in the name of the department, acting in the public interest, on behalf of the person claiming to be aggrieved." The now-repealed predecessor provision to this "if circumstances warrant" provision was California Labor Code § 1422.2 ["repealed 'if circumstances warrant' statutory provision"] which provided: "In the case of failure to eliminate an unlawful practice under this part through conference, conciliation or persuasion, or in advance thereof if circumstances warrant, the chief in his or her discretion may cause to be issued in the name of the division a written accusation." Because the "if circumstances warrant" statutory provision allows for suit "in advance" of conciliation "if circumstances warrant[,]" the court must decide between two possible interpretations of that provision: either (1) pre-suit conciliation is a condition precedent to suit, and courts must adjudicate when circumstances warrant an exception to that general rule, or (2) it is up to the CRD's discretion whether circumstances warrant suit prior to conciliation, in which case pre-suit conciliation is not a condition precedent to suit.

In finding that pre-suit conciliation is not an absolute pre-requisite to suit, the magistrate judge relied in part on a 1981 decision from the California Court of Appeal in which the court "conclude[d] that there is ample justification to find that it was the Legislature's intent in Labor Code section 1422.2 that the Division exercise its discretion in determining what circumstances warrant the premature filing of an accusation under this section." *Motors Ins. Corp. v. Div. of*

9

1    *Fair Employment Practices*, 118 Cal. App. 3d 209, 224 (1981) (emphasis added).  "Further, the
2    Division may use this section to enable it to file an accusation within the statutorily prescribed
3    time even if it has not obtained optimum results from its investigation or its efforts at
4    conciliation."  *Id.*  "There is little question that voluntary compliance enables the Commission to
5    better carry out its responsibilities, and that a maximum effort should be made by the Division to
6    accomplish this end, but we will not prescribe the precise manner in which the Division must
7    carry out its duties."  *Id.*  The magistrate judge also cited a decision of a district court in which it
8    was found that "the California Court of Appeal" in *Motors Insurance Corp.* "confirmed that
9    conciliation under FEHA is not a condition precedent to filing suit."  *Dep't of Fair Emp. & Hous.*
10   *v. L. Sch. Admission Council Inc.*, 896 F. Supp. 2d 849, 864 (N.D. Cal. 2012) (citing *Motors Ins.*
11   *Corp.*, 118 Cal. App. 3d 209).

12          Defendant argues the state appellate court's decision in *Motors Insurance Corp.* is
13   inapposite because it interpreted the repealed "if circumstances warrant" statutory provision.
14   (Doc. No. 87 at 10.)  However, the relevant portion of the repealed "if circumstances warrant"
15   statutory provision is nearly identical to the relevant portion of the now effective "if
16   circumstances warrant" statutory provision.  The repealed statutory provision stated:  "*In the case*
17   *of failure to eliminate an unlawful practice under this part through conference, conciliation or*
18   *persuasion, or in advance thereof if circumstances warrant*, the chief in his or her discretion may
19   cause to be issued in the name of the division a written accusation."  *Motors Ins. Corp.*, 118 Cal.
20   App. 3d at 218 (emphasis added) (quoting Labor Code § 1422.2(a)).  The currently effective
21   successor provision states:  "*In the case of failure to eliminate an unlawful practice under this*
22   *part through conference, conciliation*, mediation, *or persuasion, or in advance thereof if*
23   *circumstances warrant*, the director in the director's discretion may bring a civil action in the
24   name of the department, acting in the public interest, on behalf of the person claiming to be
25   aggrieved."  Cal. Gov't Code § 12965(a)(1) (emphasis added).  Because the legislature amended
26   the statute "without altering portions of the provision that have previously been judicially
27   construed" in *Motors Insurance Corp.*, "the [l]egislature is presumed to have been aware of and
28   to have acquiesced in the previous judicial construction[.]"  *Marina Point, Ltd. v. Wolfson*, 30

10

Cal.3d 721, 734 (1982). Therefore, this court must give the "reenacted portions of the statute . . . the same construction they received before the amendment" in *Motors Insurance Corp. Id.*

The mandatory dispute resolution statutory provision defendant highlights, California Government Code § 12965(a)(2), does not alter the court's view in this regard. The "if circumstances warrant" statutory provision expressly modifies the mandatory dispute resolution statutory provision because both statutory provisions are from California Government Code § 12965(a) and the "if circumstances warrant" subsection states that "[i]n the case of failure to eliminate an unlawful practice *under this part* through conference, conciliation, mediation, or persuasion, *or in advance thereof if circumstances warrant*, the director in the director's discretion may bring a civil action[.]" Cal. Gov't Code § 12965(a)(1) (emphasis added).

