RUMDUOL VUONG, Assistant Chief Counsel (#264392)
rumduol.vuong@calcivilrights.ca.gov
ALEXIS ALVAREZ, Associate Chief Counsel (#281377)
alexis.alvarez@calcivilrights.ca.gov
JENNIFER H. SPERLING, Associate Chief Counsel (#310551)
jennifer.sperling@calcivilrights.ca.gov
MATTHEW TURNBULL, Senior Staff Counsel (#307271)
matthew.turnbull@calcivilrights.ca.gov
SOYEON C. OUM, Senior Staff Counsel (#324046)
soyeon.oum@calcivilrights.ca.gov
MACKENZIE ANDERSON, Staff Counsel (#335469)
mackenzie.anderson@calcivilrights.ca.gov
IRENE MEYERS, Staff Counsel (#340312)
irene.meyers@civilrights.ca.gov
CALIFORNIA CIVIL RIGHTS DEPARTMENT
Legal Division
651 Bannon Street, Suite 200
Sacramento, CA 95811
Telephone: (916) 964-1925
Facsimile: (888) 382-5293

Attorneys for Plaintiff,
Civil Rights Department

(Fee Exempt, Cal. Gov't Code, § 6103)

## IN THE UNITED STATE DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT, an agency of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC., d.b.a. GRIMMWAY FARMS<br><br>Defendant. | Case No.: 2:21-cv-01552-DAD-AC<br><br>**CIVIL RIGHTS DEPARTMENT'S OPPOSITION TO GRIMMWAY'S RULE 23 MOTION TO DENY CLASS CERTIFICATION OR STRIKE CLASS OR GROUP ALLEGATIONS**<br><br>[*Filed concurrently with: Declaration of Irene Meyers*]<br><br>Date: May 5, 2025<br>Time: 1:30 p.m.<br><br>Judge:   Hon. Dale A. Drozd<br>Mag:     Hon. Allison Claire<br>Complaint Filed: August 30, 2021<br>Trial Date: September 22, 2025 |

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND .................................................................................................2

    A.  CRD is a public prosecutor charged with enforcing California's civil rights law on behalf of itself and in the public interest.........................................................2

    B.  The Fair Employment and Housing Act authorizes CRD to bring representative enforcement actions on behalf of a group or class without meeting class certification requirements.................................................................................3

    C.  CRD's enforcement action against Grimmway arose out of a director's complaint alleging group-wide unlawful practices.................................................3

III.  ARGUMENT .......................................................................................................4

    A.  Representative government enforcement actions, like CRD's civil rights lawsuit against Grimmway, are not governed by Rule 23 requirements. ..................4

    B.  Grimmway's motion should be denied given caselaw, such as *LSAC*, holding that CRD is not subject to class certification requirements. ..................................6

        1.  *General Telephone* has broad application to government enforcement actions beyond the EEOC. ...............................................................................7

        2.  The *LSAC* court correctly analyzed the numerous parallels between CRD and the EEOC that justify application of *General Telephone*. ..................8

        3.  State decisional law has continued to analogize between CRD and the EEOC, further solidifying *LSAC*'s holding..........................................................10

        4.  Like the *LSAC* court, state trial courts have concluded that CRD is not subject to class certification requirements when prosecuting government enforcement actions...........10

    C.  Grimmway's motion wrongly conflates pattern and practice, which is a method of proof that is available to CRD in this case, with CRD's authority to pursue a representative ADA action in its own name.........................................11

    D.  Pattern or practice is a method of proof which has no bearing on the applicability of Rule 23 in this case.................................................12

i

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations*
*Case No.: 2:21-cv-01552-DAD-AC*

E.  CRD's government enforcement action can employ the pattern or practice method of proof for disability discrimination and retaliation under the ADA....................................13

F.  CRD is not required to demonstrate Rule 23 requirements for Grimmway's motion to be denied.  15

G.  Grimmway's arguments that CRD cannot comply with Rule 23 rely on inadmissible evidence. 16

H.  Grimmway's motion to strike class allegations is unpersuasive as CRD and Grimmway have agreed to bifurcation.................................................................................17

I.  Manageability is not a basis to preclude CRD from prosecuting this representative enforcement action against Grimmway. .............................................................17

IV. CONCLUSION.....................................................................................................18

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations*
*Case No.: 2:21-cv-01552-DAD-AC*

# TABLE OF AUTHORITIES

**Page(s)**

Federal Cases

*Bradley v. Harcourt, Brace & Co.*,
   104 F.3d 267 (9th Cir.1996) ...................................................................................9

*Campbell v. PricewaterhouseCoopers, LLP*,
   287 F.R.D. 615 (E.D. Cal. 2012) ...........................................................................15

*Chin v. Port Authority of New York & New Jersey*,
   685 F.3d 135 (2nd Cir. 2012)..........................................................................12, 13

*Davoll v. Webb*,
   194 F.3d 1116 (10th Cir. 1999) .............................................................................14

*Department of Fair Employment & Housing v. Law School Admission Council, Inc.*,
   941 F. Supp. 2d 1159 (N.D. Cal. 2013) ...........................................................passim

*Dietz v. Bouldin.*,
   579 U.S. 40 (2016).................................................................................................18

*Donovan v. University of Texas at El Paso*,
   643 F.2d 1201 (5th Cir. 1981) .................................................................................8

*Equal Employment Opportunity Commission v. Bass Pro Outdoor World, L.L.C.*,
   826 F.3d 791 (5th Cir. 2016) .................................................................................12

*Equal Employment Opportunity Commission v. Murray, Inc.*,
   175 F. Supp. 2d 1053 (M.D. Tenn. 2001)..............................................................14

*Equal Employment Opportunity Commission v. Northwest Airlines, Inc.*,
   216 F. Supp. 2d 935 (D. Minn. 2002).....................................................................13

*Equal Employment Opportunity Commission v. Waffle House, Inc.*,
   534 U.S. 279 (2002)...............................................................................................10

*Equal Employment Opportunity Commission v. FedEx Ground Package System, Inc.*,
   158 F. Supp. 3d 393 (W.D. Pa. 2016) ....................................................................13

*General Tel. Co. of the Northwest v. Equal Employment Opportunity Commission*,
   446 U.S. 318 (1980)..........................................................................................passim

*Hamilton v. Wal-Mart Stores, Inc.*,
   39 F.4th 575 (9th Cir. 2022) ..................................................................................18

