T. Scott Belden, SBN 184387
scott@bbr.law
Jazmine Flores, SBN 317038
jazmine@bbr.law
Tyler D. Anthony, SBN 305652
tyler@bbr.law
BELDEN BLAINE RAYTIS, LLP
5016 California Avenue, Suite 3
Bakersfield, California 93309
Telephone: (661) 864-7826
Facsimile: (661) 878-9797

Attorneys for Defendant
GRIMMWAY ENTERPRISES, INC.
d.b.a. GRIMMWAY FARMS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT, an agency of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>GRIMMWAY ENTERPRISES, INC., d.b.a. GRIMMWAY FARMS,<br><br>Defendants. | Case No. 2:21-cv-01552-DAD-AC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION OR STRIKE CLASS OR GROUP ALLEGATIONS**<br><br>Date:     May 5, 2025<br>Time:     1:30 p.m.<br>Location: Robert T. Matsui U.S. Courthouse<br>              501 I Street<br>              Sacramento, CA 95814<br>              Courtroom 4, 15th Floor<br>Judge:     Honorable Dale A. Drozd<br><br>Complaint Filed: August 30, 2021<br>Trial Date: September 22, 2025 |

Defendant GRIMMWAY ENTERPRISES, INC., d.b.a. Grimmway Farms ("Grimmway") hereby submits the following Reply in support of Grimmway's Motion to Deny Class Certification or Strike Class or Group Allegations (the "Motion"):

///

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................... 1

II. ARGUMENT............................................................................................................ 2

    A.  That the FEHA authorizes the CRD to bring representative FEHA actions on behalf of a class without meeting class certification requirements is of no consequence; the ADA does not authorize the CRD to assert ADA claims behalf of a class without meeting class certification requirements. ................................................................. 2

    B.  The CRD has No Authority to Assert Representative Claims Under the ADA on Behalf of its Proposed Class and Be Exempt from the Class Action Requirements of Rule 23; the ADA Makes Clear that Said Authority is Reserved for the EEOC and the Attorney General Only. .............................................................................. 4

        1.  Congress has explicitly given only the EEOC and the Attorney General authority to bring representative actions under the ADA and be exempt from the class action requirements of Rule 23, which the CRD does not dispute.... 4

        2.  In support of its claims, the CRD cites only DFEH v. Law School Admission Council, Inc., which was wrongfully decided and improper, and thus, should not be followed by this Court. ......................................................................... 6

        3.  The CRD improperly analogizes itself to the EEOC in support of its claims, but such argument fails and has been rejected. .................................................. 8

        4.  The CRD and the California legislature have no authority to alter federal legislation, such as the ADA, or to alter or expand the authority that Congress has explicitly given to only the EEOC and the Attorney General. .................. 9

    C.  The CRD Does Not Dispute that It Cannot Satisfy the Class Action Requirements of Rule 23, Such That the Denial of Class Certification is Warranted........................... 10

    D.  Manageability is a Valid Consideration for the Court and Warrants Denial of Class Certification. ........................................................................................................... 13

    E.  The CRD Should Be Required to File a Trial Plan with Respect to Any Surviving Claims. ................................................................................................................... 15

1

III.    CONCLUSION.................................................................................................................15

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Luxottica U.S. Holdings Corp.*, No. SA CV 07-1465 AHS, 2009 WL 7401970 (C.D. Cal. July 24, 2009) .................................................................................................................................9

*Albertson's Inc. v. Kirkinburg*, 527 U.S. 555 (1999) ...................................................................12

*Califano v. Yamasaki*, 442 U.S. 682 (1979) .................................................................................5

*Cheng v. WinCo Foods LLC*, Case No. 14-cv-0483-JST, 2014 WL 2735796 (N.D. Cal. June 11, 2014) ............................................................................................................................................5, 8

*DFEH v. Law School Admission Council, Inc.*, 941 F.Supp.2d 1159 (N.D. Cal. 2013) ...............6, 7

*Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201 (5th Cir. 1981) ..........................................7

*Eckles v. Consolidated Rail Corp.*, 890 F.Supp. 1391 (S.D. Ind. 1995) .......................................12

*Elliott v. ITT Corp.*, 150 F.R.D. 569, 583-584 (N.D. Ill. 1992) ......................................................14

*Estrada v. Royalty Carpet Mills, Inc.*, 76 Cal. App. 5th 685 (2022) ..............................................13

*Fiedler v. Clark*, 714 F.2d 77 (9th Cir. 1983) .................................................................................9

*General Telephone Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*, 446 U.S. 318 (1980) ..................................................................................................................passim

*Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575 (9th Cir. 2022) ..................................................14

*Hohider v. United Parcel Service, Inc.*, 574 F.3d 169 (3rd Cir. 2009) ..........................1, 11, 12, 13

*Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522 (11th Cir. 1997) ...........................................12

*Kittel v. City of Oxnard*, Case No. CV-17-6709-MWF (GJSx), 2018 WL 6004524 (C.D. Cal. Feb. 20, 2018) .......................................................................................................................................11

*Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) .................................................................9

