UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC.,<br><br>Defendant. | No. 2:21-cv-01552-DAD-AC<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SUR-REPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN ITS FAVOR<br><br>(Doc. No. 144) |

This matter is before the court on plaintiff's motion to file a sur-reply in support of its opposition to defendant's motion for summary judgment in its favor. (Doc. No. 144.) For the reasons explained below, the court will grant plaintiff's motion to file a sur-reply.

On January 31, 2025, the parties filed cross motions for summary judgment. (Doc. Nos. 122, 124.) On March 17, 2025, plaintiff filed an opposition to defendant's motion for summary judgment and defendant filed an opposition to plaintiff's motion for summary judgment. (Doc. Nos. 130, 132.) On April 7, 2025, defendant filed a reply in support of its motion for summary judgment, and plaintiff filed a reply in support of its motion for summary judgment. (Doc. Nos. 142, 143.) Plaintiff subsequently filed the pending motion for leave to file a sur-reply in support of its opposition to defendant's motion for summary judgment. (Doc. No. 144.) Defendant has filed no response to plaintiff's request in this regard.

Parties do not have a general right to file sur-reply briefs.  *See* L.R. 230.  However, "nothing in the Federal Rules of Civil Procedure prevents the court from granting a party leave to file a sur-reply." *McGechie v. Atomos Ltd.*, No. 2:22-cv-01812-DJC-DB, 2023 WL 2918681 at *1 (E.D. Cal. Apr. 12, 2023).  "A decision to grant or deny leave to file a sur-reply is generally committed to the sound discretion of the court." *Tounget v. Valley-Wide Recreation & Park Dist.*, No. 16-cv-00088-JGB-KK, 2020 WL 8410456 at *2 (C.D. Cal. Feb. 20, 2020) (internal quotation and citation omitted).  "Although the [c]ourt may in its discretion permit the filing of a sur[-]reply, this discretion should be exercised in favor of allowing a sur[-]reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).

In its motion for leave to file a sur-reply, plaintiff argues that defendant's reply in support of its motion for summary judgment includes new factual and legal arguments. (Doc. No. 144 at 2.)  Specifically, plaintiff notes that in their reply defendant now urge the court to disregard the declaration of plaintiff's attorney Mackenzie Anderson and the exhibits attached thereto and have presented new evidence in the form of the supplemental declaration defendant's counsel Scott T. Belden.  To respond to these new arguments and evidence, plaintiff seeks to cross-reference certain pages of plaintiff's reply in support of plaintiff's motion for summary judgment in its favor. (Doc. Nos. 142 at 10–17; 144 at 6.)  The court is persuaded that such a limited sur-reply is warranted here.

Accordingly,

1. Plaintiffs' motion for leave to file a sur-reply (Doc. No. 144) is GRANTED; and
3. Plaintiff's proposed sur-reply (Doc. No. 144 at 5–6) is deemed filed as of the date of this order.

IT IS SO ORDERED.

Dated:  **April 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE