UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIVIL RIGHTS DEPARTMENT,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC.,<br><br>Defendant. | No. 2:21-cv-01552-DAD-AC<br><br>ORDER GRANTING THE PARTIES' REQUEST TO STAY THIS ACTION<br><br>(Doc. No. 165) |

On October 17, 2025, the parties filed a joint stipulation to stay this action pending completion of private mediation. (Doc. No. 165.) In their stipulation, the parties represent that they are currently "in the process of selecting a mutually agreeable mediator" but "anticipate participating in mediation as soon as possible[.]" (*Id.* at 2.) The parties also represent that "it would best serve judicial economy for the Court to stay the present action in all respects, with the exception of permitting the filing of [defendant] Grimmway's Section 1292(b) motion" seeking to certify the court's September 19, 2025 order on summary judgment for interlocutory appeal. (*Id.*)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with

1  economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S.
2  at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023).  Deciding whether to
3  grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which
4  must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842.  A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

The court concludes that the possible damage which may result from the granting of a stay here is minimal in light of the parties' stipulation.  Furthermore, the court concludes that "the orderly course of justice," *CMAX*, 300 F.2d at 268, and considerations of "economy of time and effort for [the court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, weigh strongly in favor of staying this action given the possibility for speedy resolution of this action through private mediation. *See St. Paul Fire & Marine Ins. Co. v. Kinsale Ins. Co.*, No. 1:20-cv-00967-CDB, 2025 WL 2161182, at *2 (E.D. Cal. July 30, 2025) (finding good cause for a stay in light of the parties' stipulated request for it until the parties completed mediation).

Accordingly, the parties' joint stipulation to stay this action (Doc. No. 165), with the exception of permitting defendant to file its anticipated motion pursuant to 28 U.S.C. § 1292(b), is GRANTED.  The parties shall file a joint status report within 90 days from the date of entry of

/////
/////
/////

this order, and every 90 days thereafter, informing this court as to the status of their private mediation.

    IT IS SO ORDERED.

Dated: __October 21, 2025__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3