The mandatory dispute resolution regulation, California Government Code, Title 2, § 10031, also does not support a contrary interpretation. "[E]ach sentence" of a regulation "must be read not in isolation but in the light of the statutory scheme[.]" *Bates v. Poway Unified Sch. Dist.*, 83 Cal. App. 5th 907, 927 (2022) (citation omitted). "[R]egulations must be consistent, not in conflict with the statute." *Id.* While the mandatory dispute resolution regulation may appear to require pre-suit conciliation without exception, reading the regulation in light of the "if circumstances warrant" statutory provision reveals that such a reading cannot be correct, since the superseding statutory provision allows for suit prior to conciliation if circumstances warrant. *See* Cal. Gov't Code, tit. 2, § 10031; Cal. Gov't. Code § 12965(a)(1). Furthermore, the mandatory dispute resolution regulation does not mandate whether a court should determine what circumstances warrant the bringing of a suit prior to dispute resolution procedures, or whether that should be entrusted to the discretion of the CRD. Cal. Gov't Code, tit. 2, § 10031. As such, the mandatory dispute resolution regulation has no impact upon the California Court of Appeal's determination in *Motors Insurance Corp.* that as a matter of law this exception is to be applied at the discretion of the CRD's predecessor.

In support of its position defendant also relies upon the decision in *Department of Fair Employment & Housing v. Superior Court of Kern County*, 54 Cal. App. 5th 356, 372, 386–87 (2020). (Doc. No. 87 at 9). There, the state appellate court focused on a different provision of

the California Government Code, § 12974, which permits suit for temporary relief under certain circumstances. *Kern*, 54 Cal. App. 5th at 372 (2020). The state appellate court only addressed California Government Code § 12965 to serve as a contrast to § 12974. *Id.* at 373. As such, the court in *Kern* did not examine the text of § 12965 or any related precedent, instead merely briefly asserting without analysis or support that pre-suit conciliation is a "condition[] precedent to filing a civil action under section 12965." *Id.* at 373. Because California Government Code § 12965 was not the focus of the state appellate court's decision in *Kern*, it did not address at all the key statutory clause, which permits suit "in advance" of pre-suit conciliation "if circumstances warrant." Cal. Gov't. Code § 12965(a)(1). In short, the court in *Kern* simply did not attempt to explain how its passing conclusion coheres with the relevant portion of the "if circumstances warrant" statutory provision. Nor did the court in *Kern* clarify how a court might adjudicate what circumstances warrant suit prior to conciliation. Moreover, this court has not identified any California case explaining how a court might adjudicate what circumstances warrant suit in advance of conciliation efforts in this context.

Federal courts "should . . . follow a published intermediate state court decision regarding California law unless we are convinced that the California Supreme Court would reject it." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). At the same time, "California Court of Appeal's decisions regarding California law" are "not . . . binding." *Harper v. Charter Commc'ns, LLC*, No. 2:19-cv-00902-WBS-DMC, 2022 WL 1204706, at *1 (E.D. Cal. Apr. 22, 2022). Because the California legislature acquiesced to the interpretation announced by the state appellate court in *Motors Insurance Corp.* by leaving the relevant statutory language unchanged, and because the more recent California Court of Appeal decision mentioning § 12965 did not grapple with the key language from the "if circumstances warrant" statutory provision, this court is persuaded that as a matter of California law it is a matter left to the CRD's discretion whether "circumstances warrant" suit prior to conciliation. Cal. Gov't. Code § 12965(a)(1).

Therefore, reviewing the magistrate judge's order *de novo*, the court agrees that pre-suit conciliation is not an absolute prerequisite to suit.

/////

1  **B.     Request for Reconsideration Regarding Interrogatories 23–29**

In requesting reconsideration of the magistrate judge's July 17, 2024 order denying defendant's motion to compel, defendant argues that the order was clearly erroneous and contrary to law. (Doc. No. 88 at 3.) Defendant seeks reconsideration of the magistrate judge's order concerning its interrogatories 23–29. (Doc. No. 83 at 5–8.) These interrogatories recited certain unlawful patterns or practices identified by plaintiff during discovery and asked plaintiff to identify all employees affected by each pattern or practice, along with "all facts" supporting its contentions. (*Id.* at 5–6.) Plaintiff had responded to these interrogatories by invoking Rule 33(d) and directing defendant to approximately 600 "interactive process files" that originated with defendant. (Doc. No. 88 at 10.) The magistrate judge found "that to the extent Grimmway is seeking CRD's legal theories in response to these interrogatories, it is improperly seeking protected attorney work product" and CRD "properly invoked Rule 33(d) in response to these interrogatories because CRD refers Grimmway to specific, electronic, searchable files that originated with Grimmway[.]" (Doc. No. 83 at 8.) Defendant argues both grounds relied upon in the order are incorrect. The court reviews under the clearly erroneous or contrary to law standard. L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).

       1.     <u>Federal Rule of Civil Procedure 33(d)</u>

Rule 33(d) allows a party to answer an interrogatory by specifying business records if the burden of deriving or ascertaining the answer from those business records will be substantially the same for either party. Defendant argues that plaintiff's invocation of Rule 33(d) was improper as a matter of law. (Doc. No. 88 at 9–11.) The court addresses each case defendant cites in turn.