*Hohider v. United Parcel Service, Inc.*,
   574 F.3d 169 (3d Cir. 2009) ...................................................................................14

*Holsey v. Armour & Co.*,
   743 F.2d 199 (4th Cir. 1984) .................................................................................15

*International Broth. of Teamsters v. U.S.*,
   431 U.S. 324 (1977)...............................................................................................12

*Mississippi ex rel. Hood v. AU Optronics Corp.*,
   571 U.S. 161 (2014)..................................................................................................6

*N.L.R.B. v. Plumbers & Pipefitters Local Union No. 403, Affiliated with United Ass'n of
   Journeymen & Apprentices of Plumbing & Pipefitting Industry, AFL-CIO*,
   710 F.2d 1418 (9th Cir. 1983) ..............................................................................6, 7

*Nevada v. Bank of America Corp.*,
   672 F.3d 661 (9th Cir. 2012) ...................................................................................6

*U.S. Equal Employment Opportunity Commission v. Scolari Warehouse Markets, Inc.*,
   488 F. Supp. 2d 1117 (D. Nev. 2007).....................................................................15

i

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations
Case No.: 2:21-cv-01552-DAD-AC*

*U.S. v. Hollister,*
    746 F.2d 420 (8th Cir. 1984) ...................................................................................16, 17

*W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.,*
    646 F.3d 169 (4th Cir. 2011) ............................................................................................8

*Washington v. Chimei Innolux Corp.,*
    659 F.3d 842 (9th Cir. 2011) ............................................................................................6

*Zackaria v. Wal-Mart Stores, Inc.,*
    142 F. Supp. 3d 949 (C.D. Cal. 2015) ............................................................................18

State Cases

*Alch v. Superior Court,*
    122 Cal. App. 4th 339 (2004) .........................................................................................13

*Arias v. Superior Court,*
    46 Cal. 4th 969 (2009) .......................................................................................................6

*Arizona Civil Rights Div., Dep't of Law v. Hughes Air Corp.,*
    139 Ariz. 309 (Ariz.App. 1983) ........................................................................................8

*Department of Fair Employment & Housing v. Cisco Systems, Inc.,*
    82 Cal. App. 5th 93 (2022) .................................................................2, 10, 13, 14

*Department of Fair Employment & Housing v. Superior Court of Kern County,*
    54 Cal. App. 5th 356 (2020) .........................................................................2, 10, 14

*Estrada v. Royalty Carpet Mills, Inc.,*
    76 Cal. App. 5th 685 (2022) ...........................................................................................17

*Payne v. National Collection Systems,* Inc.,
    91 Cal. App. 4th 1037 (2001) ............................................................................................6

*People v. Pacific Land Research Co.,*
    20 Cal. 3d 10 (1977) ..........................................................................................................6

*State Personnel Bd. v. Fair Employment & Housing Com.,*
    39 Cal. 3d 422 (1985) ........................................................................................................2

*Wood v. Superior Court of San Diego County,*
    46 Cal. App. 5th 562 (2020) ..............................................................................................2

Federal Statutes

42 U.S.C. § 2000 ..................................................................................................................2
42 U.S.C. § 2000e ..........................................................................................................10, 11
42 U.S.C. § 2000e-5 .......................................................................................................10, 11
42 U.S.C. § 12111 ..............................................................................................................11
42 U.S.C. § 12117 ..............................................................................................................11
42 U.S.C. § 12101 ................................................................................................................2

State Statutes

Cal. Gov't Code § 382 .........................................................................................................3
Cal. Gov't Code § 12930 ..............................................................................................2, 5, 11
Cal. Gov't Code § 12960 .....................................................................................................3
Cal. Gov't Code § 12961 ...............................................................................................*passim*
Cal. Gov't Code § 12965 ...............................................................................................*passim*
Cal. Gov't Code § 12974 ....................................................................................................10

Federal Rules

Fed. R. Civ. P. 23 ..................................................................................................*passim*
Fed. R. Evid. 401 ...................................................................................................16, 17
Fed. R. Evid. 402 ...........................................................................................................16

State Regulations

Cal. Code Regs. tit. 2, § 10012 ......................................................................................3

# I.    **INTRODUCTION**

Based on its authority granted by the California Legislature, Plaintiff Civil Rights Department ("CRD") brought this government enforcement action against Grimmway Enterprises Inc. ("Grimmway"). The Court should deny Grimmway motion's seeking to impose class certification requirements on this matter, as it rests on the unavailing argument that government enforcement actions are subject to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Grimmway asks the Court to ignore caselaw holding that government enforcement actions, including actions brought by CRD, are excluded from class certification requirements. *See Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, 941 F. Supp. 2d 1159, 1161 (N.D. Cal. 2013) ("*LSAC*").[1] Indeed, Grimmway asks the Court to become the first to find that CRD, a government agency tasked with enforcing civil rights statutes, is subject to class action certification.

Contrary to Grimmway's assertion, both state and federal law give CRD the power to prosecute an enforcement action under the Americans with Disabilities Act. Moreover, the pattern or practice method of proof has no bearing on the applicability of Rule 23 requirements, and the caselaw demonstrates that government plaintiffs, like CRD, can bring pattern or practice actions under the ADA. Grimmway's manageability argument is similarly unavailing; it elides the fact that the parties have agreed to bifurcate trial proceedings to manage the presentation of evidence and ignores analogous decisional law that holds that manageability cannot be used to graft a class action requirement onto statutory schemes where none exist. Ultimately, because CRD is a public prosecutor protecting the public interest with this representative enforcement action, Grimmway's motion must be denied.

/ / /

/ / /

/ / /

---

[1] Prior to July 1, 2022, Plaintiff CRD was named the Department of Fair Employment and Housing (or "DFEH"), and cases predating that date use CRD's previous name. On September 7, 2022, the Court approved the parties' joint stipulation to recognize CRD's name change. ECF No. 36.

## II.   **BACKGROUND**

### A.   **CRD is a public prosecutor charged with enforcing California's civil rights law on behalf of itself and in the public interest.**

CRD is the California state agency charged with "represent[ing][] the interests of the state and effectuat[ing][] the declared public policy of the state to protect and safeguard the rights and opportunities of all persons from unlawful discrimination[.]" Cal. Gov't Code § 12930(*o*). As such, CRD receives, investigates, and prosecutes alleged violations of state civil rights law. Cal. Gov't Code § 12930(f)(1)-(5). CRD also has the express authority to prosecute civil rights violations under analogous federal laws, including Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000 *et seq.*) ("Title VII") and the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq.*) ("ADA"). Cal. Gov't Code § 12930(h).

CRD is therefore a public prosecutor which "act[s][] in the public interest" when it initiates a civil action. Cal. Gov't Code § 12965(a)(1); *see, e.g.*, *Dep't of Fair Emp. & Hous. v. Superior Ct. of Kern Cnty.*, 54 Cal. App. 5th 356, 373 (2020) ("*Kern Cnty.*") (citing *State Pers. Bd. v. Fair Emp. & Hous. Comm'n*, 39 Cal. 3d 422, 444 (1985)); *Wood v. Superior Ct. of San Diego Cnty.*, 46 Cal. App. 5th 562, 582 (2020), *as modified* (Apr. 8, 2020) (highlighting CRD's "role as a civil enforcement agency of the government" in examining privilege between complainant and government). As a public prosecutor, CRD "may seek remedies to vindicate what it considers to be in the public interest in preventing discrimination." *Kern Cnty.*, 54 Cal. App. 5th at 373 (internal citations and quotations omitted); *see* Cal. Gov't Code § 12965(d) (stating that a court may grant "any" relief that would "effectuate the purpose" of the state's civil rights statutory scheme in a CRD enforcement action).

As the "public arm" of the state's civil rights statutory scheme, CRD "acts independently when it sues," not as a "mere[] . . . proxy" for any group or class of persons its enforcement action aims to represent. *Dep't of Fair Emp. & Hous. v. Cisco Sys., Inc.*, 82 Cal. App. 5th 93, 100 (2022) ("*Cisco*").

2

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations*
*Case No.: 2:21-cv-01552-DAD-AC*

**B.     The Fair Employment and Housing Act authorizes CRD to bring representative enforcement actions on behalf of a group or class without meeting class certification requirements.**

The Fair Employment and Housing Act ("FEHA") allows CRD's director or "any person claiming to be aggrieved by an alleged unlawful practice" to file a verified complaint with CRD. Cal. Gov't Code § 12960(c); *see also* Cal. Code Regs. tit. 2, § 10012(a). If an unlawful practice alleged in a verified complaint "adversely affects, in a similar manner, a group or class of persons of which the aggrieved person filing the complaint is a member," or if an alleged unlawful practice "raises questions of law or fact which are common to such a group or class," then either the aggrieved person *or* CRD's director may file an administrative complaint "on behalf and as representative of such a group or class." Cal. Gov't Code § 12961(a); Cal. Code Regs. tit. 2, § 10012(b). Such complaints "may be investigated as a group or class complaint," and "*shall* be treated as a group or class complaint for purposes of conciliation, dispute resolution, or *civil action*," if circumstances warrant. *Id.* § 12961(b)(1)-(2) (emphasis added). The only procedural requirement in section 12961 is that CRD's director must "communicate in writing their determination to treat a complaint as a group or class complaint[.]" *Id.* § 12961(b)(3).

Upon the conclusion of CRD's administrative complaint investigation, FEHA further provides the director with discretion to bring "bring a civil action in the name of the department, acting in the public interest, on behalf of the person claiming to be aggrieved," including a group or class complaint. Cal. Gov't Code § 12965(a)(1), (a)(5)(A). The FEHA provisions authorizing CRD to bring enforcement actions do not reference California's class action statute, California Code of Civil Procedure Code section 382 (authorizing class action suits when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court").

**C.     CRD's enforcement action against Grimmway arose out of a director's complaint alleging group-wide unlawful practices.**

CRD's civil action against Grimmway is a "civil rights enforcement action" brought in CRD's "own capacity," ECF No. 1 at 1:19-21, seeking "group relief . . . pursuant to [California]

---

3

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations*
*Case No.: 2:21-cv-01552-DAD-AC*

1  Government Code sections 12961 and 12965." *Id.* at ¶ 18.

2        Prior to CRD's civil action, CRD's Director filed a Complaint for Group/Class Relief

3  ("Director's Complaint") and gave notice that the matter would be investigated on a group or

4  class basis. Meyers Decl. at ¶ 5, Exh. D.

5        CRD timely filed suit against Grimmway in the Eastern District of California on August

6  30, 2021, seeking relief for itself and a group of aggrieved employees under FEHA and the ADA

7  for the following causes of actions: (1) disability discrimination, (2) failure to provide reasonable

8  accommodations, (3) failure to engage in the interactive process; and (4) retaliation. ECF. No. 1.

9  CRD's fifth cause of action (unlawful interference with rights) was brought under the ADA and

10  its sixth and seventh causes of action (failure to take all reasonable steps to prevent

11  discrimination) was brought under FEHA. *Id.*

12  **III.    <u>ARGUMENT</u>**

13        Grimmway's motion seeks to impose class certification requirements on CRD's suit.

14  Grimmway argues that the Court should ignore established caselaw holding that government

15  enforcement actions are not subject to class certification and become the first court to hold that

16  CRD's civil actions are subject to class certification requirements. But courts have long

17  recognized that government enforcement actions are distinct from private class actions and are not

18  subject to class action certification requirements. Grimmway then attempts to argue that CRD

19  cannot enforce the ADA, confusing a method of proof (pattern or practice) with the authority to

20  pursue a representative claim. The Court should reject this argument as the language of the ADA

21  and FEHA permits CRD to bring a civil action seeking relief for a class of aggrieved individuals.

22  In sum, the Court, like every court to have considered this issue, should find that CRD is exempt

23  from class certification requirements as CRD's suit is a government enforcement action.

24        **A.        Representative government enforcement actions, like CRD's civil rights**

25              **lawsuit against Grimmway, are not governed by Rule 23 requirements.**

26        CRD brought this government enforcement action in its own name seeking relief for a

27  group or class of individuals. ECF No. 1 at ¶¶ 18, 21. Grimmway does not dispute that CRD's

28  action is a representative government enforcement action. ECF No. 118 at 1:3-7, 4:25-5:1, 9 n.1.

1    Grimmway's answer admits that CRD, a civil rights department with prosecutorial authority to

2    investigate, mediate and litigate civil rights enforcement actions, brought this action in its

3    capacity as a state agency on behalf of itself and aggrieved employees and that California

4    Government Code section 12930(h) allows CRD to bring civil actions for ADA violations. ECF

5    No. 4 at ¶¶ 8, 11, 18, 23. Despite this, Grimmway's motion seeks to impose class action

6    certification requirements, ignoring that government enforcement actions seeking class relief are

7    distinct from private class actions.

8            It is well settled in federal law that a representative government enforcement action is not

9    a class action subject to class action requirements. In *Gen. Tel. Co. of the Nw. v. Equal Emp.*

10   *Opportunity Comm'n*, 446 U.S. 318 (1980) ("*General Telephone*"), the Supreme Court held that a

11   "straightforward reading" of Title VII, on which FEHA is modeled, authorizes the EEOC to sue

12   in its own name without the "imposi[tion][] [of] the Rule 23 framework." *Id.* at 324-25.

13           Specifically at issue in *General Telephone* was whether the EEOC could "seek class wide

14   relief under . . . [Title VII] without being certified as a class representative under Rule 23[.]" 446

15   U.S. at 320. The court found that Title VII "authorizes the procedure that the EEOC followed in

16   th[e][] case," which included bringing a civil action in its own name and seeking money damages

17   for victims of discrimination. *Id.* at 324. In holding that "Rule [23] ha[d][] no application" to the

18   EEOC's suit, *id.* at 324, the court cited the legislative intent that the EEOC "supplement, not

19   replace, the private action." *Id.* at 326. Indeed, the *General Telephone* court recognized that

20   "[t]hese private-action rights suggest that the EEOC is not merely a proxy for the victims of

21   discrimination and that the EEOC's enforcement suits should not be considered representative

22   actions subject to Rule 23." *Id.*

23           The court also noted the "obvious" and "severe" problems of imposing the Rule 23

24   requirements onto representative EEOC actions, *id.* at 330, concluding that Rule 23 numerosity,

25   *id.*, typicality, *id.* at 330-31, and adequacy, *id.* at 331, requirements do not readily fit the

26   government enforcement model and "might disable the enforcement agency from advancing the

27   public interest in the manner and to the extent contemplated by the statute." *Id.*

28

1    Grimmway's motion seeking to impose class certification fails to engage with the

2    numerous, controlling authorities holding that representative government enforcement actions,

3    like CRD's against Grimmway, are exempt from class action requirements. *See General*

4    *Telephone*, 446 U.S. at 323 n.5; *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 850 (9th Cir.

5    2011) (noting distinction between class actions, which are always representative actions, and

6    representative actions, which are not necessarily class actions); *Mississippi ex rel. Hood v. AU*

7    *Optronics Corp.*, 571 U.S. 161, 174-175 (2014); *N.L.R.B. v. Plumbers & Pipefitters Loc. Union*

8    *No. 403, Affiliated with United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting*

9    *Indus., AFL-CIO*, 710 F.2d 1418, 1420 (9th Cir. 1983) ("*Plumbers & Pipefitters*"); *Nevada v.*

10    *Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012).

11    Likewise, state appellate authorities concur that representative government enforcement

12    actions by state agencies are not subject to class action requirements. *See People v. Pac. Land*

13    *Rsch. Co.*, 20 Cal. 3d 10, 17-18 (1977); *cf. Arias v. Superior Ct.*, 46 Cal. 4th 969, 982 (2009)

14    (describing as "incorrect" the assumption that class action requirements apply to representative

15    actions); *Payne v. Nat'l Collection Sys.*, Inc., 91 Cal. App. 4th 1037, 1045 (2001) (holding that

16    judgments procured by the Attorney General did not bar private plaintiffs' restitution claims

17    because a UCL action "by a prosecutor is fundamentally different from a class action or other

18    representative litigation").

19    Grimmway's motion should fail as CRD's suit is a government enforcement action and

20    thus not governed by Rule 23.

**B.    Grimmway's motion should be denied given caselaw, such as *LSAC*, holding
that CRD is not subject to class certification requirements.**

23    Grimmway's motion asks the Court to be the first court to impose class certification

24    requirements on CRD's litigation, in contrast to all other courts to have considered this very issue.

25    The Northern District of California analyzed the precise question of whether Rule 23

26    applied to CRD over a decade ago and held that CRD need not comply with Rule 23 class action

27    requirements when it brings a representative enforcement action seeking damages on behalf of a

28    group or class of persons. *LSAC*, 941 F. Supp. 2d at 1161. Relying on *General Telephone* and

other cases, the *LSAC* court examined Rule 23 and government enforcement actions, noting that Rule 23 actions and government enforcement actions are both exceptions to the normal rule that litigants cannot rest a claim to relief on the legal rights of third parties. *Id.* at 1163. The *LSAC* court noted that:

> Importantly, these decisions have found enforcement actions by *state* agencies to be outside the strictures of Rule 23.
> The principle that has emerged is that where a governmental agency is authorized to act in the public's interest to obtain broad relief, e.g., in the role of *parens patriae*, and the authorizing statute confers such power without reference to class certification, Rule 23 may not apply. This principle applies to both state and federal law enforcement agencies. Such actions are not "class actions" subject to Rule 23. *General Telephone*, 446 U.S. at 334, n. 16, 100 S.Ct. 1698.

941 F. Supp. 2d at 1166 (emphasis in original).

Finding that the statutory provisions of FEHA were like Title VII, the *LSAC* court held that CRD's litigation is properly characterized as a government enforcement action akin to the EEOC litigation, and thus not subject to class certification rules. *Id.* at 1168-69.

Grimmway attacks the *LSAC* decision as having "improperly extended" *General Telephone* beyond the EEOC and requests that this Court not follow *LSAC*. ECF No. 118 at 8:20, 9:17. The Court should deny Grimmway's motion as it both ignores the broader analysis of *General Telephone* and flies in the face of appellate and trial courts decisions which have reached *LSAC*'s same conclusion that CRD's litigation is similar to the EEOC and CRD is not subject to class certification requirements.

### 1. *General Telephone* has broad application to government enforcement actions beyond the EEOC.

*General Telephone* addressed the EEOC's enforcement of Title VII, but its analysis was broader as the issue before the Supreme Court was whether "an action, however it is styled, brought by a Government agency to enforce the federal law with whose enforcement the agency is charged is subject to the requirements of Rule 23." *See General Telephone*, 446 U.S. at 323 n.5. Citing this very footnote, the Ninth Circuit held that *General Telephone*'s "intended sweep is quite broad[.]" *See Plumbers & Pipefitters*, 710 F.2d at 1420. Thus, Grimmway's contention that

7

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations*
*Case No.: 2:21-cv-01552-DAD-AC*

1  the *General Telephone* opinion was "improperly extended" by the *LSAC* court, ECF No. 118 at

2  8:20, is contradicted by the *General Telephone* opinion itself.

3      Other courts have likewise relied on *General Telephone* to find that government

4  enforcement agencies can pursue class wide relief in an action without being subject to class

5  certification. *See Arizona C.R. Div., Dep't of L. v. Hughes Air Corp.*, 139 Ariz. 309, 314 (Ct. App.

6  1983) (relying on *General Telephone* to find that a state agency may bring case seeking relief for

7  a class without being governed by class certification rules); *W. Virginia ex rel. McGraw v. CVS*

8  *Pharmacy, Inc.*, 646 F.3d 169, 177 (4th Cir. 2011) (relying on *General Telephone* to find that

9  government enforcement action by state attorney general to pursue relief on behalf of aggrieved

10 individuals was not subject to class certification requirements and thus not subject to CAFA); *see*

11 *also Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201, 1208 (5th Cir. 1981) (relying on

12 *General Telephone* in finding that the Fair Labor Standards Acts authorizes the Department of

13 Labor to file suit without requiring class action certification).

14          **2.      The *LSAC* court correctly analyzed the numerous parallels between**

15                  **CRD and the EEOC that justify application of *General Telephone*.**

16      *LSAC* recognized that "*General Telephone* did not limit its holding to enforcement actions

17 brought solely under the authority of federal law" in finding that the principles of *General*

18 *Telephone* applied to CRD. *LSAC,* 941 F.Supp.2d at 1163-66. The *LSAC* court scrutinized CRD's

19 enforcement authority and found numerous parallels between CRD and the EEOC, which led it to

20 rightly conclude that application of *General Telephone* to CRD was proper and that CRD's action

21 was not subject to Rule 23. *See id.* at 1169. Similarly, the Court should find that CRD's action

22 here, authorized by FEHA and the ADA, is not subject to Rule 23.

23      Specifically, the *LSAC* court noted that FEHA, like Title VII, vested in CRD the authority

24 to investigate complaints on behalf of a group or class and to bring an enforcement action seeking

25 relief for the group or class in the role of a public prosecutor testing a public right. *LSAC*, 941

26 F.Supp.2d at 1168. The *LSAC* court further found that "nothing in [California Government Code]

27 § 12961 requires that the complaint be filed as a class action" and was thus independent of Rule

28 23. *Id.*

1   First, "like the EEOC," CRD "has the authority to investigate complaints on behalf of a

2   group or class and to bring an enforcement action seeking group or class type relief." *Id.* at 1168.

3   Second, "like the EEOC, aggrieved individuals have the right to participate in . . . [CRD]

4   enforcement actions with their own counsel, underscoring the 'public interest' focus of

5   a . . . [CRD] suit." *Id.* Third, "[c]ourts have recognized the similarities between Title VII and

6   FEHA" and that they have "relied on Title VII jurisprudence when interpreting FEHA's

7   provisions[.]" *Id.* (citing as an example *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th

8   Cir.1996). Fourth, "[j]ust as with an EEOC enforcement action," FEHA gives CRD "the authority

9   to pursue the remedies [it] sought." *LSAC*, 941 F.Supp.2d at 1169. Fifth, the *LSAC* court found

10   that, "[l]ike Title VII," FEHA "empowers" CRD to prevent unlawful employment practices and

11   authorizes CRD to bring suit in the role of a "public prosecutor testing a public right." *Id.*

12   (internal quotations and citations omitted). Sixth, "as with EEOC enforcement actions, it is

13   'apparent that forcing' . . . [CRD] civil actions . . . 'into the Rule 23 model would in many cases

14   distort the Rule as it is commonly interpreted and in others foreclose enforcement actions not

15   satisfying prevailing Rule 23 standards but seemingly authorized by [FEHA].'" *Id.* (quoting

16   *General Telephone*, 446 U.S. at 329-30). Finally, the *LSAC* court found that, "[l]ike the EEOC,

17   CRD is "'authorized to proceed in a unified action and to obtain the most satisfactory overall

18   relief even though competing interests are involved, and particular groups may appear to be

19   disadvantaged.'" *LSAC*, 941 F.Supp.2d at 1169-70 (quoting *General Telephone*, 446 U.S. at 331).

20   The *LSAC* court compared the EEOC's authority, analyzed by *General Telephone*, to

21   CRD's enforcement authority and, finding *numerous* parallels, concluded the analogy

22   appropriate: just as the EEOC is exempt from Rule 23, so too is CRD. *See LSAC*, 941 F.Supp.2d

23   at 1168-70. Grimmway's argument that the *LSAC* court ignored the specific basis for the *General*

24   *Telephone* decision elides the *LSAC* court's fulsome analysis and simply "misses the import of

25   *General Telephone*." *See id.* at 1172.

26   / / /

27   / / /

28   / / /

1        **3.      State decisional law has continued to analogize between CRD and the**

2              **EEOC, further solidifying *LSAC*'s holding.**

3        Since *LSAC*, California appellate courts have continued to find CRD's authority to enforce

4   state and federal civil rights laws comparable to the authority imparted to the EEOC by Title VII.

5        In *Kern Cnty.*, the appellate court compared CRD's powers under California Government

6   Code section 12974 with the EEOC's authority under 42 U.S.C. section 2000e-5(f)(2) and noted

7   that "[f]ederal agencies are endowed with similar statutory tools [as CRD] to carry out the

8   purposes of the federal acts under which they operate." 54 Cal. App. 5th at 386.

9        Similarly, the appellate court in *Cisco* found that CRD, like the EEOC, was not bound by

10  an arbitration agreement signed by the suit's real party in interest as CRD, like the EEOC, does

11  not stand in the shoes of the complainant. 82 Cal. App. 5th at 98-99.  The court stated that "[t]he

12  ability to decide whether to file an action and the ability to pursue relief separate from what can

13  be obtained by an employee confirm that the [CRD] operates as an independent party in an

14  enforcement lawsuit." *Id*. at 100 (citing to *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 291

15  (2002), in which the Supreme Court had found that EEOC, CRD's federal counterpart, was not

16  subject to arbitration agreements signed by a complainant).

17       **4.      Like the *LSAC* court, state trial courts have concluded that CRD is not**

18             **subject to class certification requirements when prosecuting**

19             **government enforcement actions**

20       California trial courts have reached *LSAC*'s same conclusion that CRD is not subject to

21  class certification requirements. *See* Meyers Decl., Exhs. A-C (trial court order exhibits); *Cal.*

22  *Civil Rights Dep't v. Activision Blizzard*, No. 21STCV26571 (L.A. Sup. Ct. filed Apr. 26, 2023),

23  slip op. at 5 (concluding that, in light of the language of Government Code section 12961,

24  "traditional certification requirements do not apply"); *Dep't of Fair Empl. & Hous v. M&N*

25  *Financing Corporation, et al.*, No. BC591206 (L.A. Sup. Ct. filed Mar. 10, 2016) (concluding

26  that "[i]t would be illogical for the Legislature to empower . . . [CRD] to maintain a case on

27  behalf of a group of others when the class certification process would preclude it from doing so if

28  it had to obtain certification to proceed"); *Dep't of Fair Empl. & Hous. v. Walt Disney Co.*, No.

1    BC591206 (L.A. Sup. Ct. filed Mar. 17, 2021) (concluding that the "representative action here is

2    fundamentally a civil law enforcement action"). Like *LSAC*, all state trial courts who have

3    considered the issue of whether class certification requirements should be imposed on CRD's

4    litigation have found that CRD's action is a government enforcement action and thus not subject

5    to California's equivalent to Rule 23. Similarly, the Court here should find that CRD is not

6    subject to Rule 23.

7         **C.    Grimmway's motion wrongly conflates pattern and practice, which is a**

8              **method of proof that is available to CRD in this case, with CRD's authority to**

9              **pursue a representative ADA action in its own name.**

10        Grimmway mistakenly asserts that "***only***" the EEOC and the Attorney General can bring

11   an ADA action in their own name without complying with the class action requirements of Rule

12   23. *See* ECF No. 118 at 7:11-14 (emphasis in original). Grimmway's argument relies entirely on

13   42 U.S.C. § 2000e-5, which sets out enforcement provisions for Title VII and, via 42 U.S.C. §

14   12117, Title I of the ADA. Yet Grimmway ignores the fact that Title I of the ADA gives any

15   "person" the powers to enforce it, *see* 42 U.S.C. § 12117(a), and "person" includes governmental

16   agencies like CRD, *see* 42 U.S.C. §§ 2000e(a), 12111(7), 12117(a). The plain language of the

17   ADA provides for the possibility of a state enforcement action, which FEHA has expressly

18   authorized for CRD since 2019. *See* 2019 Cal. Legis. Serv. Ch. 834 (A.B. 1820); Cal. Gov't

19   § 12930(h) (giving CRD the power "[t]o bring civil actions pursuant to . . . the federal Americans

20   with Disabilities Act of 1990 . . . and to prosecute those civil actions before state and federal trial

21   courts").

22        Because the ADA expressly provides for governmental agency enforcement of Title I of

23   the ADA, and FEHA grants CRD the power to enforce the ADA in federal court, CRD

24   unequivocally has authority, through both federal and state laws, to bring an ADA enforcement

25   action in its own name. *See* 42 U.S.C. §§ 2000e(a), 12111(7), 12117(a); Cal. Gov't Code §

26   12930(h). Because Rule 23 requirements do not inhere to government enforcement actions, *see*

27   section III.A, *ante*, and specifically do not apply to CRD enforcement actions, *see* section III.B,

28

*ante*, it follows that CRD can exercise its authority to bring an ADA enforcement action without needing to comply with Rule 23 requirements.

Lastly, all of CRD's causes of action except the fifth cause of action (unlawful interference) are brought under both FEHA and the ADA. Grimmway does challenge CRD's ability to bring these causes of actions under FEHA nor does Grimmway argue that class certification is required under FEHA.

> **D.** **Pattern or practice is a method of proof which has no bearing on the applicability of Rule 23 in this case.**

In its motion, Grimmway confuses the separate issues: (1) whether the pattern or practice method of proof is available to CRD on these facts and (2) whether, as a matter of procedure, CRD's causes of action are subject to Rule 23. *See* ECF No.118 at 6:18-19 ("The CRD Must Comply with the Rule 23 Class Action Requirements to Maintain a *Pattern or Practice Claim* Under the ADA.") (emphasis added), 7:9-10 ("CRD has no authority to bring a *pattern and practice case* under the ADA and be exempt from the class action requirements of Rule 23") (emphasis added).

The term "pattern or practice" has its roots in Title VII but has taken on a broader significance. In *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360-362 (1977) ("*Teamsters*"), the U.S. Supreme Court adopted a method of proof for cases alleging a pattern or practice discrimination. The *Teamsters* pattern or practice method structures the order and allocation of proof at trial; it is not a "freestanding cause of action." *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 149 n.8 (2d Cir. 2012).

Just as the EEOC can bring a pattern or practice action without complying with Rule 23 requirements, so too can CRD. *See, e.g., Equal Emp. Opportunity Comm'n v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791, 797 (5th Cir. 2016) (citing *General Telephone*, 446 U.S. at 327 n.10). Pattern or practice is a method of proof available to government entities even if their

authorizing statutes do not contain the exact term "pattern or practice." *See General Telephone*, 446 U.S. at 328; *Alch v. Superior Ct.*, 122 Cal. App. 4th 339, 379-80 (2004).[2]

Because the pattern or practice method of proof is not a "freestanding cause of action" (*Chin*, 685 F.3d at 149 n.8), it follows that it cannot be subject to Rule 23 analysis. *See, e.g.*, Fed. R. Civ. P. 23(a)(3) (requiring representative parties to have "*claims or defenses . . .* typical of the claims or defense of the class") (emphasis added). As a method of proof, the pattern or practice issue has no bearing on Grimmway's threshold argument that CRD must comply with Rule 23 requirements.

**E.    CRD's government enforcement action can employ the pattern or practice method of proof for disability discrimination and retaliation under the ADA.**

Grimmway also wrongly uses this motion as an extension of its motion for summary judgment, asserting that as a matter of law, plaintiffs cannot litigate a pattern or practice disability discrimination and retaliation action under the ADA.[3] *See* ECF No. 118 at 11:26. This assertion is easily disproved, however, and should be rejected.

Numerous courts have held that the EEOC, CRD's "federal counterpart," *Cisco*, 82 Cal. App. 5th at 100, is authorized to prosecute pattern or practice disability discrimination actions notwithstanding that particular elements of disability discrimination may require individualized proof. *See Equal Emp. Opportunity Comm'n v. FedEx Ground Package Sys., Inc.*, 158 F. Supp. 3d 393, 401 (W.D. Pa. 2016) (denying motion to dismiss and allowing the EEOC to proceed with pattern or practice disability discrimination action because "it is plain that *Hohider*'s central holding addresses only private class actions under Rule 23"); *E.E.O.C. v. Nw. Airlines, Inc.*, 216 F. Supp. 2d 935, 938 (D. Minn. 2002) (Rule 23 cases that use the individualized inquiry argument

---

[2] The pattern or practice method of proof is also available to litigants under FEHA. *Alch v. Superior Ct.*, 122 Cal. App. 4th 339, 379-80 (2004) (noting that Government Code section 12961 "explicitly authorizes either an aggrieved person or the Director of [CRD] . . . to file a complaint on behalf of a group or class where an unlawful practice adversely affects a group or class in a similar manner" and concluding that a class age discrimination claim "is precisely the same as a 'pattern or practice' claim, and is plainly available under FEHA").

[3] Grimmway concedes that CRD can use the pattern or practice method for its FEHA claims. *See* ECF No. 118 at 9:19-20.

as justification for rejecting class treatment "inapplicable" to EEOC prosecution, "particularly" when pattern or practice is alleged and *Teamsters* will be utilized); *E.E.O.C. v. Murray, Inc.*, 175 F. Supp. 2d 1053, 1060 (M.D. Tenn. 2001) (holding that "the EEOC is not required to prove that any individual job applicants or employees . . . were qualified individuals with disabilities during the liability phase of the litigation" and that the EEOC could proceed with its pattern or practice of disability discrimination); *cf. Davoll v. Webb*, 194 F.3d 1116, 1148 (10th Cir. 1999) ("approv[ing][] of the district court's use of that [*Teamsters*] framework" in the Department of Justice's pattern or practice disability discrimination prosecution).

As Grimmway notes, some courts have held that private litigants are foreclosed from proceeding on ADA claims on a class action basis. ECF No. 118 at 11:26-12:7. In *Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 196 (3d Cir. 2009), the Third Circuit concluded that "assessment of whether class members are 'qualified' [under the ADA] is necessary to determine whether . . . [an employer] has engaged in a pattern or practice of unlawful discrimination and thus can be held liable for violating the ADA with respect to the class" and that the *Teamsters* framework did not "remove this impediment to certification." *Hohider* itself concerns a private class action rather than a government enforcement action and thus addressed whether the pattern or practice framework articulated in *Teamsters* for a government action could be used in a private ADA action in a consistent manner with Rule 23. *Id.* at 184-85. It does not control the outcome here.

Grimmway's motion ignores the precedent permitting the EEOC to prosecute pattern or practice disability discrimination actions despite the ADA's "qualified" element, *and* it ignores the obvious parallels, sanctioned in the caselaw, between the EEOC and CRD. *See Kern Cnty.*, 54 Cal. App. 5th at 386; *Cisco*, 82 Cal. App. 5th at 98-99. Because the EEOC is able to prosecute pattern or practice disability discrimination actions under the ADA without needing to comply with Rule 23, it follows that CRD can bring a pattern or practice action under the ADA without needing to comply with Rule 23. *See LSAC*, 941 F. Supp. 2d at 1169 (stating that "[j]ust as with an EEOC enforcement action under . . . [Title VII], provisions of FEHA codified at Cal. Gov't.

1    Code § 12961 and § 12965(a) give . . . [CRD] the authority to pursue the remedies sought here");

2    *see generally* section III.B, *ante*.

3        Likewise, courts have recognized the availability of pattern-or-practice proof for

4    retaliation claims. *See, e.g.*, Meyers Decl., Exh. C; *Dep't of Fair Empl. & Hous. v. Walt Disney*

5    *Co.*, No. BC591206 (L.A. Sup. Ct. filed Mar. 17, 2021), at 2, 8 (finding common question as to

6    pattern of "widespread" retaliation, discrimination, and harassment); *U.S. E.E.O.C. v. Scolari*

7    *Warehouse Markets, Inc.*, 488 F. Supp. 2d 1117, 1141-46 (D. Nev. 2007) (same for company

8    policy of retaliating against women who complained of harassment); *Holsey v. Armour & Co.*,

9    743 F.2d 199, 203, 216-17 (4th Cir. 1984) (commonality established for pattern-and-practice

10   retaliation and discrimination claims; rejecting argument that claims were "too individualized").

11       The pattern or practice method of proof is available to the government in an enforcement

12   action pursuing disability and retaliation claims. The Court should deny Grimmway's motion.

13       **F.    CRD is not required to demonstrate Rule 23 requirements for Grimmway's**

14            **motion to be denied.**

15       Normally, when opposing a motion to deny class certification, a party must demonstrate

16   that the requirements of Rule 23 are met. *See, e.g.*, *Campbell v. PricewaterhouseCoopers, LLP*,

17   287 F.R.D. 615, 619 (E.D. Cal. 2012). However, as a public prosecutor, CRD is not required to

18   certify a class or meet the requirements of Rule 23 in this case. *See* sections III.A-C, *ante*. Indeed,

19   shoehorning a government enforcement action into the class certification requirements would

20   either distort the class certification rule or foreclose enforcement actions authorized by statute.

21   *See General Telephone*, 446 U.S. at 329-30 (stating that "[t]he undesirability of doing either

22   supports our conclusion that the procedural requirements of the Rule do not apply"). The *LSAC*

23   court examined how forcing CRD's actions into the Rule 23 model would likewise either distort

24   the Rule or foreclose actions authorized by FEHA. *LSAC*, 941 F.Supp.2d at 1169. The *LSAC*

25   court found that such distortions compelled a finding that CRD enforcement actions are not class

26   actions subject to Rule 23 procedural requirements. *Id.* at 1170.

27       Grimmway's attempts to argue that CRD cannot comply with Rule 23 demonstrate the

28   very point that the *General Telephone* and *LSAC* courts made—that such endeavors distort the

15

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations*
*Case No.: 2:21-cv-01552-DAD-AC*

Rule or contravene the authorizing statute. *See* ECF No. 118 at 10-24. Take, for instance, Grimmway's argument that Rule 23(a)(4) requires the named plaintiff to be a representative member of the class. *Id.* at 24:15-28. CRD brings this suit in its own name, and is the plaintiff in this action, as authorized by statute. *See* Cal. Gov't Code § 12965(a)(1). CRD is not a class representative, it brings suit in its own name, and it chooses the relief it seeks on behalf of others. This is but one of the "obvious" and "severe" problems with imposing ill-fitting Rule 23 requirements on government enforcement agencies. *See General Telephone*, 446 U.S. at 330.[4]

Therefore, CRD should not be required to demonstrate that the requirements of Rule 23 are met as such a showing would either distort the Rules beyond its meaning or foreclose enforcement actions authorized by statute.

## G.    Grimmway's arguments that CRD cannot comply with Rule 23 rely on inadmissible evidence.

The evidence that Grimmway attempts to enter into the record via declaration is equally irrelevant, and therefore inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence "[has] limits" and "must be probative of a fact of consequence in the matter." *United States v. Hollister*, 746 F.2d 420, 422 (8th Cir. 1984).

Grimmway attached four declarations in support of its motion: Declaration of Grimmway's counsel, Jazmine Flores, ECF No. 119, Declaration of Victoria Lipnic, ECF No. 118-1, Declaration of Sandra Bloxom, ECF No. 118-3, and Declaration of David Fractor, ECF No. 118-2. These declarations and attached exhibits are relied upon to prove CRD cannot comply with class certification requirements; specifically, that the class is not ascertainable, no question of law or fact is common, and the case would be unmanageable. *See* ECF No. 118 at 10-27. However, CRD does not have to seek or obtain class certification in this action, *see* sections III.A-C, *ante*.  Therefore, any factual assertion that CRD does not meet Rule 23 class action

---

[4] CRD does not concede, and objects to, the relevance or admissibility of any evidence Grimmway submits in support of its argument that CRD does not meet Rule 23 requirements.

requirements is not a fact of consequence or "probative of a fact of consequence in the matter." *See Hollister*, 746 F.2d at 422; *see also* Fed. R. Evid. 401. Because Grimmway's supporting declarations do not contain relevant facts, CRD objects to their admissibility and asks the court to strike them from the record.

## H. Grimmway's motion to strike class allegations is unpersuasive as CRD and Grimmway have agreed to bifurcation.

Alternative to class certification, Grimmway seeks to strike CRD's class allegations or require that CRD file a trial plan to demonstrate how it should proceed on a group or class basis. ECF No. 118 at 27. In addition to all the reasons stated in this motion as to why the Court should deny the motion to impose class certification (i.e. that the CRD action is a government enforcement action not subject to class certification), the Court should likewise deny Grimmway's motion as the parties have entered into a joint stipulation regarding the phasing of trial. *See* ECF No. 120 (proposing a division of trial with the first phase consisting of a liability phase and the second a remedial phase).

## I. Manageability is not a basis to preclude CRD from prosecuting this representative enforcement action against Grimmway.

Grimmway's manageability argument, ECF No. 118 at 26:16-27:20, ignores directly analogous, controlling caselaw that has declined to impose a manageability requirement on representative actions.[5] The Supreme Court of California has rejected arguments that enforcement actions can be dismissed if unmanageable from a litigation perspective, precisely because doing so would inappropriately "graft a class action requirement" onto a representative enforcement action. *Estrada v. Royalty Carpet Mills, Inc.,* 76 Cal. App. 5th 685, 697 (2022), *aff'd*, 15 Cal. 5th

---

[5] Grimmway's manageability argument appears on the twenty-sixth and twenty-seventh pages of its motion seeking to impose class certification. *See* ECF No. 118. This Court's Standing Order in Civil Cases limits moving briefs to 25 pages, and the Court did not grant Grimmway permission to exceed this Court's page limitations for this motion. *See* ECF No. 117. On this basis, Grimmway's manageability argument "may not be considered" by the Court. *See* Standing Order in Civil Cases. Furthermore, "Manageability" is Grimmway's Forty-First Affirmative Defense to CRD's complaint, and to the extent that Grimmway seeks a ruling that CRD's suit is unmanageable as a matter of law, this argument should have been brought in Grimmway's Motion for Summary Judgement or, in the Alternative Partial Summary Judgment, ECF No. 122.

17

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations*
*Case No.: 2:21-cv-01552-DAD-AC*

582, 609 (2024) (clarifying that California trial courts do not have authority to strike Private Attorneys General Act of 2004 (PAGA) claims on manageability grounds, in part because PAGA "claims are effectively administrative enforcement actions, and imposing a manageability requirement would impede the effectiveness of such actions."). The Ninth Circuit has likewise held that, [i]n light of the structure and purpose of PAGA, . . . imposing a manageability requirement in PAGA cases akin to that imposed under Rule 23(b)(3) would not constitute a reasonable response to a specific problem and would contradict California law by running afoul of the key features of PAGA actions." *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 587 (9th Cir. 2022); *accord Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949, 958-59 (C.D. Cal. 2015). CRD's representative action against Grimmway is akin to a PAGA action, such that the imposition of a manageability requirement "would not constitute a reasonable response to a specific problem and would contradict California law." *See Hamilton*, 39 F.4th at 587.

Finally, Grimmway's manageability argument asserts that CRD's lawsuit will "take significant time and resources," *see* ECF No. 118 at 27:13, but elides the fact that the parties have agreed upon utilizing *Teamsters* bifurcation to manage the complex nature of CRD's pattern or practice disability discrimination claims. *See* ECF No. 120 (stipulation and proposed order for bifurcation of trial). Because the parties have themselves proposed a "reasonable response" to managing the trial, there is no "specific problem" that the Court is required to solve. *See Dietz v. Bouldin.*, 579 U.S. 40, 46 (2016).

## IV.    <u>CONCLUSION</u>

Grimmway's motion seeking to impose class certifications on this government enforcement action must be denied. CRD is prosecuting an enforcement action under FEHA and the ADA. The Court should deny Grimmway's motion as government enforcement actions, such as the one brought by CRD here, are not subject to Rule 23 requirements.

Dated: March 13, 2025

By: *<u>/s/ Matthew Turnbull</u>*
Matthew Turnbull
Senior Staff Counsel
California Civil Rights Department

*CRD's Opposition to GEI's Rule 23 Mtn to Deny Class Certification or Strike Class or Group Allegations*
*Case No.: 2:21-cv-01552-DAD-AC*