*Litty v. Merrill Lynch & Co., Inc.*, No. CV 14-0425 PA (PJWx), 2014 WL 5904904, *3 (C.D. Cal. Nov. 10, 2014) ...............................................................................................................................14

*Longview Fibre Co. v. Rasmussen,* 980 F.2d 1307 (9th Cir. 1992) ................................................5

*Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985) .....................................................................11

*McCullah v. So. Cal. Gas Co.*, 82 Cal.App.4th 495 (2000) ...........................................................11

*Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161 (2014) .........................................10

Case 2:21-cv-01552-DAD-AC    Document 141    Filed 04/07/25    Page 5 of 20

*N.L.R.B. v. Plumbers and Pipefitters Local Union No. 403, Affiliated with United Ass'n of Journeyman and Apprentices of Plumbing and Pipefitting Industry*, AFL-CIO, 710 F.2d 1418 (9th Cir. 1983) ............................................................................................................................. 10

*Nevada v. Bank of Am. Corp.*, 672 F.3d 661 (9th Cir. 2012) ...................................................... 10

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) ................ 5, 9

*W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169 (4th Cir. 2011) ..................... 7

*Windham v. American Brands, Inc.*, 565 F.2d 59 (4th Cir. 1977) ............................................... 14

*Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949 (C.D. Cal. 2015) ................................ 14

**Statutes**

29 C.F.R. § 1630.2 ............................................................................................................. 1, 12, 15

42 U.S.C. § 12117 ..................................................................................................................... 4, 7, 9

42 U.S.C. § 2000e-5 ................................................................................................................. 3, 4, 7, 9

42 U.S.C. §§ 12101, *et seq.* ............................................................................................................ 4

California Government Code § 12926.1 ....................................................................................... 8

California Government Code § 12930 ....................................................................................... 8, 9

California Government Code § 12961 ........................................................................................... 3

California Government Code § 12965 ........................................................................................... 3

California Labor Code § 2699.3 ................................................................................................... 13

Federal Rules of Civil Procedure, Rule 23 ............................................................................ 2, 3, 4

I.     **INTRODUCTION**

In the present action, Plaintiff Civil Rights Department (the "CRD") has asserted *federal* representative claims under the Americans with Disabilities Act ("ADA") in *federal* court. Both the ADA and binding case law make clear that only the Equal Employment Opportunity Commission ("EEOC") and the federal Attorney General may bring such representative claims under the ADA and be exempt from the class action requirements of the Federal Rules of Civil Procedure, Rule 23. The CRD is a state enforcement agency; it is not the EEOC or the federal Attorney General. Thus, like other plaintiffs, the CRD must satisfy Rule 23's class action requirements in order to maintain its representative claims under the ADA, which it cannot do. In fact, in its Opposition, the CRD does not dispute that it cannot satisfy Rule 23's class action requirements.

Class or group claims under the ADA for disability discrimination, failure to engage in the interactive process, failure to provide reasonable accommodation, and retaliation based on the foregoing, simply cannot satisfy the class action requirements. For example, the aforementioned claims under the ADA require that the Court determine whether each individual class or group member is a "qualified individual with a disability," which simply requires too many individualized inquiries. "[T]he ADA's 'qualified' standard cannot be evaluated on a classwide basis in a manner consistent with Rule 23(a) and (b)(2)." *Hohider v. United Parcel Service, Inc.*, 574 F.3d 169, 196 (3rd Cir. 2009). Also, as set forth in Grimmway's Motion, what is an effective interactive process and what is a reasonable accommodation for an employer and each employee under the ADA is a highly fact-specific inquiry that will vary depending on the circumstances and necessities of each employment situation that simply cannot be evaluated on a classwide basis in a manner consistent with Rule 23.

Thus, this Court would be required to conduct over 600 mini-trials to determine whether each putative Group member was a "qualified individual with a disability," namely one "who satisfies the requisite skills, experience, education and other job-related requirements of the employment positions such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such position" (29 C.F.R. § 1630.2(m)); whether there was an effective accommodation that would render each putative Group member

otherwise qualified; and the reasonableness and effectiveness of Grimmway in engaging in the interactive process and addressing each putative Group member's limitations, among other things, as explained below and in Grimmway's Motion. Accordingly, the CRD cannot satisfy the Rule 23 class action requirements with respect to its ADA claims asserted in this action, which the CRD does not dispute.

Further, the fact that California's Fair Employment and Housing Act ("FEHA") authorizes the CRD to bring representative *FEHA claims* without meeting class certification requirements is of no consequence to this action or Grimmway's Motion. In the present case, the CRD chose to assert *federal* claims under the *ADA*, in *federal* court, and thus, it must comply with *federal* procedures, including Rule 23, as the ADA does not grant the CRD authority to bring federal representative claims under the ADA in federal court and be exempt from Rule 23, and as explained below, this Court may not presume that the CRD has the same authority as the EEOC or the federal Attorney General, namely to bring representative claims under the ADA and be exempt from the class action requirements.

Accordingly, for all the reasons set forth below and in its Motion, Grimmway respectfully requests that the Court deny class certification with respect to the CRD's claims brought under the ADA, namely the CRD's First Cause of Action for disability discrimination, Second Cause of Action for failure to provide reasonable accommodation, Third Cause of Action for failure to engage in the interactive process, Fourth Cause of Action for retaliation, and Fifth Cause of Action for unlawful interference with rights under the ADA.

II. **ARGUMENT**

    **A. That the FEHA authorizes the CRD to bring representative FEHA actions on behalf of a class without meeting class certification requirements is of no consequence; the ADA does not authorize the CRD to assert ADA claims behalf of a class without meeting class certification requirements.**

The CRD appears to argue that because California's Fair Employment and Housing Act ("FEHA") allows the CRD to bring representative actions under FEHA on behalf of a class without meeting class certification requirements, it is not required to meet class certification requirements in this case. To that end, the CRD cites three state trial court decisions, which are attached to the

*Declaration of Irene Meyers in Support of Plaintiff's Opposition to Grimmway's Rule 23 Motion to Deny Class Certification or Strike Class or Group Allegations* as Exhibits A, B and C. (*See* CRD's Opp. at 10-11.) However, in each of the aforementioned three state trial court decisions cited by the CRD, the courts determined that under FEHA, CRD did not have to satisfy class action requirements in state court, noting that these cases were group representative actions that were brought under Government Code Section 12961, and in light of the language of Section 12961, the courts found that the traditional class certification requirements did not apply. (*See* Meyers Decl., Exhs. A-C (trial court order exhibits).

For purposes of this proceeding, Grimmway does not dispute that California's FEHA allows the CRD to file representative actions *under FEHA* on behalf of a class without satisfying any class action requirements, such that the CRD could have filed the present case in state court, asserting only FEHA claims, and it would not have had to satisfy any class action requirements. *See* Cal. Gov. Code §§ 12961, 12965. Had the CRD proceeded with such course of action, Grimmway would not have needed to file its present Motion, as well as its Motion for Summary Judgment (ECF #122) and its Opposition to the CRD's Motion for Summary Judgment (ECF #132), and present this discussion on Rule 23's class action requirements. Even then, CRD would still need to show that its FEHA group claims could proceed in an efficient and manageable manner, as explained below and in the Motion.

However, in the present case, the CRD chose to assert *federal* claims under the *ADA*, in *federal* court, and thus, it must comply with *federal* procedures, including Rule 23, as the ADA does not grant the CRD authority to bring federal representative claims under the ADA in federal court and be exempt from Rule 23. That is, as explained in detail below, the ADA makes clear that only the EEOC and the federal Attorney General may bring representative actions under the ADA on behalf of a class and be exempt from the class action requirements of the Federal Rules of Civil Procedure, Rule 23. (*See* 42 U.S.C. §§ 2000e-5(f)(1), 12117(a).) Thus, because the CRD has asserted *federal* claims under the *ADA* in this *federal* court, and the CRD is not the EEOC or the federal Attorney General, this Court must require the CRD to satisfy Rule 23's class action requirements in order to maintain its federal representative claims under the ADA on behalf of its proposed class in this Court.

**B. The CRD has No Authority to Assert Representative Claims Under the ADA on Behalf of its Proposed Class and Be Exempt from the Class Action Requirements of Rule 23; the ADA Makes Clear that Said Authority is Reserved for the EEOC and the Attorney General Only.**

    1. *Congress has explicitly given only the EEOC and the Attorney General authority to bring representative actions under the ADA and be exempt from the class action requirements of Rule 23, which the CRD does not dispute.*

In the CRD's Opposition, the CRD does not dispute that under the ADA, Congress explicitly authorized *only* the EEOC and the Attorney General to bring a representative action in their own name for any unlawful employment practices in violation of the ADA without complying with the class action requirements of the Federal Rules of Civil Procedure, Rule 23.

That is, as set forth in Grimmway's Motion, the ADA, codified as amended at 42 U.S.C. §§ 12101, *et seq.*, provides that the "procedures set forth in sections…2000e-5…of this title [i.e., of Title VII] shall be the powers, remedies, and procedures this subchapter provides to the Commission [EEOC], to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment." (42 U.S.C. § 12117(a).) To that end, 42 U.S.C. § 2000e-5(f)(1) states:

> If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d), the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, <u>the Commission [EEOC] may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court</u>. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision.

(*Id.* (emphasis added). The foregoing was confirmed in *General Telephone Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*, 446 U.S. 318 (1980) ("*General Telephone*"). In *General Telephone*, the Supreme Court analyzed "the language of Title VII, the legislative intent underlying the 1972 amendments to Title VII, and the enforcement procedures under Title VII prior to the amendments," which expressly authorize "the EEOC to bring a civil action against any respondent not a governmental entity upon failure to secure an acceptable conciliation agreement, the

purpose of the action being to terminate unlawful practices and to secure appropriate relief, including 'reinstatement or hiring…with or without back pay,' for the victims of the discrimination" without obtaining class certification under Rule 23, and relying on the foregoing, it that held "that Rule 23 is not applicable to an enforcement action brought by the EEOC in its own name and pursuant to its authority under § 706 to prevent unlawful employment practices." *Id.* at 323-25 (emphasis added).

***It is well-settled that "Courts presume that provisions not listed in a statute are excluded from that statute absent evidence of contrary legislative intent***." See *Cheng v. WinCo Foods LLC*, Case No. 14-cv-0483-JST, 2014 WL 2735796, at *3 (N.D. Cal. June 11, 2014) (emphasis added); *Longview Fibre Co. v. Rasmussen,* 980 F.2d 1307, 1312-13 (9th Cir. 1992) (applying the principle of *expressio unius* to construe a specific statutory provision as excluding unenumerated alternatives or additions). Likewise, the Supreme Court has concluded that a statute must include a "necessary clear expression of congressional intent to exempt actions brought under the statute from the operation of the Federal Rules of Civil Procedure." *Califano v. Yamasaki*, 442 U.S. 682, 700 (1979). The Supreme Court noted that "[i]n the absence of a direct expression by Congress of its intent to depart from the usual course of trying 'all suits of a civil nature' under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court," provided that the Rule 23's requirements are satisfied. *Id.* at 700; *see also Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010) (concluding that Congress has ultimate authority over the Federal Rules of Civil Procedure, and Rule 23 applies until Congress has a created specific exception it).)

Here, Congress has not expressed any intent to extend to the CRD the authority that Congress expressly granted only to the EEOC and the Attorney General under the ADA. That is, Congress has not expressed any intent to authorize the CRD to bring representative actions under the ADA on behalf of a class and be exempt from the class action requirements of the Federal Rules of Civil Procedure, Rule 23. To the contrary, Congress has reserved the foregoing for only the EEOC and the Attorney General. Accordingly, because the ADA does not allow the CRD to bring representative actions under the ADA on behalf of a class and be exempt from Rule 23's class action requirements, this Court must presume that Congress intended to exclude the CRD from the authority that it granted only to the EEOC and the Attorney General; this Court may *not* presume that said authority that was

reserved only for the EEOC and the Attorney General is also extended to the CRD. Thus, to maintain the CRD's present representative claims brought under the ADA in this court, the CRD must satisfy the class action requirements of the Federal Rules of Civil Procedure, Rule 23.

> **2. *In support of its claims, the CRD cites only DFEH v. Law School Admission Council, Inc., which was wrongfully decided and improper, and thus, should not be followed by this Court.***

In its Opposition, the CRD asserts that "Grimmway's motion asks the Court to be the first court to impose class certification requirements on CRD's litigation, in contrast to all other courts to have considered this very issue." (Opp. at 6.) However, the only federal case CRD cites is *DFEH v. Law School Admission Council, Inc.*, 941 F.Supp.2d 1159 (N.D. Cal. 2013), which was wrongfully decided, as it improperly extended the holding in *General Telephone Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission*, 446 U.S. 318 (1980), to the CRD by disregarding (and not even discussing) the basis on which *General Telephone* based its decision. Indeed, as discussed above, all of the other state trial court decisions to which the CRD cites in its Opposition were interpreting California's FEHA, and are California state court proceedings, and thus are irrelevant to the present Motion. (*See* CRD's Opp. at 10-11; Meyers Decl., Exhs. A-C (trial court order exhibits).)

In *DFEH v. Law School Admission Council, Inc.*, 941 F.Supp.2d 1159, 1168-69 (N.D. Cal. 2013), the Northern District Court improperly extended the holding in *General Telephone* by holding that "following the analysis presented in *General Telephone*, DFEH's [now CRD] suit against [defendant] LSAC…[j]ust as with an EEOC enforcement action under § 706, provisions of FEHA codified at Cal. Gov't. Code § 12961 and § 12965(a) give DFEH [now the CRD] the authority to pursue the remedies sought here," such that it was allowed to proceed with its FEHA and ADA representative pattern and practice claims without complying with Rule 23.

However, in *General Telephone*, the Supreme Court "rel[ied] on the language of Title VII, the legislative intent underlying the 1972 amendments to Title VII, and the enforcement procedures under Title VII prior to the amendments," which expressly authorize <u>only</u> "the EEOC to bring a civil action against any respondent not a governmental entity upon failure to secure an acceptable conciliation agreement, the purpose of the action being to terminate unlawful practices and to secure appropriate relief, including 'reinstatement or hiring…with or without back pay,' for the victims of

the discrimination" without obtaining class certification under Rule 23, and held "that Rule 23 is not applicable to an enforcement action brought by the EEOC in its own name and pursuant to its authority under § 706 to prevent unlawful employment practices." *General Telephone*, 446 U.S. 318, 323-325 (1980). The Northern District Court of California ignored this basis on which the Court in *General Telephone* based its decision. As explained in *General Telephone*, Title VII and the ADA make clear that said authority is reserved for only the EEOC and the Attorney General. *See* 42 U.S.C. §§ 12117(a), 2000e-5; *General Telephone*, 446 U.S. 318, 323-325 (1980). Thus, the Northern District Court's holding was improper. As a result, Grimmway respectfully requests that the Northern District Court's decision in *DFEH v. Law School Admission Council, Inc.*, 941 F.Supp.2d 1159 (N.D. Cal. 2013) not be followed by this Court.

Moreover, the CRD argues that "[o]ther courts have likewise relied on *General Telephone* to find that government enforcement agencies can pursue class wide relief in an action without being subject to class certification." (CRD's Opp. at 8) This is simply not the case, and the authorities cited by the CRD do not support such proposition. To the contrary, the cases cited by the CRD support the proposition that a representative case seeking class relief may only be exempt from class action requirements if there is direct expression by the legislature (in this case, Congress) of such intent. (*See Donovan v. Univ. of Texas at El Paso*, 643 F.2d 1201, 1208 (5th Cir. 1981) (relying on *General Telephone* in interpreting and relying on the language of the Fair Labor Standards Act and finding that the Fair Labor Standards Act authorized the Department of Labor to file suit without satisfying class action requirements); *W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 177 (4th Cir. 2011) (relying on *General Telephone* in interpreting and relying on the language of the state statutes at issue and finding that the state statutes at issue allowed the attorney general to pursue relief on behalf of aggrieved individuals under said state statutes without satisfying class action requirements); *Arizona C.R. Div., Dep't of L. v. Hughes Air Corp.*, 139 Ariz. 309, 314 (Ct. App. 1983) (relying on *General Telephone* in interpreting and relying on the language of the Arizona Civil Rights Act and finding that it allowed the Arizona Civil Rights Department to file a class action under the Arizona Civil Rights Act without satisfying class action requirements in Arizona state court). The foregoing cases are unlike the present case where a *state* agency (CRD) has asserted

*federal* claims under the ADA in *federal* court, and Congress has made clear that only the EEOC and the federal Attorney General may bring representative claims under the ADA on behalf of a class and be exempt from Rule 23's class action requirements.

### 3. *The CRD improperly analogizes itself to the EEOC in support of its claims, but such argument fails and has been rejected.*

In its Opposition, the CRD analogizes itself to the EEOC in support of its claim that like the EEOC, the CRD need not comply with the class action requirements in order to maintain its federal representative claims under the ADA in this Court. (CRD's Opp. at 8-10.) However, this argument of jurisdiction by extension has also been rejected by other courts and should be rejected here. *See Cheng v. WinCo Foods LLC*, Case No. 14-cv-0483-JST, 2014 WL 2735796, at *9-*10 (N.D. Cal. June 11, 2014). *Cheng v. WinCo Foods LLC* was filed before the California legislature amended California Government Code Section 12930[1] to allow the CRD to bring claims under the ADA, and there, the CRD argued (pre-amendment) that it could, by extension, bring an ADA claim because it had authority to enforce the provisions of the FEHA and the Unruh Act, claiming it had implied power to do so. *Id.* at *3. The court rejected this argument of jurisdiction by analogy. *Id.* at *3-10. Likewise, this Court should reject the CRD's application by analogy argument here as well.

Indeed, FEHA makes clear that the FEHA is separate and distinct and independent from the ADA, as California Government Code Section 12926.1(a) states that "[t]he law of this state in the area of disabilities provides protections independent from those in the federal Americans with Disabilities Act of 1990 (Public Law 101-336). Although the federal act provides a floor of protection, this state's law has always, even prior to passage of the federal act, afforded additional protections." Thus, the fact that California law allows the CRD to file representative pattern and practice actions *under FEHA* without satisfying any class action requirements is of no consequence.

///

---

[1] California Government Code Section 12930(h) was amended in 2020 to allow the CRD to bring civil actions under the ADA, as California Government Code Section 12930(h) provides that the CRD may "bring civil actions pursuant to Section 12965 or 12981 of this code, or Title VII of the Civil Rights Act of 1964 (Public Law 88-352; 42 U.S.C. Sec. 2000 et seq.), as amended, the federal Americans with Disabilities Act of 1990 (Public Law 101-336; 42 U.S.C. 12101, et seq.), as amended…"

As noted above, the ADA makes clear that the authority to bring a representative action under the ADA on behalf of a class and be exempt from Rule 23 is reserved for only the EEOC and the Attorney General. (*See* 42 U.S.C. §§ 12117(a), 2000e-5; *General Telephone*, 446 U.S. 318, 323-325 (1980).) Accordingly, in order for the CRD to maintain its present federal claims under the ADA in this Court, it must satisfy the class action requirements of Rule 23, which as explained in Grimmway's Motion, the CRD is unable to do so (which the CRD does not dispute). *See Adams v. Luxottica U.S. Holdings Corp.*, No. SA CV 07-1465 AHS, 2009 WL 7401970, at *2 (C.D. Cal. July 24, 2009) ("'[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot meet federal procedural and jurisdictional requirements.'") (*quoting Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001).)

### 4. *The CRD and the California legislature have no authority to alter federal legislation, such as the ADA, or to alter or expand the authority that Congress has explicitly given to only the EEOC and the Attorney General.*

Grimmway recognizes that through the FEHA, the California legislature has recently authorized the CRD to bring civil actions for violations of the ADA. *See* Cal. Gov. Code § 12930(h). However, in order for the CRD to maintain its federal representative claims under the ADA on behalf of its proposed class, the CRD must satisfy the class action requirements of Rule 23 and state law cannot alter that requirement.

It is well-established that state legislatures and state government agencies have no authority to alter or expand federal laws. *See Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983) ("However extensive their power to create and define substantive rights, the states have no power directly to enlarge or contract federal jurisdiction."); *Adams v. Luxottica U.S. Holdings Corp.*, *supra,* at *2 ; *Shady Grove Orthopedic Associates, P.A.*, 559 U.S. 393, 400 (2010) ("Congress, unlike New York [or California], has ultimate authority over the Federal Rules of Civil Procedure.").)

Additionally, the CRD's Opposition offers no authority that the California legislature can authorize the CRD, in bringing an ADA claim, to bypass Rule 23. Rather, CRD points to authority for the general proposition that a "government enforcement" action need not comply with Rule 23's class action requirements, arguing, by reference to such authority, that because CRD's case

is a "government enforcement" action that CRD, likewise, need not comply with Rule 23. (*See* Opp. at 6 [citing *General Telephone, infra.; N.L.R.B. v. Plumbers & Pipefitters Loc. Union No. 403, Affiliated with United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus., AFL-CIO*, 710 F.2d 1418, 1420 (9th Cir. 1983); *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174-175 (2014); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012)].) Even assuming that CRD's action—which, indeed, seeks individual monetary relief on behalf of class—is properly construed as "governmental enforcement action," none of the authorities CRD cites establish that a *California* "government enforcement" action can disregard *federal* procedures on *federal claims* in *federal* court. *See General Telephone*, *supra*, 446 U.S. at 323–328 [holding that *Congress* exempted *federal* E.E.O.C. from complying with Rule 23] *N.L.R.B. v. Plumbers and Pipefitters Local Union No. 403, Affiliated with United Ass'n of Journeyman and Apprentices of Plumbing and Pipefitting Industry*, *AFL-CIO*, 710 F.2d 1418, 1419–1420 (9th Cir. 1983) (*federal* N.L.R.B. was exempt from Rule 23 in action in *federal court* premised upon its *federal* enforcement authority).

Congress is the master of federal law and the procedure that applies in federal court, and Congress has plainly not granted the CRD, as *General Telephone* held Congress had done for the EEOC, a license to operate outside of the bounds of the Federal Rules of Civil Procedure. Rather, Congress has made clear that only the EEOC and the federal Attorney General may bring representative claims under the ADA on behalf of a class and be exempt from Rule 23, such that the Court must abide by it, and require the CRD to satisfy Rule 23's class action requirements in order to maintain its federal representative claims under the ADA in this Court.

### C. The CRD Does Not Dispute that It Cannot Satisfy the Class Action Requirements of Rule 23, Such That the Denial of Class Certification is Warranted.

As explained in detail in Grimmway's Motion, the CRD cannot satisfy the Rule 23 class action requirements, and in fact, in its Opposition, the CRD does not dispute that it cannot said class action requirements. Accordingly, class certification must be denied. The CRD may not maintain its federal representative claims under the ADA on behalf of its proposed class in this Court.

///

It is well-settled that the ADA requires that class or group claims alleging a pattern or practice of disability discrimination under the ADA based on an employer's systematic failures to engage in the good faith interactive process and to make reasonable accommodations requires determining that each individual class or group member is "qualified" under the ADA. *Hohider v. United Parcel Service, Inc.*, 574 F.3d 169, 186-187, 192 (3rd Cir. 2009) ("…[A]ssessment of whether class members are 'qualified' is necessary to determine whether [defendant] has engaged in a pattern or practice of unlawful discrimination and thus can be held liable for violating the ADA with respect to the class."); *see also Kittel v. City of Oxnard*, Case No. CV-17-6709-MWF (GJSx), 2018 WL 6004524, *8 (C.D. Cal. Feb. 20, 2018) ("Even if a policy or pattern is proven to exist, the ADA requires a threshold showing that the employees are 'qualified individuals.'") ***It is also well-settled that determining whether each class or group member is a "qualified individual with a disability" under the ADA simply requires too many individualized inquiries, and "the ADA's 'qualified' standard cannot be evaluated on a classwide basis in a manner consistent with Rule 23(a) and (b)(2)."*** *Hohider*, 574 F.3d 169, 196 (3rd Cir. 2009) (emphasis added); *Mantolete v. Bolger*, 767 F.2d 1416, 1425 (9th Cir. 1985) ("Whether a particular individual is a 'qualified handicapped individual' under the law will necessitate an inquiry into the individual's medical and work history as well as an inquiry into other factors bearing on the person's fitness for a given position. The district court did not err by ... dismissing the class action allegations."); *Kittel v. City of Oxnard*, Case No. CV-17-6709-MWF (GJSx), 2018 WL 6004524, *9 (C.D. Cal. Feb. 20, 2018) (finding that with respect to the requirement of determining whether the class members were "qualified" under the ADA, "[t]here are simply too many individualized inquiries necessary for Plaintiff to possibly meet the commonality and typicality requirements of Rule 23"); *McCullah v. So. Cal. Gas Co.*, 82 Cal. App.4th 495, 500 (2000) (finding that a class action under the FEHA was untenable because the "question of whether the employer must provide reasonable accommodation involves a case-by-case inquiry," and noted that "[i]n race and gender discrimination cases, the identification of class members is straightforward. Where the discrimination claim is based on an employee's physical or mental disability, it is difficult to identify and certify the class"). Indeed, the existence of a "disability" under the ADA is a case-by-case determination, as the ADA "expresses that mandate clearly by defining

1  'disability' with respect to an individual." *Albertson's Inc. v. Kirkinburg*, 527 U.S. 555, 566 (1999).
2  Additionally, what is a "reasonable accommodation" for an employer and each employee under the
3  ADA "is a highly fact-specific inquiry that will vary depending on the circumstances and necessities
4  of each employment situation." *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1527 (11th Cir.
5  1997); *see also Eckles v. Consolidated Rail Corp.*, 890 F.Supp. 1391, 1401 (S.D. Ind. 1995) ("Congress
6  ...intended a 'fact-specific, case-by-case approach' in determining reasonable accommodations.").

7        Likewise, here, as explained in detail in Grimmway's Motion, the Court would be required
8  to conduct over mini-trials to determine whether each Group member was a "qualified individual
9  with a disability," namely one "who satisfies the requisite skills, experience, education and other job-
10 related requirements of the employment positions such individual holds or desires, and who, with or
11 without reasonable accommodation, can perform the essential functions of such position," and thus,
12 protected by the ADA. 29 C.F.R. § 1630.2(m). In fact, the CRD does not dispute the foregoing in
13 its Opposition. Thus, class certification is inappropriate in this context, such that class certification
14 should be denied.

15       Additionally, as set forth in Grimmway's Motion, the CRD alleges that Grimmway engaged
16 in disability discrimination by failing to engage in a good faith interactive process with them and by
17 failing to reasonably accommodate them because Grimmway's efforts to accommodate the putative
18 class or group members were ineffective and not sufficient to comply with its obligations under the
19 law. (GEI's Ex. C, Sniderman Dep. Tr. 25:6-17, Ex. 3, Sniderman's Expert Report, at 8-24; Compl.
20 ¶¶ 26-36, 59, ECF #1.) As in *Hohider*, Plaintiff's claims cannot be certified for class treatment under
21 Rule 23 because they necessarily require highly individualized inquiries into whether (a) the class
22 members were qualified individuals with a disability; (b) whether "a disabled employee can[] perform
23 the essential functions of the job he seeks or desires with or without an accommodation that is
24 reasonable and that does not impose an undue hardship on the employer"; and (c) the reasonableness
25 and effectiveness of the employer in engaging in the interactive process and addressing said limitations.
26 *Hohider*, 574 F.3d 169, 192-193 (3rd Cir. 2009). Indeed, "[i]f a disabled employee cannot perform
27 the essential functions of the job he seeks or desires with or without an accommodation that is
28 reasonable and that does not impose an undue hardship on the employer, then under the terms of the

ADA, the employee is not entitled to an accommodation and the employer does not 'discriminate' against the employee in failing to grant him one." *Id.* at 192. In fact, even the CRD's expert, Dr. Sniderman, opined that engaging in a good faith interactive process is an individualized process that depends on various factors and considerations, and that "[e]very single interactive process is different." (GEI's Ex. C, Sniderman Dep. Tr. 42:12-47:14.) Dr. Sniderman also opined that the interactive process and the course the process takes is dependent on the information and the responses provided by the employee, and every person is different. (GEI's Ex. C, Sniderman Dep. Tr. 46:8-47:14.) Accordingly, class certification should be denied with respect to the CRD's claims under the ADA.

### D. Manageability is a Valid Consideration for the Court and Warrants Denial of Class Certification.[2]

The CRD argues that the issue of manageability is not a basis to deny class certification and dismiss the CRD's claims because courts have declined to impose a manageability requirement on representative actions brought under California's Private Attorneys General Act of 2004 ("PAGA"), which allows employees to sue employers as a proxy of California's labor law enforcement agencies to recover civil penalties under the PAGA. (CRD's Opp. at 17-18; *See* Cal. Labor Code § 2699.3.) Indeed, all of the cases cited by the CRD merely reject the imposition of a manageability requirement on representative actions brought under the PAGA. *See* CRD's Opp. at 17-18 (citing *Estrada v. Royalty Carpet Mills, Inc.*, 76 Cal. App. 5th 685, 697 (2022), *aff'd*, 15 Cal. 5th 582, 609 (2024)

---

[2] In the CRD's Opposition, the CRD takes issue with Grimmway's Motion totaling 27 pages (as opposed to 25 pages), which pages 26 and 27 contain Grimmway's manageability argument and conclusion. (CRD's Opp. at 17.) However, as noted in CRD's *Application to Extend Page Limitation for Parties' Forthcoming Dispositive Motions*, filed January 3, 2025 (ECF #113), the CRD and Grimmway met and conferred and agreed that the page limitation allowed *for all dispositive motions* and oppositions to said dispositive motions should be extended, and requested that said page limitation for dispositive motions and oppositions be extended to 60 pages and all replies to 25 pages. On January 13, 2025, the Court granted CRD's request to extend the page limit, in part, stating: "The **parties' page limits for dispositive motions** are enlarged as follows: fifty (50) pages for memorandum of points and authorities in support of or opposing a motion for summary judgment, and twenty-five (25) pages for a reply brief." (ECF #117). Grimmway understood the foregoing to include its Motion, which is a dispositive motion, such that Grimmway's Motion complied with said page limitation. Grimmway sincerely apologizes if it misinterpreted the CRD's January 13, 2025 Minute Order (ECF #117), and requests that the Court exercise its discretion and consider pages 26 and 27 of Grimmway's Motion.

(clarifying that California trial courts do not have authority to strike PAGA claims on manageability grounds); *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 583, 587 (9th Cir. 2022) (concluding that PAGA actions do not need to comply with Rule 23 requirements, including the manageability requirement); *Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949, 958-59 (C.D. Cal. 2015) (finding that PAGA actions do not need to satisfy a manageability requirement).)

However, this is not a PAGA action, and even assuming that CRD's action is construed as "governmental enforcement action" even though it seeks individual monetary relief, none of the authorities that CRD cites establish that a *California* "government enforcement" action can disregard *federal* procedures on *federal claims* in *federal* court. Additionally, as set forth above, the ADA is clear that only the EEOC and the federal Attorney General may file representative claims under the ADA on behalf of a class and be exempt from Rule 23. If the CRD wishes to file representative claims under the ADA on behalf of a class, it must comply with Rule 23, and there is a "firmly established principle that the issue of manageability of a proposed class action is always a matter of 'justifiable and serious' concern for the trial court and peculiarly within its discretion." (*Windham v. American Brands, Inc.*, 565 F.2d 59, 65 (4th Cir. 1977).) For example, class certification is properly denied on the grounds of procedural and administrative difficulty where individual factual determinations would overwhelm the litigation. (*See e.g., Elliott v. ITT Corp.*, 150 F.R.D. 569, 583-584 (N.D. Ill. 1992) (finding "a substantial likelihood of many individual questions" in an action that potentially involves a large class, such that the court concluded "that litigation of this nature would not be manageable," and thus, denied class certification); *Litty v. Merrill Lynch & Co., Inc.*, No. CV 14-0425 PA (PJWx), 2014 WL 5904904, *3 (C.D. Cal. Nov. 10, 2014) (finding a representative claim unmanageable and striking representative action allegations because a multitude of individualized assessments would be necessary).)

As explained in Grimmway's Motion, if this action were allowed to proceed, the Court would need to conduct over 600 mini trials to determine whether each Group member was a "qualified individual with a disability," namely one "who satisfies the requisite skills, experience, education and other job-related requirements of the employment positions such individual holds or desires, and who, with or without reasonable accommodation, can perform the essential functions of such

position," and thus, protected by the ADA. (29 C.F.R. § 1630.2(m).) The Court would also need to conduct over 600 mini trials to determine whether the 626 putative class members were reasonably accommodated under the ADA, and if not, whether there was a reasonable accommodation available to each of them, and whether Grimmway engaged in a good faith interactive process under the ADA. As a result, individual factual determinations would overwhelm this litigation, rendering this action not suitable for class treatment. Thus, class certification should be denied, or in the alternative, the CRD's class or group allegations with respect to the ADA should be stricken.

### E. The CRD Should Be Required to File a Trial Plan with Respect to Any Surviving Claims.

Grimmway has moved to deny class certification, or strike class action or group allegations in the CRD's Complaint under the ADA. Grimmway has also separately moved for summary judgment on all of the CRD's claims, state and federal. (ECF # 122). To the extent that any claims survive, Grimmway respectfully requests that the Court require the CRD to file a trial plan to show that this matter is manageable and that it can or should proceed on a group or class basis in an efficient and manageable manner. While the parties have agreed to utilizing the *Teamsters* framework (ECF #120), it does not resolve the issues nor make the CRD's claims manageable. The CRD should be required to show that its surviving claims can be tried or resolved in a manageable manner, particularly since the nature of CRD's claims, which each require an overwhelming number of individualized inquiries, is such that they cannot proceed in an efficient and manageable manner.

### III. CONCLUSION

For all of the foregoing reasons as well as those set forth in Grimmway's Motion, Grimmway respectfully requests that the Court deny class certification, or in the alternative, strike the CRD's class or group allegations under Rule 12(f).

Dated: April 7, 2025

BELDEN BLAINE RAYTIS, LLP

By: /s/ Jazmine Flores
JAZMINE FLORES,
Attorneys for Defendant
GRIMMWAY ENTERPRISES,
INC., dba GRIMMWAY FARMS