In the first of the cases relied upon by defendant, the party had responded to the interrogatory at issue by stating that it had already produced the information and it would produce documents not already produced sufficient to answer the interrogatory. *Kaneka Corp. v. Zhejiang Med. Co.*, No. 11-cv-02389-SJO-SS, 2016 WL 11266869, at *8 (C.D. Cal. Oct. 18, 2016). The district court in that case found this was an improper invocation of Rule 33(d) because the defendant did not identify "specifically which documents contain the answer." *Id.* (emphasis

13

removed). In contrast, here, plaintiff has identified the specific documents that answer defendant's interrogatories—the approximately 600 "interactive process" files that came from defendant itself. (Doc. No. 88 at 10.) Accordingly, the decision in *Kaneka Corp.* provides no basis upon which to reject the magistrate judge's conclusion.

The second case defendant relies upon in support of its argument features a defendant who promised to provide documents in accordance with Rule 33(d) but had yet to do so. *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996). Again, the district court's order in *DeFabiis* provides no basis upon which to overturn the magistrate judge's discovery order.

In the third case defendant cites, the defendant had responded to an interrogatory by referring the plaintiff to six records. *Scanlon v. Curtis Int'l, Ltd.*, No. 1:19-cv-00937-NONE-SKO, 2020 WL 7360543, at *7 (E.D. Cal. Dec. 15, 2020). The district court determined that the six records referred to by the defendant did not contain a complete answer to the plaintiff's interrogatory and, as such, constituted an inadequate response. *Id.* Here, defendant appears to argue in a conclusory manner that the files plaintiff designated do not constitute a complete response to its interrogatories. (Doc. No. 88 at 11) ("[F]rom [defendant's] perspective, none of the more than 600 'interactive process files' that [defendant] has produced in this action meet the criteria laid out by the CRD in its Responses to GEI's Interrogatories 23–29."). Defendant provides no support for its assertion in this regard. Moreover, plaintiff maintains that the "interactive process" files provide a complete response to defendant's interrogatories. (Doc. No. 90 at 3–4.) Whether the designated files contain a complete response is a factual dispute, which is reviewed under the clearly erroneous standard. *McConney*, 728 F.2d at 1200–01. Defendant's conclusory argument does not persuade the court that the magistrate judge's order was clearly erroneous because it does not provide the court with "a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc.*, 508 U.S. at 623 (citation omitted).

The undersigned agrees with the magistrate judge's conclusion that plaintiff's invocation of Rule 33(d) was proper because plaintiff directed defendant to approximately 600 "specific, electronic, searchable files." (Doc. No. 83 at 8) (citing *Berster Techs., LLC v. Christmas*, 2:11-cv-01541-KJM-JFM, 2011 WL 4710801 (E.D. Cal. Oct. 4, 2011)) ("Consideration of the parties'

1    positions convinces the court that Rule 33(d) was not violated. The [14,000] files are in electronic
2    format and . . . relatively easily searchable and, thus, not unduly burdensome."). Further, the
3    burden of deriving or ascertaining the answer from those business records would be at the very
4    least substantially the same for either party, if not easier for defendant, because the 600
5    employment files originated with defendant. (Doc. No. 83 at 8.)

        2.      <u>Attorney Work Product</u>

Defendant also objects to the magistrate judge's reasoning "that to the extent Grimmway is seeking CRD's legal theories in response to these interrogatories, it is improperly seeking protected attorney work product[.]" (Doc. No. 83 at 8.) Defendant argues that attorney work product doctrine does not excuse plaintiff from answering the interrogatories at issue because "work product doctrine does not protect against the disclosure of facts or the identity of persons from whom the facts are learned." (Doc. No. 88 at 8) (citation omitted). Because the court has already found that plaintiff did in fact answer the interrogatories at issue by properly invoking Rule 33(d) and designating defendant's own employment files from which defendant can derive the relevant facts and identity of persons, defendant's argument on this point is also unpersuasive. To the extent that defendant's request seeks a subjectively curated list of the individuals plaintiff deems to be important to its case, that information is protected by the attorney work product doctrine. *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, No. 01-cv-20418-JW, 2005 WL 1459555, at *4 (N.D. Cal. June 21, 2005). Furthermore, defendant has made no argument or showing that it has a substantial need or faces undue hardship sufficient to overcome the qualified protection. *Id.* at *5. Therefore, there is no basis upon which to conclude that the magistrate judge's order denying defendant's motion to compel was clearly erroneous or contrary to law.

**CONCLUSION**

For the reasons set forth above,

1. Plaintiff's July 26, 2024 request for reconsideration of the magistrate judge's July 12, 2024 order (Doc. No. 87) is DENIED;

/////

15

2.  Plaintiff's July 26, 2024 request for reconsideration of the magistrate judge's July 17, 2024 order (Doc. No. 88) is DENIED; and

3.  The court will address the parties' remaining pending motions (Doc. Nos. 118, 122, 124) by separate order.

IT IS SO ORDERED.

Dated:   **February 25, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE